# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION,

## (In and for COUNTY OF RIVERSIDE, RIVERSIDE COURTHOUSE)

FILED
CLERK, U.S. DISTRICT COURT
07/03/2025
CENTRAL DISTRICT OF CALIFORNIA
BY _____ AP _____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

IN RE: SWM2402170

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE, SOUTHWEST JUSTICE CENTER, et., al.,

HON. STEPHEN GALLON,

HON. JOHN M. MONTEROSSO,

DEPUTY DISTRICT ATTORNEY ESTELLA MASSEY,

(In Their Official Capacities)

        Respondent(s),

    -vs-

MICHAEL ANDREW CAREY et., al.,

        Petitioner(s),

---

VERIFIED PETITION FOR WRIT OF PROHIBITION TO RESTRAIN STATE COURT PROCEEDINGS TAKEN IN EXCESS OF JURISDICTION AND CONSTITUTIONAL DUE PROCESS VIOLATIONS; WITH REQUEST FOR EX PARTE DECLARATORY RELIEF AND TEMPORARY RESTRAINING ORDER;

[Filed Pursuant to 28 U.S.C. § 1331 (Federal Question); 28 U.S.C. § 1343 (Civil Rights Jurisdiction); 28 U.S.C. § 1651 (All Writs Act)]

      CASE NO.  5:25-cv-01682-SPG(MAR)

      DEPT. NO.

      HEARING DATE:

      HEARING TIME:

---

# VERIFIED PETITION FOR WRIT OF PROHIBITION TO RESTRAIN STATE COURT PROCEEDINGS TAKEN IN EXCESS OF JURISDICTION AND CONSTITUTIONAL DUE PROCESS VIOLATIONS; WITH REQUEST FOR EX PARTE DECLARATORY RELIEF AND/OR TEMPORARY RESTRAINING ORDER

**(See full body of petition and Appendix for supporting facts, case law, and constitutional references.) (inclusively mentioned)**

**SECTION I: VERIFIED AFFIDAVIT OF SPECIAL APPEARANCE AND JURISDICTIONAL OBJECTION**

I, Michael-Andrew: Carey, Petitioner, appearing specially and not generally, submit this Verified Affidavit under penalty of perjury under the laws of the United States and the State of California. I am a natural man, competent to testify, of majority age and sound mind, acting on firsthand personal knowledge of the facts stated herein.

Petitioner expressly reserves all constitutional, statutory, and equitable rights and remedies, including without limitation, the right to redress under 42 U.S.C. § 1983 and 18 U.S.C. § 242, and objects to any presumption of jurisdiction not lawfully established by admissible evidence, proper service, verified complaint, lawful warrant and affidavit, and lawful arraignment. This special appearance is made in reliance on the protections afforded by the U.S. Constitution, federal law, and the California Constitution.

Petitioner further reserves all rights under UCC § 1-308 regarding compelled performance and compelled commercial liability and non-consensual jurisdiction.

Petitioner asks the Court to take judicial notice that he is without legal counsel, is not licensed to practice law, and his pleadings must be liberally construed. *See* Haines v. Kerner, 404 U.S. 519 (1972).

This Verified Petition is filed pursuant to 28 U.S.C. § 1651 (All Writs Act), and seeks extraordinary relief under inherent powers divested in Federal Courts when the state court is proceeding in excess of jurisdiction and in violation of Petitioner's rights under the First, Fourth,

Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; and corresponding rights under Article I, Sections 1, 2, 7, 13, 15, and 24 of the California Constitution.

As recognized by the U.S. Supreme Court in Chambers v. NASCO, Inc., 501 U.S. 32 (1991):

*"Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them... A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."* Id. at 43–45.

The judicial process in Case No. SWM2402170—now pending in the Superior Court of California, County of Riverside, SOUTHWEST JUSTICE CENTER—has been weaponized through unlawful prosecution, judicial misconduct, and the denial of fundamental constitutional rights. Petitioner attaches exhibits and sworn testimony hereto establishing a sustained deprivation of due process, equal protection, and access to a lawful tribunal. Federal intervention is warranted to prevent further irreparable harm and preserve the rule of law.

## SECTION II: JURISDICTION AND VENUE

This Court has original jurisdiction over this matter pursuant to:

- 28 U.S.C. § 1331 (Federal Question Jurisdiction): The claims arise under the Constitution and laws of the United States, including violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments;

- 28 U.S.C. § 1343(a)(3) and (a)(4) (Civil Rights Jurisdiction): This action seeks equitable relief for the deprivation of federally protected rights committed under color of state law;

- 28 U.S.C. § 1651(a) (All Writs Act): Authorizes federal courts to issue writs necessary or appropriate in aid of their jurisdiction under inherent powers.

Venue is proper in the United States District Court for the Central District of California, Eastern Division, under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in Riverside County, California.

## SECTION III: PARTIES

**Petitioner**

Michael-Andrew: Carey ("Petitioner") is a natural person and one of the People of the United States, appearing *in propria persona* by special appearance only, without waiver of rights, and without consent to jurisdiction not lawfully established. Petitioner brings this Verified Petition for Writ of Prohibition to safeguard his constitutional rights from ongoing judicial and prosecutorial overreach in conflict with the equitable protections safeguarded under the United States Constitution, substantive and procedural due process, and laws of the United States.

**Respondents**

1. Superior Court of California, County of Riverside, Southwest Justice Center, (hereinafter SUPERIOR COURT) named in its official capacity as the judicial forum through which the underlying unconstitutional proceedings are being conducted.

2. Hon. Stephen Gallon, in his official capacity as a judicial officer of the Superior Court of California, County of Riverside.

3. Hon. John M. Monterosso, in his official capacity as a judicial officer of the Superior
   Court of California, County of Riverside.

4. Deputy District Attorney Estella Massey, in her official capacity as a prosecuting
   attorney for the County of Riverside.

Each Respondent is sued in their official capacity only, and no personal-capacity claims
are asserted herein. Petitioner expressly reserves the right to amend this action or initiate
subsequent proceedings under 42 U.S.C. § 1983 or 18 U.S.C. § 242 for redress of constitutional
deprivations committed under color of state law to include JOHN DOE DEFENDANTS 1-10 not
listed therein.

**SECTION IV: ULTRA VIRES JUDICIAL ORDERS ISSUED WITHOUT AUTHORITY**

**A. Ultra Vires Judicial Acts and Absence of Lawful Authority**

Petitioner challenges the validity of rulings issued by Judges Stephen Gallon and John M.
Monterosso, which denied Petitioner's Motion to Suppress Evidence and Motion to Dismiss
(GALLON), and Motion to Show Cause (MONTEROSSO)—without making particularized
findings of fact based on actual lawful authority (See Appendix A-  and A-9 (entire documents))
and without issuing signed and sealed judicial orders in accordance with 28 U.S.C. § 1691 and
California Penal Code § 1538.5(i). (See Appendix C-1.1 through C-1.14).

These judicial acts consisted of vague, conclusory notations such as "motion denied," or
"I'm going to find probable cause, because you were argumentative" – citing (GALLON), and
"If there's absolutely no merit whatsoever to the motion that was filed at all, than as present in
this courtroom. – citing (MONTEROSSO),", devoid of legal rationale, evidentiary findings, or

record-supported reasoning. Such omissions not only obstruct meaningful appellate and federal review but also constitute ultra vires administrative acts—beyond the scope of lawful judicial authority—and are therefore void ab initio.

In Loper Bright Enterprises v. Raimondo, 22-451, 22-1219 (June 28, 2024), the U.S. Supreme Court reaffirmed the duty of courts to exercise independent legal judgment, expressly rejecting blind deference to agency (or as relevant to case SWM2402170, Law Enforcement  fficer s) interpretations not grounded in law. That principle applies equally here: the trial court adopted Officer Christian Flores' conclusory observations—such as "glossy eyes," "flushed face," and "argumentative demeanor"—as determinative of probable cause, without requiring any evidentiary substantiation. Prosecutor Estella Massey similarly failed to present admissible proof, yet continued prosecution with deliberate indifference to due process.

These judicial 'claims / orders   minute orders' violate Petitioner's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments, as well as California Constitution Article I, Sections 7(a), 15, and 24, by:

- Failing to establish jurisdiction by hearing or verified complaint and lawful arraignment;

- Denying suppression without findings of fact or written legal conclusions preserved on the court record in a meaningful capacity so as to allow opportunity for federal review;

- Refusing to enter any ruling under seal and signature of the clerk as mandated by federal law **28 U.S.C. § 1691** Seal and Teste of Process;

- Withholding judicial records relevant to federal review and appeal under the false pretext of *'confidentiality' (See Appendix D-3: Time Stamp 10:35 – 12:16)*;

- Denying access to exculpatory evidence (Review Video Appendix D-1: Dash Cam [extremely excessive alterations(Brady violations)]…) and procedural documents, including materials marked as confidential as expressed by clerks "Jane Doe 1" and "Jane Doe 2," in violation of **California Penal Code 1538.5**, due process, and equal access to the courts. (Review Video Appendices D-3, D-4: Clerk's Statements Part 1 and Part 2…);

These actions amount to judicial overreach and misconduct, and under well-established precedent, judicial immunity does not extend to acts taken in clear absence of jurisdiction or in a non-judicial capacity actions, such as administrative actions as a ministerial officer:

- *Forrester v. White*, 484 U.S. 219 (1988) – No immunity for administrative functions.

- *Mireles v. Waco*, 502 U.S. 9 (1991) – No immunity when acting without jurisdiction.

- *Carper v. Fitzgerald*, 121 U.S. 87 (1887) – Ministerial acts cannot be judicially cloaked.

- *People v. Zajic*, 88 Ill.App.3d 412 (1980) – Jurisdiction resides in the court, not the judge.

Accordingly, the orders or court minutes 'motion denials' issued by Respondents GALLON and MONTEROSSO fail the constitutional standard of due process, impartial adjudication, and judicial neutrality, and must be declared null and void as a matter of fact and law.

## SECTION V: PROSECUTORIAL AND JUDICIAL MISCONDUCT

### A. **Malicious Prosecution and Deprivation of Constitutional Rights**

Petitioner was unlawfully seized without probable cause, without a valid warrant, and without a constitutionally sufficient affidavit supporting the issuance of a warrant. Despite being

made aware of these foundational defects, Deputy District Attorney Estella Marie Massey continued to prosecute the matter with deliberate indifference to Petitioner's constitutional rights.

Officer Christian Flores violated Petitioner's rights by unlawful seizure and arrest and misclassified constitutionally protected speech—specifically, Petitioner's lawful inquiries regarding the purpose of his detention and disagreeing with Officer assumptions of intoxication—as "argumentative behavior," while relying on subjective and uncorroborated claims such as "glossy eyes," "flushed face," and "odor of alcohol" to fabricate probable cause. These assertions lack evidentiary foundation and are inadmissible at the motion to dismiss stage. (See *Day v. Taylor*, 400 F.3d 1272 (11th Cir. 2005).

The trial court, through GALLON, denied Petitioner's motion to suppress without findings of fact or legal conclusions placed on the official court record, rendering the rulings extrajudicial and constitutionally void, *(See Loper supra).* These actions violate the **Due Process Clause**, **California Penal Code § 1538.5(i) —** *Motion to Suppress Requirements***. Text (in relevant part):** "If a motion to suppress evidence is granted or denied in whole or in part, the court shall state **on the record the court's findings**, whether factual or legal, **and the reasons for the court's ruling**."

C**alifornia Rules of Court, Rule 4.111 —** *Criminal Pretrial Motions.* "The court must **rule on all pretrial motions**... The ruling must be made on the record, and if denied, **the grounds must be stated,**" and further justify issuance of a Writ of Prohibition.

Such conduct constitutes malicious prosecution and a deprivation of civil liberties protected by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and by Article I, Sections 1, 2, 7, 13, 15, and 24 of the California Constitution.

**B. Jurisdiction Improperly Assumed**

Petitioner properly and timely challenged the trial court's personal, subject-matter, and territorial jurisdiction – which can be challenged at any time, *(See Points 30-36 and Point 38 at Appendix A-4.19 through A-4.21).* Jurisdiction has never properly been established on the record despite my efforts to ensure jurisdiction is lawfully claimed and not presumed. MONTEROSSO inaccurately claimed Petitioner had been arraigned and received a complaint (See Video Appendix D-2: Show Cause... Time @ 1:24). Arraignment was, without informed consent and was waived by former counsel, unknowingly to Petitioner, which led to Petitioner's termination of all power of attorneys. (See Appendix A-3.1 and Appendix C-1.1 and Appendix C-1.6).

These omissions violate clear constitutional precedent. Furthermore, the proposed warrant is invalid as a matter of fact and law in accordance with the following:

- **Mincey v. Arizona, 437 U.S. 385 (1978)** — A warrant application must be supported by a sworn, detailed affidavit presented to a neutral magistrate. Probable cause requires objective, trustworthy facts suggesting a crime has been or is about to be committed. (*See also Carroll v. United States*, 267 U.S. 132 (1925).

  In this case, the arrest was premised on **subjective and unsubstantiated assertions**— including claims that Petitioner was "uncooperative," "aggressive," or "delaying the investigation" (*See* Appendix B-2.4, B-2.5)—which are directly **contradicted by video evidence** (*See* Dash Cam, Appendix D-1, timestamp 6:35–12:36). The footage shows Petitioner **calmly disputing the legality of the stop**, not interfering or displaying

aggressive behavior. No ticket was issued, and no **clear, articulable signs of intoxication** were identified to justify continued detention.

Additional controlling authority includes:

- *Bryant v. Avado Brands*, 187 F.3d 1271 (11th Cir. 1999) – Courts cannot act on conclusory allegations unsupported by admissible evidence.

- *Lozman v. City of Riviera Beach*, 713 F.3d 1066 (11th Cir. 2013) – Probable cause based on pretextual assertions violates the Fourth Amendment.

- **U.S. v. Hotal, 143 F.3d 1223 (9th Cir. 1998)** — The Ninth Circuit held that an arrest warrant must, either on its face or on the face of the supporting affidavit, **clearly, expressly, and narrowly specify the objective, particularized facts** that triggered its issuance. The warrant must demonstrate a constitutionally adequate basis for probable cause and may not rely on conclusory or vague assertions and subjective opinions. (Such as, that an individual is impeding an investigation simply because an officer cannot establish probable cause due to the absence of actual objective indicators of impairment which meet the probable cause standard under the Fourth Amendment).

In the instant case, the warrant referenced in Appendix B-1.1 through B-1.7 is **facially and procedurally defective**. It contains only a **rubber-stamped judicial signature**, rather than a wet-ink signature executed by a neutral and detached magistrate as required under *State v. Paulick*, **277 Minn. 140 (1967)**. Moreover, it fails to articulate **any clear, express, or narrowly tailored triggering events** supported by **objective facts**. Instead, it improperly classifies **subjective behavioral observations**—such as "glossy eyes" and "argumentative

demeanor" and "odor of alcohol"—as if they were objective indicators of probable cause. (See Appendix A-9.1 through A-9.11: Formal Objections (entire document, inclusive)).

Further compounding the constitutional defect, the warrant was not received or entered into the record within **48 hours of arrest**, violating **Gerstein v. Pugh**, 420 U.S. 103 (1975), and undermining any lawful pretense of timely judicial review.

Accordingly, the warrant is **invalid as a matter of fact and law** and cannot serve as the jurisdictional foundation for Petitioner's arrest or continued prosecution. (See Appendix A-9.1 through A-9.11: Formal Objections (entire document, inclusive)).

Because the trial court failed to meet even the minimum legal threshold necessary to establish lawful jurisdiction over Petitioner, all actions taken under that assumed authority are constitutionally invalid, void ab initio, and constitute an abuse of process. These actions resulted in the unlawful deprivation of liberty and violation of clearly established rights under color of law—initiated by arresting Officer Flores and perpetuated through and by the SUPERIOR COURT, GALLON, and MONTEROSSO, and MASSEY in deliberate disregard of due process.

---

### C. Ineffective Assistance of Counsel and Unauthorized Waiver of Rights

Without Petitioner's informed consent, Public Defender Jason L. Johnson improperly and without full disclosure waived Petitioner's arraignment, resulting in unlawful entry into proceedings that lacked foundational jurisdiction. This unauthorized act stripped Petitioner of meaningful comprehension and effective legal representation. (See Appendix C-1.1 and C-1.6) Also, (See Appendix A-9.1 through A-9.11: Formal Objections (entire document, inclusive)).

## SECTION VI: FAILURE TO ESTABLISH ELEMENTS OF LAWFUL PROCEEDINGS AND CONCLUSIONS

Petitioner asserts that the Trial Court has failed to satisfy the essential constitutional and procedural prerequisites necessary to exercise lawful jurisdiction. These omissions constitute structural defects that render the proceedings void and support the issuance of a Writ of Prohibition. The specific deficiencies are as follows:

1. Lack of Verified Prosecutorial Authority:

   The prosecution has not demonstrated a lawful appearance or substitution on behalf of the People of the State of California by verified delegation of authority, as required by statutory and constitutional standards.

2. Failure to Establish the Nature and Cause of the Proceedings:

   No competent evidence, formal arraignment, or valid notice has been entered into the record identifying the legal nature and cause of the alleged offense, as guaranteed by:

   o U.S. Const. amend. VI

   o Cal. Const. art. I, § 15

3. Jurisdictional Defects:

   The record fails to establish the Court's jurisdiction over Petitioner in any form, including:

   o Personal jurisdiction, due to the absence of probable cause or a legally sufficient warrant; and absence of a corpus delecti or actual injured party.

- o   Subject-matter jurisdiction, as no valid charging instrument has been introduced;

- o   Territorial jurisdiction, with no nexus established between the alleged offense and the forum.

4.   Absence of a Constitutionally Valid Warrant:

No bona fide arrest warrant has been entered into evidence that satisfies Fourth Amendment standards. Specifically, no warrant or supporting affidavit—signed in wet ink by a neutral and detached magistrate—which clearly articulates particularized and objective facts giving rise to probable cause supported by admissible evidence. (See Appendix B-1.1 through B-1.7.)

5.   No Judicial Order Compliant with 28 U.S.C. § 1691 authority:

The trial court has failed to issue a signed and sealed judicial order denying Petitioner's Motion to Suppress, as required by federal law. The absence of such an order deprives Petitioner of meaningful appellate and federal review—which substantiates this filing.

These cumulative failures violate both procedural due process and the substantive constitutional protections to which Petitioner is entitled. As the Supreme Court has long held:

- *Carper v. Fitzgerald*, 121 U.S. 87 (1887): Judicial acts must comply with fundamental legal procedures and derive authority from a court of competent jurisdiction.

- *People v. Zajic*, 88 Ill.App.3d 412 (1980): Jurisdiction vests in courts, not individual judges acting without lawful basis.

In light of these material defects, the proceedings in State court are arbitrary, unlawful, and constitutionally infirm. A Writ of Prohibition is warranted to prevent further irreparable harm and to preserve the integrity of the judicial process and the Rule of Law.

## SECTION VII: REQUESTED RELIEF

**WHEREFORE**, Petitioner respectfully requests that this Honorable Court grant the following relief in the interest of justice, due process, and judicial integrity:

1. **Reduction of Oral Rulings to Written Judicial Orders:**

   That the Court direct the issuance of formal, written orders reflecting its prior oral rulings on Petitioner's **Motion to Suppress** and **Motion to Show Cause**, with particularized findings of fact and conclusions of law, as required by **California Penal Code § 1538.5(i)**. Said orders should be signed, sealed, and entered into the record within five (5) court days. Such relief shall be GRANTED, irrespective of dismissal, to preserve potential claims for redress under 18 U.S.C. § 242.

2. **Judicial Notice of Record and Preservation for Review:**

   That the Court take judicial notice of all factual assertions, exhibits, and pleadings submitted herein and in related proceedings, and ensure that the complete record is preserved in full for **appellate and federal review**, including all transcriptions of every hearing to be made available on the court record for Petitioner's access, and to include past, present, and future video evidence (which the State court shall uphold Petitioner's right to video record proceedings for all public matter cases) and court minutes.

3. **Issuance of Sealed and Signed Judicial Order or Leave to File Independent Civil Action:**

That the Court issue a sealed and signed Writ of Prohibition confirming findings of fact and the current status of case SWM2402170, or in the alternative, grant **leave to file a civil action** for declaratory and injunctive relief under:

- o **28 U.S.C. § 1651** (All Writs Act),

- o **18 U.S.C. § 242** (Deprivation of Rights Under Color of Law), and

- o *Chambers v. NASCO*, 501 U.S. 32 (1991) (recognizing the Court's inherent power to redress abuse of process).

- o Petitioner further requests judicial authorization for **anonymous forensic testing** of biological evidence (i.e., independent blood-split analysis) via a neutral, disassociated laboratory, to preserve evidentiary integrity free of prosecutorial influence, laboratory perjury, or subsequent subornation influence.

4. **Dismissal With Prejudice:**

That all charges in the underlying case be **dismissed with prejudice** based on lack of probable cause, absence of a constitutionally valid warrant, lack of jurisdiction, and prosecutorial misconduct and judicial misconduct constituting material due process violations that have irreparably tainted the proceedings. (See Appendix A-9(entire doc.))

5. **Discharge and Expungement of Bonds and Judicial Records:**

That all surety bonds—whether appearance, bid, performance, payment, or the like—associated with the case be **discharged**, and that all public, private, and court records related to the matter be **sealed (accessible to Petitioner for redress) and expunged**, to prevent continued injury and reputational harm to Petitioner.

6. **Grant of Further Equitable Relief:**

That this Court grant any additional relief that is just, proper, and equitable under the circumstances, and that Petitioner expressly **reserves all rights to pursue redress in any competent judicial or administrative forum**, including but not limited to actions under **42 U.S.C. § 1983, 18 U.S.C. § 242**, or **other applicable federal civil rights statutes**.

**Respectfully submitted,**

VOID WHERE PROHIBITED BY LAW

The above aforementioned is true and complete and not misleading to the best of my knowledge.

Executed under pains of penalty and perjury according to the laws of the United Stated of America on this __3__ day of ___July___, 2025

Respectfully submitted,

/s/ _Michael-Andrew: Carey_        *All Rights Reserved UCC 1-308*
                                    *without Recourse*
                                    *without prejudice*

Michael-Andrew: Carey

32447 Whispering Glen Trail Wildomar, CA 92595

Michaelcarey1007@gmail.com

(951) 490-3275

# APPENDIX 1C:
# CITED POINTS AND AUTHORITIES

(Inclusive)

## I. United States Constitution

| Citation | Description | Page(s) Cited |
|---|---|---|
| U.S. Const. amend. I | Right to freedom of speech, redress of grievances | 2, 8, Appendix A-4.22 |
| U.S. Const. amend. IV | Protection against unreasonable searches and seizures | 2, 8, 10, Appendix A-4.22 |
| U.S. Const. amend. V | Protection against self-incrimination and deprivation of life, liberty, or property without due process | 2, 8, Appendix A-4.22 |
| U.S. Const. amend. VI | Right to be informed of nature and cause of accusation; right to counsel | 2, 8, 12, Appendix A-4.22 |
| U.S. Const. amend. XIV | Due process and equal protection under the law | 2, 8, Appendix A-4.22 |

## II. California Constitution

| Section | Right or Protection | Page(s) Cited |
|---|---|---|
| § 1 | Inalienable rights to liberty, privacy, and safety | 3, 8, Appendix A-4.22 |
| § 2 | Freedom of speech and press | 3, 8, Appendix A-4.22 |
| § 7 | Due process and equal protection | 3, 6, 8, Appendix A-4.22 |
| § 13 | Security against unreasonable searches and seizures | 3, 8, Appendix A-4.22 |
| § 15 | Rights of accused in criminal prosecutions | 3, 6, 8, 12, Appendix A-4.22 |
| § 24 | Rights retained by the people not limited by the Constitution | 3, 6, 8, Appendix A-4.22 |

## III. Statutory Authorities

| Statute | Subject Matter | Page(s) Cited |
|---|---|---|
| 18 U.S.C. § 242 | Prohibits deprivation of rights under color of law | 2, 5, 14, 15, 16, Appendix A-4.23 |
| 42 U.S.C. § 1983 | Civil rights cause of action | 5, 6, 13 |
| 28 U.S.C. § 1691 | All writs must be under seal and signed by the clerk | 5, 6, 13 |
| 28 U.S.C. § 1651 | The All Writs Act – empowers federal courts to issue necessary writs | 2, 4, 15 |
| Cal. Penal Code § 1538.5(i) | Governs motion to suppress; mandates public judicial findings to preserve appellate review | 5, 7, 8, 14 |

## IV. Procedural Rules

| Rule | Description | Page(s) Cited |
|---|---|---|
| FRCP 12(b)(1) | Federal Rule – Dismissal for lack of personal/subject-matter jurisdiction | Referenced in jurisdictional challenge (Appendix A-4.3 and A-9 (inclusively)) |
| CRCP 2.100 et seq. | California Rules of Court – Motion practice and pleadings | Referenced generally |
| California Rules of Court, Rule 4.111 | Criminal Pretrial Motions: ruling must be made on record and stated if denied | 8 |

## V. Case Law

## A. Due Process and Access to Courts

| Case | Holding | Page(s) Cited |
|------|---------|---------------|
| *Haines v. Kerner*, 404 U.S. 519 (1972) | Pro se litigants are entitled to liberal construction of their pleadings | 2, (Appendix A-4.27) |
| *Chambers v. NASCO*, 501 U.S. 32 (1991) | Federal courts have inherent authority to issue sanctions or writs | 3, 15 |

## B. Judicial Overreach and Immunity

| Case | Holding | Page(s) Cited |
|------|---------|---------------|
| *Loper Bright Enterprises v. Raimondo* (2024) | Courts must exercise independent judgment and not defer to unsupported agency interpretations | 6, 8, (Appendix A-4.28 through A-4.30), (Appendix A-9.1 through A-9.11 (inclusive)) |
| *Forrester v. White*, 484 U.S. 219 (1988) | No judicial immunity for administrative acts | 7, (Appendix A-9.1 through A-9.11 (inclusive)) |
| *Mireles v. Waco*, 502 U.S. 9 (1991) | No immunity when judge acts in clear absence of jurisdiction | 7, (Appendix A-9.1 through A-9.11 (inclusive)) |
| *Carper v. Fitzgerald*, 121 U.S. 87 (1887) | Judicial power must derive from court jurisdiction, not ministerial acts | 7, 13, (Appendix A-9.1 through A-9.11 (inclusive)) |
| *People v. Zajic*, 88 Ill.App.3d 412 (1980) | Jurisdiction vests in courts, not in individual judges acting outside lawful process | 7, 13, (Appendix A-9.1 through A-9.11 (inclusive)) |

## C. Probable Cause and Invalid Arrests

| Case | Holding | Page(s) Cited |
|------|---------|---------------|
| *Day v. Taylor*, 400 F.3d 1272 (11th Cir. 2005) | Disputed facts are inadmissible at motion to dismiss unless resolved through summary judgment | 8 |
| *Mincey v. Arizona*, 437 U.S. 385 (1978); *Carroll*, 267 U.S. 132 | Warrants must be supported by affidavit and probable cause | 9, (Appendix A- 4.36) |
| *U.S. v. Hotal*, 143 F.3d 1223 (9th Cir. 1998) | Arrest warrant must detail objective, particularized facts establishing probable cause | 10, (Appendix A-4.39) |
| *State v. Paulick*, 277 Minn. 140 (1967) | Warrantless searches must meet constitutional standards based on objective evidence | 11, (Appendix A-4.39) |
| *Gerstein v. Pugh*, 420 U.S. 103 (1975) | Prompt judicial determination of probable cause is required for continued detention after arrest | 11, (Appendix A-4.27) |

## D. Jurisdiction and Proper Process

| Case | Holding | Page(s) Cited |
|------|---------|---------------|
| *Bryant v. Avado Brands*, 187 F.3d 1271 (11th Cir. 1999) | Court cannot accept conclusory statements without admissible evidence | 10 |
| *Lozman v. City of Riviera Beach*, 713 F.3d 1066 (2013) | Probable cause insufficient when based on pretextual assertions | 10 |
| *Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130 (1982) | Jurisdiction waivers must be informed and express | Appendix A-9.1 through A-9.11 (inclusive)) |
| *Johnson v. Zerbst*, 304 U.S. 458 (1938) | Waiver of constitutional rights must be knowing, voluntary, and intelligent | (Appendix A-9.1 through A-9.11 (inclusive)) |

# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION, (In and for COUNTY OF RIVERSIDE, RIVERSIDE COURTHOUSE)

**In Re CASE NO.: SWM2402170**

**ORDER GRANTING WRIT OF PROHIBITION**

This matter came before the Court on the verified petition of **Michael-Andrew: Carey**, Petitioner, for a **Writ of Prohibition** restraining the Superior Court and the Hon. Stephen Gallon and Hon. John M. Monterosso and Deputy District Attorney Estella Massey from proceeding in excess of jurisdiction.

Having reviewed the pleadings, exhibits, affidavits, and legal authorities cited therein, and good cause appearing, the Court hereby FINDS and ORDERS as follows:

1. That the Trial Court lacked valid personal, subject, and subject matter jurisdiction due to the absence of a bona fide warrant, affidavit in support of warrant, or verified complaint supported by admissible evidence; Therefore all subsequent evidence must be suppressed.

2. That all prior orders issued by Judges GALLON and MONTEROSSO and others were issued without proper findings of fact, legal conclusions, memorandum of law, or certification under seal of the court and are thus **void ab initio**;

3. That Petitioner's constitutional rights under the U.S. Constitution and California Constitution were materially, substantively, and procedurally violated;

4. That the Writ of Prohibition is hereby **GRANTED**, and all proceedings in Case No. SWM2402170 are hereby **DISMISSED WITH PREJUDICE AND WITHOUT RECOURSE**;

5. That any and all related bonds are hereby **DISCHARGED**, and records of the case shall be **sealed and expunged** forthwith;

6. That this Honorable Court compels the trial court and prosecuting agency to preserve and produce all **exculpatory evidence** pursuant to *Brady v. Maryland*, including **complete, unaltered dash cam and Body-Worn-Audio-Systems and MVARS footage**— beginning no less than one (1) minute prior to initial officer contact—free from edits, redactions, time cuts, or audio distortions, to allow full review of the totality of circumstances underlying the traffic stop, arrest and seizure of Petitioner's body.

7. That this Honorable Court compels by order, the trial court to authorize immediate access to the retained **blood sample** for **independent forensic testing** by a neutral laboratory of Petitioner's choosing, without requiring disclosure of case identifiers or Petitioner's identity—thereby preserving evidentiary integrity and preventing prosecutorial influence, laboratory perjury, subornation of perjury, or other evidential tampering.

8. Petitioner reserves all rights, including the right to seek redress from legal abuse, and officer misconduct, and malicious prosecution, and judicial misconduct and the like.

9. That this Court grant any further relief deemed just and proper under the laws of equity and the United States, including relief related to *Brady* obligations and Petitioner's sworn claims as supported by the filings and Exhibit Appendices submitted to this Court.

10. That this Order shall take effect immediately.

IT IS SO ORDERED.

Dated: _____, 2025     _____
JUDGE OF THE UNITED STATES CENTRAL
DISTRICT COURT OF CALIFORNIA,
EASTERN DIVISION, IN AND FOR THE
COUNTY OF RIVERSIDE, CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION,

## (In and for COUNTY OF RIVERSIDE, RIVERSIDE COURTHOUSE)

| | |
|---|---|
| In Re SWM2402170: | In Re SWM2402170: EXHIBIT APPENDIX |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE, SOUTHWEST JUSTICE CENTER, et., al., | IN SUPPORT OF – VERIFIED PETITION FOR WRIT OF PROHIBITION TO RESTRAIN STATE COURT PROCEEDINGS TAKEN IN EXCESS OF |
| HON. STEPHEN GALLON, | JURISDICTION AND CONSTITUTIONAL DUE |
| HON. JOHN M. MONTEROSSO, | PROCESS VIOLATIONS; WITH REQUEST FOR EX |
| DEPUTY DISTRICT ATTORNEY ESTELLA MASSEY, | PARTE DECLARATORY RELIEF AND |
| (In Their Official Capacities) | TEMPORARY RESTRAINING ORDER |
| Respondent(s), | |
| -vs- | CASE NO. |
| MICHAEL ANDREW CAREY et., al., | DEPT. NO. |
| Petitioner(s), | HEARING DATE: |
| | HEARING TIME: |

## In Re SWM2402170: EXHIBIT APPENDIX

## IN SUPPORT OF WRIT OF PROHIBITION

## TO RESTRAIN SUPERIOR COURT FROM PROCEEDING IN EXCESS

## OF JURISDICTION AND DUE CONSTITUTIONAL PROCESS

## VIOLATIONS (inclusively mentioned)

Petitioner Michael-Andrew: Carey, appearing specially and without waiving any rights, respectfully submits the following Exhibits in support of this Verified Petition for Writ of Prohibition. These exhibits collectively establish clear and ongoing violations of Petitioner's constitutional rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Article I, Sections 1, 2, 7, 13, 15, and 24 of the California Constitution; and statutory protections codified in California Penal Code § 1538.5(i) – mandating judicial determinations denying a motion to suppress to be placed on the court record – upholding the right of individuals to federal review. The violations demonstrated herein include the deprivation of due process, denial of equal protection, obstruction of meaningful access to the courts, and the failure of the state to provide a lawful forum or competent tribunal. These deprivations are further substantiated by controlling federal precedents cited within and incorporated by reference, each forming a constitutional and jurisdictional basis for the Writ of Prohibition and Declaratory relief sought in this Court.

VOID WHERE PROHIBITED BY LAW

The documents produce hereinunder are true and complete and not misleading to the best of my knowledge. Executed under pains of penalty and perjury according to the laws of the United Stated of America Executed on this __3__ day of ____July____, 2025

Respectfully submitted,

/s/ Michael-Andrew: Carey

_All rights reserved UCC 1-308_
_without Recourse_
_without Prejudice_

Michael-Andrew: Carey

32447 Whispering Glen Trail Wildomar, CA 92595

michaelcarey915@yahoo.com

# Table of Appendices (Filed in Support of Petition for Writ of Prohibition)

| Appendix | Title | Entire Document Page Range |
|---|---|---|
| **Appendix A** | Appendix A (inclusive): Chronology of Pro Per Case Filings — From Initial Petition to Present Proceedings, (Proofs of Service Omitted for Brevity) | Pages... 29–129 |
| A-1 | Special Appearance Notice, Judicial Notice Indicating Frivolous and Erroneous Prosecution | Pages... 29–39 |
| A-2 | Formal Motion for Discovery — Rejected for Filing by Clerk and Improperly Marked "Received" Without Docket Entry, Hindering Access to Evidence and Due Process | Pages... 40–43 |
| A-3 | Termination of All Past, Present, and Future Power of Attorney | Pages... 44–45 |
| A-4 | Jointly Filed Motion to Suppress Evidence and Motion to Dismiss — With Supporting Affidavit and Testimonial Record Asserting Constitutional Violations | Pages... 46–85 |
| A-5 | Exhibit List and Witness List and Definitions | Pages...86–100 |
| A-6 | Notice To VIDEO Record My Proceedings | Pages... 101-102 |
| A-7 | Motion to Show Cause and Formal Demand for Redress — Asserting Malicious Prosecution Carried Out Without Lawful Jurisdiction, With Proper Arraignment Notice Under 18 U.S.C. § 242 | Pages... 103–114 |
| A-8 | Request for Continuance Due to Medically Verified Surgical Impairment — Preventing Meaningful Participation and Effective Exercise of Due Process Rights | Pages... 115–117 |
| A-9 | Formal Objection to Void Judicial Order and Constitutionally Defective Findings of Fact — Entered In Absentia and Unsupported… | Pages... 118–129 |

| Appendix | Title | Entire Document Page Range |
|---|---|---|
| **Appendix B** | Provided Validation of Arrest (legally deficient)]: Constitutionally Defective Warrant, Arrest Report, — Demonstrating a Complete Lack of Probable Cause and Violations of the Fourth, Fifth, and Fourteenth Amendments, Rendering the Arrest Unlawful…, | Pages... 130–145 |
| B-1 | Constitutionally Defective Search Warrant, Affidavit, and Return —Legally Insufficient on Its Face for Failing to Establish Probable Cause Based on Clearly Articulated, Objective, and Narrowly Defined Triggering Events Required …, | Pages... 130–138 |
| B-2 | Arrest Report Containing Perjured Officer Statement and Improper Elevation of Subjective Observations to Objective Indicators — Falsely Alleging Refusal of Field Sobriety Test in Violation of Due Process…, | Pages... 139–145 |
| **Appendix C** | Certified Court Minutes and Judicial Orders of Record — Entered in Case No. SWM2402170 as Evidence of Procedural Irregularities…, **(C-1.1 through C-1.14)** | Pages... 146–160 |
| **Appendix D** | Electronically Submitted Video Evidence — Documenting Constitutional Violations, Judicial Irregularities, and Statutory Noncompliance, | Page... 161 (Table Page Only – Files Electronically Submitted) |
| D-1 | Dash Cam Footage — Demonstrating Pretextual Stop, Brady Violations, and Unlawful Seizure in Violation of Fourth and Fourteenth Amendment Protections, | Electronically Submitted |
| D-2 | Motion to Show Cause Hearing Recording —Evidence of Rush to Judgment and Denial of Petitioner's Right to Be Heard in a Meaningful Manner, | Electronically Submitted |
| D-3 | Video Evidence – Clerk's Statement (Part 1) —Violation of Cal. Penal Code § 1538.5(i) Regarding Suppression Hearing Findings, | Electronically Submitted |
| D-4 | Video Evidence – Clerk's Statement (Part 2) — Continuation of § 1538.5(i) Violation and Administrative Irregularities, | Electronically Submitted |
| D-5 | Video Evidence – Clerk's Post-Objection Statement— Ongoing Noncompliance With Judicial Record-Keeping and Suppression Order Protocols | Electronically Submitted |

A-1: Special Appearance Notice, Judicial Notice Indicating Frivolous and Erroneous Prosecution

RECEIVED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 18 2024

Michael Carey, Sui Juris

32447 Whispering Glen Trail

Wildomar, CA, 92595

951-490-3275

Michaelcarey915@yahoo.com

11/14/2024

### IN THE SUPERIOR COURT OF CALIFORNIA,

### COUNTY OF RIVERSIDE, SOUTHWEST JUSTICE CENTER

**Michael Carey,**

**Defendant/ Respondent,**

*Duly address /Forward to:*
*Judge Harry M. Elias, Presiding*
*Tim Cross, District Attorney*

**v.**   THE PEOPLE OF THE STATE
OF CALIFORNIA,

**Plaintiff/Petitioner/Injured Party**

**Case No.: [** SWM2402170 **]**

*Special Appearance Notice, Jurisdictional Challenge, Judicial Notice indicating*

*frivolous and erroneous prosecution, and counter allegations of lack of due diligence*

*and due consideration by the prosecuting party.*

For the record, my name is Michael Carey, the living man. I am not the entity known as

MICHAEL CAREY who is the Defendant in error, the artificial person. I am here on special

appearance, under threat of arrest and coercion to challenge subject matter jurisdiction

and personal jurisdiction as well. I do not understand the nature and the cause of the

charges against me. It is my knowledge and belief that the charges pending against me are

false, fabricated, and erroneous in accordance with the facts from the evening of the arrest

as well as the prosecutions own evidence which contradicts itself in fact. It is my belief and

understanding that the prosecution's claims have no merit and that I was unlawfully

arrested without probable cause due to minor swerving within the white lines, which was

not impairment related and is a traffic infraction at worst. Traffic violations are not a crime

according to Whren v. United States 517 U.S. 806 (1996). As such I demand all charges

against me be dismissed with prejudice for lack of probable cause, immediately.

### *Validity of the Court and Venue and Demand for Disclosure*

1. ***I do not understand the nature of this Court or its venue and the jurisdictional
   capacity it operates under.***

   - *It is my understanding that this proceeding does not constitute a court under the
     **Constitution of the United States** or **Congressional Authority** as outlined in
     **Article III** of the U.S. Constitution. Instead, this proceeding appears to be overseen
     by a **commissioner** rather than a duly appointed Article III judge or court of record.*

2. The Constitution grants us two separate criminal jurisdictions, one is under the
   Constitutional Authority vested in Article III known as criminal jurisdiction under
   **Common Law**, the other jurisdiction is under criminal jurisdiction of Admiralty or
   Military Tribunal Venue from Article 1, Section 8 Clause 17 of the Constitution which
   falls under **statutory authority** or **commercial capacity**. I need to know which of
   these two Jurisdictions this Court intends to try me. It is very important. Because the
   two jurisdictions operate very differently, the Rules of Civil Procedures are done very
   differently between the two Jurisdiction.  ***As such, I demand to be tried under***

*Common Law Jurisdiction as is my Due Process Fourteenth Amendment Right*

*supported and affirmed by Hurtado v. California, 110 U.S. 516 (1884) and*

*Marbury v. Madison, 5 U.S. 137, (1803).*

### Key Laws and Case References

1. California Rule of Civil Procedure 12(b)(1) and 12(b)(6)

   - Governs the challenge to jurisdiction and failure to state a claim, allowing

     Defendant to make a special appearance solely for this purpose.

2. Miranda v. Arizona, 384 U.S. 436 (1966)

   - Establishes that any statement or action taken under compulsion or

     coercion is invalid, reinforcing that information given involuntarily should not

     be construed as consent.

   - Miranda Rights were never read to Defendant by the arresting party.

3. *Ex Parte Young, 209 U.S. 436 (1908) and Clearfield Trust Co. v. United States 318*

   *U.S. 363-371 (1942)*

   - Affirms the right to challenge authority that exceeds lawful bounds,

     emphasizing that jurisdiction should not be conceded unless lawfully

     established.

   - Affirms that no contract exists obligating citizens to the jurisdiction of lower

     courts. The Supreme Court is the Law of the Land.

4. Blacks Law Dictionary (Definition of "Mind")

   - "Mind" is defined as the capacity to will, direct, permit, or assent,

     highlighting that any act requiring mental assent (such as signing or agreeing)

must be voluntary and free of coercion (*McDermott v. Evening Journal Ass'n 43 N.J.L. 492, 39 Am.Rep, 606.)*

5. California Constitution, Article 1, Section 7

- Ensures that no person shall be deprived of life, liberty, or property without due process of law or denied equal protection of the laws, protecting against coercive or involuntary actions (I.G., unlawful arrests due to lack of probable cause and failure to acknowledge full faith and credit case laws).

6. 42 U.S.C. 1983- Civil Action for Deprivation of Rights

### *Preemptive Rebuttals Protecting My Rights and Challenging Jurisdiction.*

1. I respectfully challenge jurisdiction of this court as is my right under Article III, Section 2 of the U.S. Constitution, which limits judicial power to actual controversies with an injured party.

2. I am not an enemy of the state, and any attempt to classify me as such is without merit or lawful basis.

3. I assert my right to due process and equal protection under the Fifth and Fourteenth Amendments, and I do not waive these rights, or any other unalienable or natural rights established under the Bill of Rights or Constitution of the United States at any time. I do not waive any rights of civil procedures and do not consent to any of the 12 presumptions of Court. I do not consent to surety.

4. **Reservation of Rights:** I hereby reserve all rights under **UCC 1-308** (previously **UCC 1-207**) to ensure that my appearance does not constitute a waiver of any rights, including the right to challenge jurisdiction and seek redress for any actions taken without lawful authority. I reserve my right not to be compelled to perform under any contract or commercial agreement that I did not enter-into knowingly, voluntarily, or intentionally. And furthermore, I do not accept any liability of the compelled benefit of any unrevealed contract or commercial agreement. I reserve my right to deny criminal jurisdiction of Nisi Prius Court/ admiralty-maritime law, military tribunal venue established under Article 1, Section 8, Clause 17 of the Constitution and acknowledge Court proceedings for this matter under Criminal Jurisdiction of Common Law in accordance with Article III, Section 2, Clause 1.

5. As protected by the First Amendment, I am exercising my right to petition this court, which is a fundamental freedom under the United States Constitution.

6. Under The California Constitution, Article 1, section 31, I have the right to exercise my freedoms without undue burden or discrimination by any government entity.

7. My appearance here is voluntary but is done under duress and coercion of threat of arrest and does not imply consent to statutory jurisdiction, as I retain my rights under Miranda v. Arizona, 384 U.S. 436 (1966) to understand and challenge any proceedings against me.

8. I acknowledge any request for my name and date of birth solely for identification, not for consenting to this court's jurisdiction beyond my special appearance.

**Case Laws Submitted to acquit and exonerate Defendant of all charges due to lack of**

**probable cause at the point of arrest, making any erroneous evidence submitted by**

**the court thereafter moot. All listed Case Laws are supported by the Full Faith and**

**Credit Clause, Article IV, Section 1 of the U.S. Constitution in Conjuncture with the**

**Supremacy Clause, Article VI, Clause 2.**

**Article IV, Section 1: "Full Faith and Credit shall be given in each State to the public**

**Acts, Records, and judicial Proceedings of every other State." Shall be subject to**

**courts of competent jurisdiction such as: Appellate Courts, State Supreme Courts,**

**and District Courts when Constitutionality is not in dispute.**

**Purpose of the Full Faith and Credit Clause: To ensure that judgements are**

**dependable across the country. To prevent states from having different judgements on**

**the same issue. To prevent individuals from relitigating issues in other states.**

Beginning with *State v. Taylor, 3 Ohio App. 3d. 197,198 (1981),* Ohio has a long line of cases

specifically stating that the odor of alcohol (even when combined with other factors) does

not provide probable cause to make an arrest.

In one of the more recent cases, *State v. Segi, No.18267 (Ohio App. District 2)*, dated

August 18, 2000**, the arresting officer testified that the defendant Segi was arrested**

**because he crossed the white line edge marker three times, he admitted to consuming**

**alcohol, and had a "strong odor" of alcohol about him.** Reversing the trial court's denial

of Segi's motion to suppress, the Ohio Appellate Court states:

"Odor of an alcoholic is insufficient, by itself, to trigger a reasonable suspicion of DUI, and nominal traffic violations, being common to virtually every driver, add nothing of significance... The law prohibits drunken driving, not driving after a drink... Smelling too drunk to drive, without other reliable indicia of intoxication is not enough to constitute probable cause to arrest."

The Supreme Court of Missouri found in, *Missouri v. McNeely 358 S. W. 3d 65*, "The State Supreme Court affirmed, relying on *Schmerber v. California, 384 U.S. 757*, in which this Court upheld a DWI suspect's warrantless blood test where the officer "might reasonably have believed that he was confronted with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened 'the destruction of evidence,' "id., at 770. This case, the State Court found, involved a routine DWI investigation where no factors other than the natural dissipation of blood alcohol suggested that there was an emergency, and, thus, the nonconsensual warrantless test violated McNeely's right to be free from unreasonable searches of his person. *Held*: The judgement is affirmed. 358 S. W. 3d 65, affirmed.

The Court of Appeals of Alaska has stated this fact situation much more succinctly: "The mere odor of alcohol about a driver's person.... maybe indicia of alcohol ingestion, but is no more a probable indication of intoxication than eating a meal is of gluttony." *Saucier v. State, 1994. Ak. 24, 869 P. 2nd 483 (1994).*

Wyoming likewise has differentiated between drinking and driving and drunken driving. In *Keehn v. Town of Torrington, 834 P. 2nd 112, (Wyo. 1992)*, a case very similar to the immediate case of Defendant Carey. The Wyoming Supreme Court states:

"A third legal reality worth noting is that it is lawful in Wyoming as in other states, to drink and drive safely. Wyo. Stat. §31-5-233 (June, 1989). A peace officer may not arrest an individual for DWUI merely because it is late at night and, during an unrelated traffic stop, the officer detects the odor of alcohol. Rather the peace officer must have probable cause to believe the individual has actual physical control of a motorized vehicle while legally intoxicated."

(Note: The prosecution has cited no case in which an odor of alcoholic beverage, without more, has been held to constitute probable cause to believe a person is under the influence of intoxicating liquor. There exists no such case in California).

Wisconsin recently affirmed a long line of cases beginning with *State v. Swanson, 164 Wis. 2d 437 (1991)*, that held that the odor of alcohol, even when combined with other indicia of intoxication, "may add up to a reasonable suspicion, but not probable cause." *State v. Hanson, No. 99-0920 (Wis. App. 03/16/00)*

The legal definition of "under the influence" in accordance with **CALCRIM No. 2110-Driving Under the Influence (Veh. Code, § 23152(a), (f), (g))** is: A person is under the influence if, as a result of (drinking [or consuming] an alcoholic beverage/ [and/or] taking a drug), his or her mental or physical abilities are so impaired that he or she is no longer able

to drive a vehicle with the caution of a sober person, using ordinary care, under similar circumstances. **The manner in which a person drives is not enough by itself to establish whether the person is or is not under the influence** of (an alcoholic beverage/ [or] a drug) [or under the combined influence of an alcoholic beverage and a drug]. However, it is a factor to be considered, in light of all the surrounding circumstances, in deciding whether the person was under the influence.

### Conclusion

There can be no doubt, that the prosecution and the arresting officer have failed in their duty to submit substantial evidence indicative to establishing probable cause in accordance with the Law at the time of arrest. No statement of motor function impairment was presented in the arresting officer's police report. A false claim that Defendant refused the FST's can be found inaccurate by simply doing 'due diligence and due consideration' by observing the MVARS audio of the entire stop from point of contact at the window, to the point of arrest/ (alleged kidnapping) of Defendant in the back of the CHP cruiser. Failure by the prosecution to do its due diligence before levying serious accusations against a law-abiding citizen with no prior criminal record is cause for counter claims of frivolous and erroneous prosecution. Furthermore, the alleged .09 BAC by the prosecution is erroneous and should be retested and reaffirmed to match Defendants blood who is hereby willfully consenting to give blood for verification purposes of a blood split order for retesting. As the prosecution is levying the allegations, the obligation of due diligence falls on the

prosecuting party to be responsible for all financial burdens to gather evidence to

indemnify the Defendant and ensure said evidence has not been tampered with or subject

to human or machine error. Failure to do so, combined with the continuance of this

prosecution will require an affidavit of due diligence from the prosecution affirming all

evidence has been checked for validity and an acceptance of suretyship by all prosecuting

members. **Defendant hereby gives legal notice** to claim the bonds of all persons involved

in a wrongful prosecution upon the finding of a "Not Guilty" verdict due to failure to

establish probable cause at the time of arrest, or failure to prove beyond a reasonable

doubt that Defendant was "so impaired" that his mental and physical capacity was

affected by the effects of an intoxicate liquor making him unable to properly operate his

auto-mobile with the regular functions of a non-intoxicated individual.

Appendix A- 2:  Formal Motion for Discovery — Rejected for Filing by Clerk and Improperly Marked "Received" Without Docket Entry, Hindering Access to Evidence and Due Process

**A-2.1**

1  Michael Carey
2  32447 Whispering Glen Trail
   Wildomar, CA, 92595
3  951-490-3275
4  Fax Number: N/A
   michaelcarey915@yahoo.com
5  Michael Carey           , IN PRO PER
6
7
8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                    **FOR THE COUNTY OF RIVERSIDE**
10
11  THE PEOPLE OF THE STATE OF          )   Case No.: SWM2402170
    CALIFORNIA,                         )
12                                      )   **MOTION OF FORMAL REQUEST FOR**
                                        )   **ALL AVAILABLE DISCOVERY**
13                                      )
14                          Plaintiff(s),  )
                                        )
15              vs.                     )
                                        )
16  Michael Carey                       )
                                        )
17                                      )   DATE: 11/20/2024
                                        )   TIME: 7:30AM
18                                      )   DEPT: S104
                          Defendant(s).  )
19  _____)
20  INCIDENT REPORTS: The reports prepared by the arresting officer(s)/ supervisors.
21  STATEMENTS: Transcribed Copies of the defendant's statements to the arresting officer, and
22  audio/video recordings of those investigatories or statements.
23
24  WITNESS INFORMATION: Names, contact information, and badge number identifiers of all
25  arresting officers present during detainment/arrest and the Supervisor/ Sergeant who made contact
26  with Defendant at the intake center. The Sergeant's presense was requested during detainment.
27  RECORDS: The Defendant's DMV driving record or rap sheet and criminal record.
28

                MOTION OF FORMAL REQUEST FOR ALL AVAILABLE DISCOVERY

EVIDENCE: Defendant requests full disclosure and transparency in this request to produce the following evidence unredacted and not suppressed to ensure transparency for a fair trial. Video/Audio of the entire contact leading to the arrest by way of the arresting officers: cruiser DVD-based in-car camera system, Body Worn Camera's, and Mobile Video/Audio Recording Systems (MVARS) of the entirety from initial contact with Defendants automobile, pacing, surveillance, initial stop, detainment, field testing, arrest, and processing of Defendant. Defendant requests a seperate file of the above mentioned for the search of Defendants automobile that occurred after the arrest from the vehicle searching parties' video/audio components listed above. This request is to ensure vital evidence discovered or not discovered during the search is provided to the Defendant in reliable form. Defendant declares that all requested unredacted and not suppressed evidence is of extreme importance to a fair/honorable trial.

CALIBRATION AND MAINTENANCE RECORDS FOR: Any/ All Breathalyzer machines, preliminary alcohol screening devices, and Gas Chromatographs used in this case.

RECORD FILE FOR NAME, CONTACT NUMBER, AND QUALIFICATIONS OF: the Phlebotomist responsible for the blood draw and the Toxicologists responsible for the chemical blood testing and an affidavit under penalty of perjury from the responsible Toxicologist validating the authenticity of the blood test and due dilligence of accuracy is requested to ensure lawful validity and admission of the BAC into evidence. Both may be called as a potential witness.

CHAIN OF CUSTODY INFORMATION: Information about the chain of custody for blood samples. An accounting of all transactions involving the movement or exchanging of custody of Defendant's blood sample used in this case.

MOTION OF FORMAL REQUEST FOR ALL AVAILABLE DISCOVERY

POLICE RADIO DISPATCH COMMUNICATIONS: Communications from police radio dispatch from the point of initial contact with Defendants automobile through the completion of the arrest.

ROLLING LOG: A log of every evaluation conducted by a Drug Recognition Expert (DRE)

ANY SECONDHAND WITNESS REPORTS: Reports made by any possible Second hand witnesses in the matter.

PHOTOS OF ANY DAMAGES CAUSED BY DEFENDANTS OPERATION OF HIS AUTOMOBILE: Include any photos of damages done to any parking structure, parking spot, property, or persons detailed in the arrest report. Include any pictures of the automobiled parked before it was towed by the towing company to protect the arresting party from possible damage claims that occurred from the tow company responsible.

I affirm that the aboved requested information is requested in good faith and for the sole purpose to provide evidence that gives vital records,visual, and audio proof that may be undisputable in discovering the facts that occurred before, during, and after the arrest. All requests are deemed by the undersigned as vital and of absolute necessity to the right to unsuppressed evidence for Defendants due process and to understand the nature and cause of the complaint for case SWM2402170.

DATED: Nov 20, 2024

Michael Carey

TYPE YOUR NAME
In Pro Per

MOTION OF FORMAL REQUEST FOR ALL AVAILABLE DISCOVERY

# Appendix A-3: Termination of All Past, Present, and uture Power of Attorney

Michael Andrew Carey                                    22 January 2025
32447 Whispering Glen Trail
Wildomar, CA 92595
(951) 490-3275
Michaelcarey915@yahoo.com

State Bar: PUBLIC DEFENDERS OFFICE, SOUTHWEST JUSTICE CENTER
Attorneys Name: Jason Johnson
Address: 30755-D Auld Road                    F I L E D
Murrieta, CA 92563                           SUPERIOR COURT OF CALIFORNIA
(951) 704-7097                                    COUNTY OF RIVERSIDE
jjohnson@rivco.org
                                             JAN 2 2 2025

Re: Case No.: SWM2402170

# TERMINATION OF POWER OF ATTORNEY

This document is to be entered into the court record and the private record and the public record as well as being entered into evidence at the earliest possible opportunity.

I hereby put all People and persons on legal and lawful NOTICE that I hereby void and terminate all past and present powers of attorney. This is to include all Lawyers and Attorneys and Barristers and Solicitors and Esquires and Guardian ad-Litems and Guardians and Counselors and the like, now and forevermore.

According to Corpus Juris Secundum Chapter 7 Section 4, Attorneys have a dual obligation, their first duty is to the courts and the public, only when those are satisfied, do they have a duty to the client. With that in mind, I will hold court in Persona Propria Sui Juris and I let all involved in this controversy know that I do not consent to the proceedings. I accept no benefit of the state.

I hope you will honor this demand and file a MOTION TO WITHDRAW in the court, so this decision becomes a matter of court record. Thank you in advance.

Michael Andrew Carey
32447 Whispering Glen Trail
Wildomar, CA 92595
(951) 490-3275
Michaelcarey915@yahoo.com

Appendix A-4:  ointly  iled
Motion to Suppress Evidence and
Motion to Dismiss — With
Supporting Affidavit and
Testimonial Record Asserting
Constitutional  iolations

**A-4.1**

1   Michael-Andrew: Carey

2   32447 Whispering Glen Trail

    Wildomar, CA 92595

3   951-490-3275

4   Defendant In Propria Persona Sui Juris

F I L E D

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 03 2025

5

6              IN THE SUPERIOR COURT OF CALIFORNIA,

7                    SOUTHWEST JUSTICE CENTER,

                          RIVERSIDE COUNTY,

8

9                                         CASE NO. SWM2402170

10  THE STATE OF CALIFORNIA,

                    Plaintiff(s),         DEPT. NO. ~~S104~~ S201

11  -vs-

12  MICHAEL CAREY,                        JUDGE: HARRY M. ELIAS

13                  Defendant(s).
                                                    04/25/25
14                                        HEARING DATE: ~~3/19/2025~~

15                                        HEARING TIME: 8:30AM

16

17

18                        **NOTICE OF MOTION,**

19                        **NOTICE OF HEARING,**

20

21       The above referenced case has/have been scheduled for: MOTION TO

22  SUPPRESS EVIDENCE, MOTION TO DISMISS

                        25      APRIL
23       Date: ~~19~~th Day of ~~MARCH~~ 2025 located at 30755- D AULD RD, MURRIETA, CA

                        S201
24  92563, DEPARTMENT ~~S104~~ for 08:30 AM.

25       Time Allotted: 60 Minutes.

26       Oral Argument Requested: No.

27       Please advise immediately if this is not sufficient. If you are unable to appear at

28                                Page **1** of 2

this scheduled hearing, you must request a continuance from the Court in writing which,

except for good cause shown, shall be filed within ten (10) days from the date of the

receipt of the notice of a hearing. You must also send a copy of the request to the

opposing party, unless restricted from doing so. Motions to continue filed fewer than 10

days in advance of hearing will only be granted if the Court finds that an emergency or

exceptional circumstance exists. You must appear on the scheduled date unless you

receive notification from the Court that a request to continue the hearing has been

granted.

Should you fail to appear at the hearing, all issues raised by the pleadings may

be decided by the court without your participation. If you will need an interpreter or other

(A.D.A.) accommodations for this hearing, please contact the court immediately.


Respectfully submitted into the Court record by;


/s/ _____    3 March 2025

**Michael-Andrew: Carey**

**32447 Whispering Glen Trail,**

**Wildomar, CA, 92595**

michaelcarey915@yahoo.com

**(951) 490-3275**


_____

Clerk of Court

Page 2 of 2

Michael-Andrew: Carey

32447 Whispering Glen Trail

Wildomar, CA 92595

951-490-3275

Defendant In Propria Persona Sui Juris


IN THE SUPERIOR COURT OF CALIFORNIA,

SOUTHWEST JUSTICE CENTER,

RIVERSIDE COUNTY,


|  |  |
|---|---|
| THE STATE OF CALIFORNIA,<br><br>                     Plaintiff(s),<br><br>-vs-<br><br>MICHAEL CAREY,<br><br>                Defendant(s). | CASE NO. SWM2402170<br><br>DEPT. NO. ~~S104~~ 5201<br><br>JUDGE: HARRY M. ELIAS<br><br>04/25/25<br>HEARING DATE: ~~3/19/2025~~<br><br>HEARING TIME: 8:30AM |

**MOTION TO SUPPRESS EVIDENCE,**

**MOTION TO DISMISS**

Comes now, Michael-Andrew: Carey, by special appearance, challenging personal jurisdiction for lack of probable cause, who prays this Honorable Court grant the requested relief. Defendant has tried on multiple occasions to reach an amicable solution and has been unsuccessful in his attempts. The prosecution's failure to rebut the attached Affidavit sent to them on three separate occasions indicate a stipulation to the facts by silent acquiescence. As the facts are stipulated to and there are no factual arguments between the parties, I declare the following:

      On the 24th day of January 2025, I had a neutral third party, Dylan Beauregard, mail The District Attorney's Office/ prosecutor Tim Cross et., al., at 30755-D Auld Road, 3rd Floor, Murrieta, CA 92563. It was received on the 27th day of January 2025. See Appendix 3.

On the 5th day of February 2025, I had a neutral third party, Bruno Amador Aviles, mail The District Attorney's Office/ prosecutor Tim Cross et., al., at 30755-D Auld Road, 3rd Floor, Murrieta, CA 92563. It was received on the 7th day of February 2025. See Appendix 3.

On the 18th day of February 2025, I had a neutral third party, Bruno Amador Aviles, mail The District Attorney's Office/ prosecutor Tim Cross et., al., at 30755-D Auld Road, 3rd Floor, Murrieta, CA 92563. It was received on the 20th day of February 2025. See Appendix 3

Michael-Andrew: Carey, appearing in propria persona sui juris, respectfully moves this Court to dismiss all charges against him for lack of probable cause and an invalid warrant. This motion is based on the attached unrebutted affidavit, relevant case law, and constitutional protections against improper court processes, unlawful arrests, searches, and seizures related to warrants.

## I. INTRODUCTION

This motion seeks dismissal of the charges on the grounds that:

1. There was no probable cause to justify the arrest, as a minor traffic infraction common to all who operate an automobile and the mere odor of alcohol alone and without other indica of intoxication does not establish probable cause.

2. The warrant for the subsequent blood draw was obtained through a defective and unconstitutional process, making it invalid.

3. The prosecutor violated their oath of office and the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution through malicious prosecution in want of jurisdiction and authority.

4. The prosecutor has failed in their duty to prove personal and subject and subject matter jurisdiction.

5. The prosecutor has failed in their duty to prove the Office of the District Attorney is an agency of government and has failed to prove a contract or other commercial agreement between it and the Defendant which obligates the Defendant to obey the penal codes which they are trying to enforce and the prosecutor has failed in their duty to provide an Affidavit in support of Warrant for

both the forced and coerced blood draw and the arrest of my person.

As to the question of whether the arrest of defendant Carey, for the offense of driving under the influence, was made with probable cause, we turn to the standards set forth in Beck v. Ohio, 379 U.S. 89,91 (85 SC 223, 13 LE2d 142). See also Vaughn v. State, 247 Ga. 136, 137 (274 SE2d 479). Whether the arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it —whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner/defendant had committed or was committing an offense. Beck v. Ohio, 379 U.S. 89, 91, supra.

If at the time the arresting officer effected a traffic stop of the Defendant driver, he was acting to investigate a mere traffic violation.

An unrelated traffic stop must not be perfunctorily escalated to a DUI investigation absent further indicia of intoxication, for which he should refer to the 24 cues of DUI intoxication taught in the National Highway Traffic Safety Administration (NHTSA) training.

For Manner of Driving, see People v. Weathington (1991) 231 Cal.App.3d 69, 84 [282 Cal. Rptr. 170]; People v. McGrath (1928) 94 Cal. App. 520, 524 [271 P. 549].

> *To conclude otherwise is to hold that conduct which is totally lawful is, without more, evidence of an offense sufficient to warrant arrest. Were this true, then violation of the concept of "zero tolerance" would be the standard necessary to arrest rather than the standard of "under the influence to the extent that the driver's "mental or physical abilities are so impaired that he or she is no longer able to drive a vehicle with the caution of a sober person, using ordinary care, under similar circumstances."*

What the officer must do is to continue with a proper investigation of the DUI suspect to determine whether a probable cause existed for the arrest. The suspect is not obligated by law to participate in voluntary testing of impairment. An exercise of their Fifth Amendment to not participate in such requests does not raise the level of the

detainment from mere hunches to probable cause. Absent further signs of physical or mental impairment indicators in the arrest report, officer's statement, or evident by dash

cam or audio recording devices during detainment; there can be no probable cause for arrest.

Without testing the driver's motor skills in some way to determine if they were impaired by the effect of alcohol, there is not enough information to reasonably conclude a person had been driving under the influence of alcohol [Hurst v. Finley (1994) 857 F. Supp. 1517, 1521-1522].

The arresting officer's sole evidence and reason for arresting cannot be the odor of alcohol as that is not enough. There is no correlation whatsoever between the odor of alcohol on a person's breath and their blood alcohol level. And there is no concrete evidence or officer testimony of other signs of impairment which can concretely tie the 'odor of alcohol' and the 'traffic infraction' together. Therefore, it is reasonable to claim that the initial traffic stop had nothing at all to do with impairment.

This odor of alcohol issue has been addressed by several other state's courts, and Full Faith and Credit must be given to those Court findings.

Although the admission of drinking may be a factor to consider in the totality of the circumstances, even the mere admission to having consumed just one or two drinks- which defendant Carey did not do prior to arrest- is not enough to make secondary screening detention objectively reasonable. Thus, People v. Bruni, 406 Ill.App.3d 165, 940 N.E.2d 84 (2010), also found a secondary screening detention objectively reasonable based on the officer's observations of "glossy" eyes and odor of alcohol, as opposed to just the driver's admission of drinking.

The Bruni Court noted that "[t]he leading fourth amendment scholar has stated that 'the officer [conducting the sobriety checkpoint stop] should have an articulable suspicion that the motorist is intoxicated before detaining the motorist for an extended [DUI] investigation.' 5 W. LaFave, Search and Seizure § 10.8(d), at 378 (4th ed. 2004), quoting Note, 71 Geo. L.J. 1457, 1486 (1983). When such a suspicion exists, the detention is tantamount to an investigatory detention under Terry v. Ohio, 392 U.S. 1 (1968), which held that a police officer may effect a limited investigatory stop where there exists a reasonable suspicion, based upon specific and articulable facts, that the person detained has committed or is about to commit a crime." Bruni, at 168.

Continuing with State v. Taylor, 3 Ohio App. 3d. 197,198 (1981), Ohio has a long line of cases specifically stating that odor of alcohol (even when combined with other factors) does not provide probable cause to make an arrest. In one of the more recent cases which happens to be significantly similar to defendant Carey's case, State v.

Segi, No. 18267 (Ohio App. District 2), dated August 18, 2000, the arresting officer testified that the defendant Segi was arrested because he crossed the white line edge marker three times, he admitted to consuming alcohol, and had a "strong odor" of alcohol about him. Reversing the trial courts denial of Segi's motion to suppress, the Ohio Appellate Court States: "Odor of an alcoholic is insufficient, by itself, to trigger a reasonable suspicion of DUI, and nominal traffic violations, being common to virtually every driver, add nothing of significance... The law prohibits drunken driving, not driving after a drink... Smelling too drunk to drive, without other reliable indicia of intoxication is not enough to constitute probable cause to arrest."

Wyoming likewise has differentiated between drinking and driving and drunken driving. In Keehn v. Town of Torrington, 834 P. 2nd 112, (Wyo. 1992), a case very similar to the immediate case of Defendant Carey. The Wyoming Supreme Court states: "A third legal reality worth noting is that it is lawful in Wyoming as in other states, to drink and drive safely. Wyo. Stat. §31-5-233 (June, 1989). A peace officer may not arrest an individual for DWUI merely because it is late at night and, during an unrelated traffic stop, the officer detects the odor of alcohol. Rather the peace officer must have probable cause to believe the individual has actual physical control of a motorized vehicle while legally intoxicated."

"The bare fact that there was an odor of intoxicant on his person is not sufficient to support a finding that he was driving under the influence of an intoxicant." Newby v. State, 19 McCanless 609, 215 Tenn. 609, 388 S.W. 2d 136 (1965).

In sum, a Riverside County arresting officer's observation that the odor of alcohol was the only indication of intoxication prior to the arrest of Defendant, which simply cannot withstand the logic that a legal act, standing alone, cannot form the basis of establishing probable cause for an arrest.

In addition, the case law of every state in which this issue has been decided (Tennessee, Ohio, Wyoming, Wisconsin) indicates that the odor of alcohol alone does not reach the level of probable cause for a DUI arrest or DUI conviction.

## II. LACK OF PROBABLE CAUSE

The arresting officer initiated a traffic stop on February 23, 2024, based on an alleged "swerving" violation, a traffic infraction common to nearly all automobile operators in some capacity, which does not in itself constitute reasonable suspicion of criminal activity. The officer then escalated the stop by claiming to "smell alcohol" only

**after** the defendant refused to provide his identification without reasonable articulation of the stop's purpose. This claim is a weak attempt to assume probable cause. Prove the officer smelled alcohol. Prove to this court the officer smelled alcohol (emphasis added). He can scream from the rooftops that he did but he simply cannot prove a thing.

The arresting officer escalated the stop indicating there was a criminal investigation ongoing. Defendant, knowing his rights and knowing the officer was arbitrarily pursuing a DUI arrest, elected to not participate in the arresting officer's invalid investigation. Probable cause must be based on objective facts, not post hoc justifications. The arresting officer admitted to following the Defendant from old town, a known hot spot for DUI's. Defendant claims the arrest to be a targeted and predetermined action based on willful intent and hunches and absence of probable cause based on the arresting officer's statements, admissions, and unconstitutional process during arrest.

### A. Case Law Supporting Lack of Probable Cause

1. **People v. Hicks, 39 Cal.3d 858, 860 (1985)** – Held that "the odor of alcohol may suggest the possibility of driving under the influence, but it is not, by itself, sufficient to establish probable cause for a DUI arrest."
2. **State v. Segi, No. 18267, 2000 Ohio App. LEXIS 3880 (Ohio Ct. App. Aug. 18, 2000)** – Determined that the "odor of alcohol, combined with a minor traffic violation, is not sufficient to establish probable cause for a DUI arrest."
3. **State v. McKinney, 2011-Ohio-2492, ¶ 21 (Ohio App. 2d Dist. 2011)** – Clarified that minor traffic violations and an odor of alcohol require additional articulable facts indicating actual impairment to constitute probable cause.
4. **United States v. Arvizu, 534 U.S. 266 (2002)** – Emphasized that reasonable suspicion must be based on "specific and articulable facts" rather than an officer's hunch or subjective belief.

Officer Flores failed to articulate any additional objective signs of physical or mental impairment, such as erratic driving, slurred speech, loss of balance, or delayed response times. The failure to provide corroborating evidence beyond the claimed "odor of alcohol" nullifies probable cause. Officer Flores' list of indicators is prejudicial at best,

as Defendant has fair complexion and speaks fast naturally.

### III. INVALID WARRANT FOR BLOOD DRAW

After an unlawful arrest, the officer requested and obtained a warrant for a non-consensual blood draw. However, this warrant was unlawfully obtained based on an affidavit that contained false and misleading statements regarding probable cause.

#### A.  Case Law Supporting the Invalidity of the Warrant

1. **State v. Paulick, 277 Minn. 140, 151 N.W.2d 596 (1967)** – Held that "rubber-stamp" warrants violate constitutional safeguards, requiring individualized judicial review.

2. **Mincey v. Arizona, 437 U.S. 385 (1978)** – Reaffirmed that a warrant must be supported by a sworn affidavit containing truthful, reliable information, which was lacking justification for probable cause to supplement the warrant request in this case.

3. **U.S. v. Hotal, 143 F.3d 1223 (1998) 9th Cir.**  To comply with Fourth Amendment, anticipatory search warrant must either on its face or on the face of the accompanying affidavit clearly, expressly, and narrowly specify the triggering event.

The officer's application for the warrant contained fabricated assertions, as he first failed to detect the alleged odor of alcohol until after multiple refusals to produce ID until a reasonably articulated purpose for the stop was expressed. The officer's abrupt and clearly drilled statement was not supported by any actual proof of visible or indicative signs of impairment. As such, the arresting officer failed to indicate any actual signs of physical impairment in the arrest report- which is evidence that no impairment was present at the time of the arrest. This demonstrates a lack of good faith, proper investigation, failure to produce his supervisor once requested by the detained, and other officer misconduct which highlights the officer's failures in the detainment and arrest process. The highlighted officer misconduct, amongst many other procedural defects, combined with the application for a warrant to draw blood requested by the arresting officer in hopes to gain evidence that may sustain the arrest without probable cause invalidates the warrant.

## IV. VIOLATIONS OF DEFENDANT'S CONSTITUTIONAL RIGHTS

The facts outlined in the supporting affidavit, and stipulated to by silent acquiescence by the prosecution, combined with the legal authorities above, demonstrate clear violations of the defendant's constitutional rights:

- **Fourth Amendment**: Protects against unreasonable searches and seizures; a false pretext for probable cause invalidates the arrest and warrant.
- **Fifth Amendment**: Protects against self-incrimination; Defendants exercise of his right to remain silent and "not answer questions" do not escalate an investigation to the requirements of probable cause or even reasonable articulable suspicion. Furthermore, the forced blood draw without valid probable cause violates this protection against unlawful rubber-stamped warrants.
- **Fourteenth Amendment**: Ensures due process and equal protection; the improper arrest, evidence collection process, dilatory delay in production of evidentiary to defendant, and any attempts to coerce or force trial before Defendant has an opportunity to challenge the validity of the allegations violate due process rights.

## V. CONCLUSION

The absence of probable cause, reliance on misleading warrant applications, and violations of the defendant's rights render the charges legally untenable. It is legal in this state as in other states to drink responsibly and drive. It is not legal to drink while under the influence. The smell of alcohol can derive from the consumption of a single alcoholic beverage. The mere "smell of alcohol" even when combined with a minor traffic infraction, is not sufficient to determine rather there is reasonable articulable suspicion of a crime. The stop was never addressed to be for a traffic ticket for the infraction of swerving for which the tire touched or crossed the line of the traversing lane. The preemptive approach by the officer to pursue a criminal investigation with minimal to no investigative questions or clear and articulable determination of impairment indicates the arresting officer acted off mere hunches and assumptions with drilled motive.

A conclusory statement from an arresting officer that a citizen was observed to have swerved slightly while driving home does not give rise to aggressively demand a citizen out of their automobile to be detained for investigation **(See, The Jay Treaty 1794)**. If such was the case, citizens would not feel secure in their right to have a drink responsibly and operate their automobiles responsibly without fear that the most minor

traffic infraction could lead to the seizure of their persons simply because they invoked

their rights to demand the reason and nature and cause of the stop, understand the

legal intent of the officer, and not participate in a voluntary criminal investigation for

which the arresting officer may use in the form of false results and test designed for you

to fail to determine guilt. This notion is in clear conflict with the Constitution's Fourth

Amendment protection.


## VI REQUESTED RELIEF

The Defendant prays this court dismiss the charges **with prejudice** and **without recourse** to prevent further injustice and violations of Constitutional Due Process.

WHEREFORE, Defendant respectfully prays that this Court:

1. Suppress all evidence obtained as a result of the unlawful arrest and invalid warrant.
2. Dismiss all charges against the Defendant with prejudice and without recourse.
3. Discharge any and all bonds (bid bond, payment bond, performance bond, etc.) and remove and seal the arrest and this case in the Court record and private record and public record as if it never happened.
4. Grant any other relief the Court deems just and proper.


Respectfully submitted into the Court record by;

/s/ _Michael Carey_ _____    3 March, 2025

**Michael-Andrew: Carey**

**32447 Whispering Glen Trail,**

**Wildomar, CA, 92595**

michaelcarey915@yahoo.com

**(951) 490-3275**

# APPENDIX 0: AFFIDAVIT ET., AL., TESTIMONY OF…

Michael-Andrew: Carey
32447 Whispering Glen Trail
Wildomar, CA 92595
(951) 490-3275
michaelcarey915@yahoo.com

Re: Case Number: SWM2402170

# TESTIMONY OF MICHAEL ANDREW CAREY

### (40 Points, 28 Pages)

1) I, Michael-Andrew: Carey et al, comes today appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under pains and penalty of perjury, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my knowledge.

2) I am one of the people and waive the benefit of arbitration and mediation and the like and invoke and ordain and establish the common law, as was decided in; *LOPER v. RAIMONDO. LOPER BRIGHT ENTERPRISES, et al., Petitioners v. Gina RAIMONDO, Secretary of Commerce, et al. Relentless, Inc., et al., Petitioners v. Department of Commerce, et al. 22-451 22-1219. (28 June 2024 )*(LOPER supra). If this court is not a court of common law then I am in the wrong jurisdiction, as I have no oath of office.

3) This document and all of t he pleadings and paperwork filed for **Case Number: SWM2402170** should be entered into the public record and the private record and the court record and then entered into evidence at the earliest possible time. I hereby put all People and persons on legal and lawful NOTICE that I do now and forevermore void and terminate all past and present powers of attorney. According to Corpus Juris Secundum Volume 7, Attorney and Client Section, § 76, [4] "The attorney's dut y to the court is superior to the attorney's duty to a client since the private duty must yield to the public duty." With that in mind, I will hold court in Persona Propria Sui Juris and I let all involved in this controversy know that I do not consent to the proceedings.

4) "DISCLAIMER: I have knowledge of copyright laws and have observed the copyright symbol(s) contained within what appears to be all Books,

1

Codes, References, Reporters, and the like, dealing with law, and such a symbol's use and employment in providing notice that the contents therein are the private property of the copyright owner, and I freely admit that I have neither grant, franchise, license, nor letter-patent to use said contents, nor practice the same. Please be advised that all cites thereto, and excerpts therefrom, are utilized and employed herein merely for educational and communicational purposes, to display from where my present understanding inheres from, and, due to the depth of the matter with which this controversy attempts to cover." This is called Fair Use and is allowed for purposes of criticism, news reporting, teaching and parody which doesn't infringe on copyright under 17 U.S.C.A. INCLUSIVE."

5) NOTICE: Any claim of "immunity" which Civil Officer of government (agents) could possibly make is a fraud, because if valid, it would prevent removal from office for crimes against the people, which removal is authorized or even mandated under the United States Constitution (et al) Article 2, Section 4, as well as 18 U.S.C.A. 241 and 18 U.S.C.A. 242 and 42 U.S.C.A. 1983 and 42 U.S.C.A. 1985 and 42 U.S.C.A. 1986 and the California Constitution (et al); Section 13 General Provisions, Article IV Impeachment.

6) In accordance with **United States v. Trump, F.Supp.3d (2023) 2023 WL 8615775** Only the Westlaw citation is currently available. Although Presidential immunity is required for official actions to ensure that the President's decision making is not distorted by the threat of future litigation stemming from those actions, that concern does not support immunity for unofficial conduct. T herefore, such is true for all Civil Officers of the United States.

7) The facts alleged or shown by the affiant clearly demonstrate that the office of the public defenders  and the prosecutor is in violation of a clearly established California Constitutionally and U.S. Constitutionally protected rights and these rights were and are "clearly established" at the time of the public defender and prosecutors alleged misconduct, i  d., at 201, **Saucier v. Katz 533 U.S. 194,**  121 S.Ct. 2151, wherein it was decided; Qualified immunity is void because a civil officer of the United States conduct violated such a right. i.e. **I was never  informed of the true 'nature and cause" of the proceedings**   in violation of the Sixth Amendment and California Constitution. Nor was I counseled or informed by my former public defender of his intent to "submit continuances" of my Case, nor did he provide me adequate cause or reason for the continuances. Nor was I informed of the evide nce submitted by the prosecution in a meaningful way. Nor was I given access to said evidence for my records upon multiple requests. Nor was I given an opportunity to

go over the evidence in a meaningful way with my former public defender upon requests. All actions impeded my right to a speedy trial.

8) Due to this truth, the Uniform Commercial Code 3-402 Signature by representative is in violation of federal laws, state and federal constitutions and therefore void and a nullity. Civil Officers of the United States no longer have plausible deniability. If they violate any protections of state and/ or U.S. Constitutions they waive their immunity and are no longer protected under the 11th Amendment. You and each of you have been NOTICED. This NOTICE is to all who read this document including judges, administrators, commissioners, ex-officio clerks, court clerks, county clerks, Court House staff and the like.

9) I reserve my right to file subsequent dispositive motions as further egregious violations come be known and other information comes out.

10) MICHAEL ANDREW CAREY, (a California corporation) and is not an attorney and not represented by an attorney, so he may be heard by the court in this case, in testimony and may be known through his written word when such is affirmed and attested under penalty of perjury.

11) Michael-Andrew: Carey is claiming to be a Persona Propria Sui Juris litigant (Affiant); allegations such as those asserted by Affiant(s), however inartfully decreed, are sufficient… which we hold to less stringent standards than formal pleadings drafted by lawyers. Haines –vs.- Kerner, 404 U.S. 519 (Reversed & Remanded), and Woods –vs.- Carey, 525 F3d 886, 889-890 (Reversed & Remanded), and claims Pro Per, in his own person, a rule in pleading that pleas to the jurisdiction of the Court must be pleaded in propria persona,  see Kay –vs.- Ehrler, 499 U.S. 432.

12) If at any time in the past I inadvertently waived my rights or lessened my status through contract, forgive me. No man or woman would knowingly and intelligently with forethought waive his or her rights. Such agreement would be an unconscionable contract or clause in violation of the Uniform Commercial Code 2-302. Upon that truth I hereby expressly reserve my rights in accordance with the Uniform Commercial Code 1-308 Express reservation of rights. Once explicitly reserved, can only be explicitly surrendered.

13) This is a self-executing contract. Notice to the Office is notice to the Civil Officer is notice to the agent, notice to the agent is notice to the Office and notice to the Civil Officer.  You and each of you are hereby bound to inform all of your colleagues, superiors and subordinates involved in this matter which may have future interactions with my person or me (individually or commercially). If there is something you do not understand clearly, it is incumbent upon you to summon a superior officer, special prosecutor, **federal judge  or other competent legal counsel**     to immediately explain the significance of this instrument as per your duties and obligations in respect to this public formal instrument.

14) On and around, the 23rd of February, 2024, circa 2:00AM, Affiant was pulled over by California Highway Patrol (CHP) Officer Flores- Badge No., 20989. Affiant had driven from 28601 Old Town Front St suite f, Temecula, CA 92590 to 23819 Clinton Keith Rd, Wildomar, CA 92595 and parked perfectly fine in a parking spot at the McDonalds with nothing more than minor traffic swerve on the 15 freeway which had ongoing construction on the merging lanes where the minor swerve occurred. Upon seeing flashing lights, Affiant took a moment of pause in confusion, to determine if the officer was flashing me or perhaps another car ahead or behind me. Upon the CHP cruiser remaining behind Affiant, I began to proceed to the side of the highway. After being directed to pull off the nearest exit, which happened to be less than 1 mile from Affiants home, Affiant pulled off the exit and parked perfectly without delay, error, or sign of impairment- in the parking lot of a McDonalds located at 23819 Clinton Keith Rd, Wildomar, CA 92595.

15) Upon approach of Affiant's automobile, arresting officer Flores requested ID immediately with no explanation for the stop, showing signs of premeditated assumption which indicates intention to pursue a DUI arrest when in conjunction with the following testimony. Affiant asked what the purpose of the stop was for, Officer Flores explained it was for "swerving". Affiant expressed to his knowledge he wasn't swerving between lanes and used his blinker when switching lanes. Officer Flores expressed the swerving was within the lane but touched the white line.

16) Affiant refused to hand over ID unless the purpose of the stop could be reasonably articulated **(People v. Brendlin, 45 Cal. 4th 262 (2008))**. "You were swerving" is vague and conclusory, lacking reasonable articulable suspicion (RAS) of an act. Officer Flores expressed right now it's "under investigation" indicating to Affiant that this stop was not for a traffic violation ticket but allegedly criminal in nature. Affiant properly responded, an "investigation is not a crime", so I'm going to refuse ID at this point. Upon the ID refusal, the officer escalated and then and only then did Officer Flores express "Well, pause, I smell alcohol" which must have been totally fabricated and rehearsed and drilled, otherwise he would have initiated the conversation with such a claim rather than after a verbal back and forth for ID and only expressing the smell of alcohol after multiple ID refusals.

17) Officer Flores requested Affiant out of the automobile. What do they call it when a highwayman or pirate orders the Captain of a vessel to disembark his Ship? I would suggest all Civil Officers read the Treaty of Amity, Commerce and Navigation, also known as the Jay Treaty, Point 14 amongst others. Affiant complied, under duress, though still and throughout, unassisted and without ANY signs of impairment, imbalance, or intoxication. Prove Officer Flores smelled anything, let alone alcohol.

The case must be dismissed with prejudice for lack of a credible witness. Officer Flores has a fine record but the fact that he simply cannot prove he smelled anything leaves this case lacking RAS. (See Officer Flores "investigative report" and "Officer statement" for lack of expressed motor function impairment of any sort. i.e., staggering, wavering, swaying, slurred speech, slow reaction to comply with officer requests, or relying on any object for physical support).

18) During detainment, Affiant practiced his Fifth Amendment protection and chose to remain silent, "I don't answer questions" and "I'm not taking any tests". Affiant requested a supervisor to explain the detainment to him, Officer Flores, pointed to an African American Officer who had just shown up as back up and said he was the Sergeant. The "Sergeant" gave no meaningful supervisory explanation for the stop at any time. Affiant later confirmed at the holding station that the supposed "Sergeant" was indeed NOT a Sergeant, but rather just a backup Officer. This fact was confirmed with the ACTUAL Sergeant who introduced himself to Affiant in person during holding.

19) To revisit and continue the address of the detainment, after the fake "Sergeant" walked off, Officer Flores asked if I would do a Field Sobriety Test, I complied. Officer Flores initiated the Field Sobriety Test with two commands, "Look past my right shoulder, and follow my finger". Affiant asked which task he would like me to do first because he just gave me two commands (I essentially was asking for clear and concise instructions). Officer Flores terminated the Field Sobriety Test without cause or explanation and said that's it, turn around - and arrested Affiant. At no point did Affiant deny or refuse to take the Field Sobriety Test. Affiant demonstrated clarity with concise questioning of the simultaneous commands given and an ability for following commands in a non-threatening manner. Probable cause for this case is reliant on an unprovable claim that the officer "smelled alcohol" and that Affiant refused the FST which is false officer testimony. Therefore the arrest lacked probable cause.

20) During detainment, Affiant asked the officer if he followed Affiant from Old Town Temecula. Officer Flores responded, "yes I did." If Affiant was drunk or impaired, he certainly would have demonstrated it earlier in the expedition home. Old Town was about ten minutes away from the point of contact. Please provide me with a sworn statement as to why Officer Flores allowed me to "allegedly" drive "drunk" for ten minutes before pulling me over. **(State v. Segi, No. 18267, 2000 Ohio App. LEXIS 3880 (Ohio Ct. App. Aug. 18, 2000)).**

21) To display the storyline for a lack of timely discovery, I refer to my case printout. Arrest was 23 February 2024. Case designation assigned to Dept. S104 on 29 April 2024. Arraignment was held on 4 June 2024,

where it is mandated that my public defender Jason Johnson must have discovery for my case in his possession, CA Constitution art I § 24.

22) Affiant adamantly declares that this prosecuting office insists on the use of dilatory practices even using the PD assigned to Affiant to assist as no good cause should warrant such a delay in this case. It is not complicated. There are no injured persons or non-government witnesses against Affiant. **Roadway Express vs. Pipe, 447 U.S. 752 at 757 (1982).**

23) At the time of drafting this document on 22 January 2025, total time elapsed denying the effective and timely production of discovery: Since the time of arrest on 23 February 2024 to 24 January 2025 is 336 days. Affiant declares, there is no good cause to substantiate or validate such delays in discovery production. These delays deny Affiant his right to a speedy trial and due process of law and truth in evidence and therefore may be seen as being in contempt of the U.S. Supreme Court decision of **Brady v. Maryland, 373 U.S. 83 (1963).** As such, due to lack of probable cause, and timely discovery; amongst other questionable issues, I respectfully demand you dismiss all charges against me and my person WITH PREJUDICE AND WITHOUT RECOURSE.

24) You have 3, (THREE) days from the receipt of this AFFIDAVIT to respond on a point-by-point basis, via sworn Affidavit, under full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading. Mere declarations and statements and complaints and the like are an insufficient response and void and a complete nullity. If an extension of time is needed to properly answer, please request such in writing and submitted on the Record. Failure to respond will be deemed Nil Dicit Tacit Acquiescence and constitutes agreement with the facts stated within this **AFFIDAVIT** et al, a.k.a. **TESTIMONY** et al and as an acceptance of liability and benefits. Prosecutors take heed for I oppose your legal manipulated cause for I am a non-combatant and a man of peace and a peaceful inhabitant.

25) I demand you provide me with a "certificate of trust" which allows you to act as administrator or beneficiary and which obligates me as "trustee" in said business venture ("trust"). Either you are civil officers of the United States and have such, or you shall be seen as an interloper, without jurisdiction and without authority to proceed. I also demand you provide me with a copy of your oath of office in accordance with 5 USCA 3332.

26) I have a right to equal access to justice. In accordance with **U.S. vs. Lang 792 F.2d 1235 (4th Cir. 1986)**, I demand the **rules and procedures** of the statutory Court. I also demand a true and correct (certified copy) of the complaint and file against me. You may not bill me for any such records and must bear the cost to supply me with any and all transcripts, audio and video recordings of each and every court hearing, proceeding, communication and the like.

27) I respectfully demand you provide me the **nature and cause** as well as the **jurisdiction of this court and these proceedings in writing.** You have a duty to inform me of this or it is a violation of due process of law. If only licensed attorneys have the true information, then I, the accused in this criminal action against me have asked you to divulge the nature and cause of the accusation upon the authority of the Sixth (6th) Amendment (Amnd), and that you have failed in your duty to inform me of the nature and cause of the action. Furthermore, I demand it be entered into the court record and public record, that this court intends to bring this criminal action against me under a secret jurisdiction, which is known only to licensed attorneys. Failure to inform me properly in writing will result in me bringing civil and criminal proceedings against you for malicious prosecution and a list of other state and federal crimes for violations of California Penal Codes and United States Codes Annotated. This is in accordance with [Thomas] Gibbons vs. [Aaron] Ogden, 22 U.S. 1 (1824) which decided: "In matters of interstate commerce, the "Supremacy Clause" tilts the balance of power in favor of federal legislation." And went on to say "As men whose intentions require no concealment, generally employ the words which most directly and aptly express the ideas they intent to convey; the enlightened patriots who framed our constitution and the people who adopted it must be understood to have employed the words in their natural sense, and to have intended what they have said."

28) If you are a judicial officer (Judges and Magistrates and Administrators and Commissioner and Law Enforcement Officer and Sheriff and Marshall and Lawyer and Attorney and the like) the jurisdiction of the Court is established by the flag. This denotes that all judicial officers are in dual jurisdiction both State and United States (Federal).

29) Federal (and therefore state) judicial agencies (administrative courts) have no power to act unless authorized by congress. Because the congress has only legislative powers, it cannot delegate powers it does not have and therefore cannot delegate judicial power. Therefore, in accordance with the U.S. Constitution Article (Art). III (3, THREE) vesting of the judicial power is exclusive and mandatory, wherein it decrees in Section 1; "The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish. The judges, both of the supreme and inferior courts, shall hold their offices during good behavior, and shall, at stated times, receive for their services, a compensation, which shall not be diminished during their continuance in office." By stating that the judicial powers shall be vested, Article III made clear that the location of that judicial power was mandatory. (Shall is also similarly defined in Black's Law Dictionary 2nd Edition) and this definition (shall) was decided as meaning

mandatory in Forrest v. Spizzirri, 62 F.4th 1201, 23 Cal. Daily Op. Serv. 2445, 2023 Daily Journal D.A.R. 2203 (2023). United States Court of Appeals, Ninth Circuit.

30) The question of jurisdiction is settled in Article 3 Section 2. The constitution extends the judicial power of the United States 'to all cases, in law and equity, arising under this constitution, the laws of the United States and treaties made, or which shall be made, under their authority; to all cases affecting ambassadors, other public ministers, and consuls; to all cases of admiralty and maritime jurisdiction; to controversies to which the United States shall be a party; to controversies between two or more states; between a state and citizens of another state; between citizens of different states; between citizens of the same state claiming lands under grants of different states, and between a state or the citizens thereof and foreign states, citizens, or subjects. In all the other cases before mentioned the supreme court shall have appellate jurisdiction, both as to law and fact, with such *643 exceptions and under such regulations as the congress shall make.' Article 3, § 2.

31) I respectfully demand you allow me to inspect and verify the Congressional Decree or Charter or LLC or LLP or other authentic documents, which prove the STATE OF CALIFORNIA is an agency of government. According to **Title 28 Section 3002 (15), (A) and (B) and (C)** the United States is a federal corporation and all agencies of "government" (city and county and state and federal municipalities or instrumentalities) are sub-corporations under their superior authority.

32) If you cannot provide me such, you may be criminally charged with impersonating an officer of the United States in violation of U.S.C.A. Title 18 Section 912 and Section 913.

33) I respectfully demand you allow me to inspect and verify a signed contract or other commercial agreement, which obligates me to personal and subject and subject matter jurisdiction of the STATE OF CALIFORNIA or other such jurisdictions, signed by both parties, in accordance with the Supreme Court decision **Clearfield Trust Co. v. United States 318 U.S. 363-371 (1943).** So the court may (possibly) not have jurisdiction unless there is a contract or other commercial agreement, which is in controversy. With those truths in mind;

    a. Please make certain the contracts you offer contains Full Disclosure;

    b. Please make certain the contracts you offer contains the Equal Consideration (what your corporation brings to the table);

    c. Please make certain the contracts you offer contains the Lawful Terms and Conditions (proof the contract is not based upon fraud); and

d. Please make certain the contracts you offer contains Signatures of the Parties/ Meeting of the Minds (corporations can't sign because they have no right, or mind, to contract as they are legal fictions).

34) If you cannot provide me that, I respectfully demand you allow me to inspect and verify the AFFIDAVIT in support of WARRANT and a BONAFIDE WARRANT for my arrest. Good faith is not applicable due to the fact the Civil Officers follow a custom promulgated by their law enforcement agency. It is their duty to properly apply for and secure a warrant according to the U.S. Constitution standards, despite their agency lessening or removing the mandated standards.

a. I respectfully demand the aforementioned WARRANT prove it was created within 48 hours of the seizure of my people or person in accordance with **County of Riverside v. McLaughin,    500 U.S. 44** and **Gerstein v. Pugh, 420 U.S. 103.**

b. I further demand the aforementioned WARRANT be a written order signed and sealed by court officers and include an application for a warrant which is supported by a sworn, detailed statement made by a law enforcement officer appearing before a neutral and detached Judge or Magistrate or Civil Officer of the United States in accordance with **Mincey v. Arizona, 437 U.S. 385 (1978).** Rubber stamp or electronically filed signatures are void and a nullity in accordance with **State v. Paulick, 277 Minn. 140, 151 N.W. 2d 596 (1967).**

c. Consent for the 'blood draw' was not warranted. I further demand, to comply with Fourth (4th) Amendment restrictions, the anticipatory search warrant must either on its face or on the face of the accompanying affidavit clearly, expressly, and narrowly specify the triggering event. Seizures, which are executed after illegal trespass, are invalid under the Fourth (4th) Amendment restriction and in accordance with **U.S. v. Hotal, 143 F.3d 1223 (1998).**

35) If you cannot provide me proof the STATE OF CALIFORNIA, is an agency of government nor provide me a contract or other commercial agreement which obligates me to your jurisdiction, nor provide me an AFFIDAVIT in support of Warrant nor provide me a (BONAFIDE) WARRANT for my arrest, I respectfully demand you dismiss all charges against me and my person WITH PREJUDICE AND WITHOUT RECOURSE.

36) If you still intend to continue to prosecute me, knowing you do not have jurisdiction, I reserve my right to use all legal methods to impeach and sanction and prosecute you to the full extent of the law. I demand you give me a "**certified copy**  " of my file and any and all evidence, affidavits, testimony, reports, papers, audio and video recordings and the like, even those marked "personal" and "confidential" and the like, etc., in accordance with **Brady v. Maryland, 373 U.S. 83 (1963).**

37) I have earned a Diploma of competency or General Education Diploma (GED) by West Valley High School, located at 3401 Mustang Way, Hemet, CA 92545 and such has never been disproven by a competent jurisdiction. If there is any question of incompetence, those questions should be addressed to all those who have oaths to the public in accordance with federal law U.S.C. 5 Section 3331. I am not ignorant of the law. I am not ignorant of the contract and the state and the United States has never presented a contract, which possesses my signature, which was done with clean hands, in good faith, with fair business dealings (equal consideration) and full disclosure. Let us be clear, no man would knowingly and the willingly sign away his rights; such would be an unconscionable contract or clause in violation of state and international law (Uniform Commercial Code 2-302).

**38)** I respectfully demand all Civil Officers of the United States and therefore of this Court, take mandatory Legal and Lawful Notice; On and for the Court House record and the Public Record, I hereby challenge personal jurisdiction and subject jurisdiction and subject matter jurisdiction and in accordance with **Basso v. Utah Power & Light Co., 495 F 2d 906, 910 and Main v. Thiboutot, 448 U.S. 1 (1980) and Melo v. US, 505 F2d 1026 and US v. Rogers 23 F. 658,** I demand each of these jurisdictions be proven on the public and private record.

39) VOID WHERE PROHIBITED BY LAW.

40) Further Affiant sayeth not.

_____                    03 **March**, 2025
Michael-Andrew: Carey                                          DATE:
Authorized Representative of
MICHAEL ANDREW CAREY-vessel
32447 Whispering Glen Trail
Wildomar, CA 92595
(951) 490-3275
Michaelcarey915@yahoo.com

# APPENDIX 1:
# CITED POINTS AND AUTHORITIES

Corpus Juris Secundum Volume 7, Attorney and Client Section, § 76
Judiciary Act of 1789

## California CONSTITUTION et al and United States CONSTITUTION et al, ALLEGED VIOLATIONS:

U.S. Constitution:
Article 1 Legislative powers inclusive.
Article 2 Administrative powers inclusive.
Article 3 Judicial powers inclusive.
Article 4 Full faith and credit inclusive.
Article 6 Laws and treaties inclusive. Supremacy Clause

First (I) Amendment: Freedoms, Petitions, Assembly
Fourth (IV) Amendment: Search and arrest
Fifth (V) Amendment: Rights in criminal cases
Sixth (VI) Amendment: Right to a fair trial
Seventh (VII) Amendment: Rights in civil cases
Eighth (VIII) Amendment: Bail, fines, punishment
Ninth (IX) Amendment: Rights retained by the People
Eleventh (XI) Amendment: Immunity.
Fourteenth Amendment: Civil rights, Due process, equal protection.

California Constitution:
Article I Declaration of Rights: Including but not limited to:
Article I, Section (2)(a): Freedom of Speech and Press
Article I, Section (3): Petition government for redress of grievances.
Article I, Section (7): Right to Due Process/ Equal Protection.
Article I, Section (8): Rights of the Accused; Bails, fines, punishment
Article I, Section (13): Search and arrest.
Article I, Section (16): Right to a Fair Trial By Jury.
Article I, Section (24): Rights retained by the People.
Article IV, Legislative powers inclusive, (Section 1- Covers the States obligation to the U.S. Constitution- Full Faith and Credit Clause).
Article V Executive powers inclusive.
Article VI Judicial powers inclusive.
Oath of Office: Federal- 5 USC § 3331 and California Government Code § 1360.

# UNIFORM COMMERCIAL CODE et al (UCC) ALLEGED VIOLATIONS:

Uniform Commercial Code § 2-206. Offer and Acceptance in Formation of Contract.

Uniform Commercial Code § 2-302. Unconscionable contract or clause.

Uniform Commercial Code § 3-402. SIGNATURE BY REPRESENTATIVE.

# UNITED STATES CODE ANNOTATED et al (USCA); Including, but not limited to:

5 U.S.C.A. § 3331 Oath of office.
17 U.S.C.A. Inclusive (Dealing with copyright laws).
18 U.S.C.A. § 31 Definitions. [DRIVING].
18 U.S.C.A. § 1621 - Perjury generally.
18 U.S.C.A. § 1622 - Subornation of perjury.
18 U.S.C.A. § 2235 Search warrant procured maliciously.
18 U.S.C.A. § 2236 Searches without warrant.
18 U.S.C.A. § 241 Conspiracy Against Rights, and
18 U.S.C.A. § 242 Deprivation of Rights Under Color of Law, and
18 U.S.C.A. Code § 2708 - Exclusivity of remedies.
18 U.S.C.A. Code § 2334 - Jurisdiction and venue.
28 U.S.C.A. § 3002 (15), (A) and (B) and (C) and
31 U.S.C.A. § 3729 - False claims
42 U.S.C.A. § 1983 Civil Action for Deprivation of Rights, and
42 U.S.C.A. § 1985 Conspiracy to Interfere with Civil Rights, and
42 U.S.C.A. § 1986 Action of Neglect to Prevent, and

## STATE SUPREME COURT and FEDERAL COURT and FEDERAL APPELLATE COURT and U.S. SUPREME COURT; ALLEGED VIOLATIONS:

**Argersinger vs. Hamlin 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530, (1972). Jon Richard ARGERSINGER, Petitioner, vs. Raymond HAMLIN, Sheriff, Leon County, Florida.**
[3] Criminal Law Right of Defendant to Counsel. Absent knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor or felony, unless he was represented by counsel at his trial. U.S.C.A.Const. Amends. 6, 14; 18 U.S.C.A. § 3006A(b); Fed.Rules Crim.Proc. rule 44(a), 18 U.S.C.A; Const.Or. art. 1, § 9.

**BECK, William Petitioner vs. STATE OF OHIO 85 S.Ct. 223 (1964).**
Arrest without warrant bypasses the safeguards provided by objective predetermination of probable cause and substitutes the far less reliable procedure of an after-the-event
justification for arrest or search, too likely to be subtly influenced by familiar shortcomings of hindsight judgment.
Whether or not requirements of reliability and particularity of information on which officer may act are more stringent where an arrest warrant is absent, they cannot be less stringent than where an arrest warrant is obtained.
Good faith on part of the arresting officer is not sufficient to withstand attack on constitutional validity of arrest without a warrant. Police officer's knowledge of the defendant's physical appearance and his prior record were neither inadmissible nor entirely irrelevant to the issue of probable cause for his arrest, but these two facts alone or in combination were insufficient to constitute probable cause.
An arrest without a warrant bypasses the safeguards provided by an objective predetermination of probable cause, and substitutes instead the far less reliable procedure on an after-the-event justification for the arrest or search, too likely to be subtly influenced by the familiar shortcomings of hindsight judgment…
Whether the arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense. Beck v. Ohio, 379 U.S. 89, 91, supra

**Birchfield v. North Dakota, 579 U.S. 438, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016).** "Our prior opinions have referred approvingly to the general concept of

implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply. See, e.g., *Missouri v. McNeely, 569 U.S. 141, 161 (2013); South Dakota v. Neville, 459 U.S. 553, 560 (1983)*Petitioners do not question the constitutionality of those laws, and nothing we say here should be read to cast doubt on them."

"It is another matter, however, for a State not only to insist upon an intrusive blood test but also to impose criminal penalties on the refusal to submit to such a test. There must be a limit to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads."

"Motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense. For this reason, Birchfield, who was criminally prosecuted for refusing to submit to a blood draw, was threatened with an unconstitutional choice—submit to a blood draw or face criminal penalties. His conviction must therefore be reversed."  *Id.* at 2186.

### Boyd vs. U.S. 116 US 616, 6 S.Ct. 524 (1886).

The court is to protect against the encroachment of unconstitutionality of a secured liberty. Justice Bradley, "It may be that it is the obnoxious thing in its mildest form; but illegitimate and unconstitutional practices get their first footing in that way; namely, by silent approaches and slight deviations from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional provisions for the security of persons and property should be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of the Courts to be watchful for the Constitutional Rights of the Citizens, and against any stealthy encroachments thereon. Their motto should be Obsta Principiis."

1 The seizure or compulsory production of a man's private papers to be used in evidence against him is equivalent to compelling him to be a witness against himself, and, in a prosecution for a crime, penalty, or forfeiture, is equally within the prohibition of the fifth amendment.

Constitutional provisions for the security of person or property should be liberally construed.

### Brady vs. Maryland, 373 U.S. 83 (1963).   The government's withholding of evidence that is material to the determination of either guilt or punishment of a criminal defendant violates the defendant's constitutional right to due process. Suppression by prosecution of evidence favorable to an accused upon request violates due process where evidence is material either to guilt or to punishment, irrespective of good faith or bad faith of prosecution.   Prosecution's action, on defendant's request to examine extrajudicial statements made by defendant's confederate, in withholding one such statement, in which confederate admitted

he had done actual killing, denied due process as guaranteed by Fourteenth
Amendment.

Under Maryland law, despite constitutional provision that jury in criminal cases
are judges of law, as well as of fact, trial courts pass upon admissibility of
evidence which the jury may consider on the issue of innocence or guilt of the
accused. Const. Md. art. 15, § 5.

**Buckley vs. Fitzsimmons 509 U.S. 259, (91   -7849) (1993),** An arrest causes an
injury whether or not it is prosecuted.

**Burlington vs. Josephson, 153 Fed.2d 372,276 (1946)**   . Arrest is presumed to
be false; officer has the burden of proof The only thing the plaintiff needs to
plead and to prove is either (1) that the defendant made an arrest or
imprisonment, or (2) that the defendant affirmatively instigated, encouraged,
incited, or caused the arrest or imprisonment.

**Byars vs. United States, 273 U.S. 28, 47 S.Ct. 248 (1927)**   which adhered to
*American Jurisprudence vol. 16, constitutional law section, sec. 97* " and
decided: That a constitution should receive a liberal interpretation in favor of the
citizen is especially true with respect to those provisions which were designed
to safeguard the liberty and security of the citizen in regard to both person and
property. In other words it's supposed to be liberally enforced in favor of the
citizen for the protections of their  rights and property. Any constitutional
provision intended to confer a benefit should be liberally construed in favor of
the clearly intended and expressly designated beneficiary.

**\*Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 24 A.L.R.3d 1065, 17
L.Ed.2d 705 (1967).**
Whether a conviction in state court should stand when state has failed to accord
federal constitutionally guaranteed rights is as much a federal question as what
particular federal constitutional provisions themselves mean, what they
guarantee, and whether they have been denied.
Formulation of authoritative laws, rules, and remedies designed to protect
people from infractions by the states of federally guaranteed rights cannot be
left to the states themselves.
Before a federal constitutional error can be held harmless the reviewing court
must be able to declare a belief that it was harmless beyond a reasonable
doubt.

**County of Riverside v. McLaughlin,**    500 U.S. 44 (1991), was a United States
Supreme Court case which involved the question of whether suspects arrested
without a warrant (warrantless arrests) must be brought into court within a
reasonable amount of time to determine if there is probable cause for holding

the suspect in custody. The Supreme Court found that the County of Riverside's practices in regards to warrantless arrests were unconstitutional and ruled that suspects who are arrested without a warrant must be given probable cause within 48 hours.

**Florida v. Royer, 460 U.S. 491 (1983).**  "Under the Fourth Amendment, any seizure of an individual must be based on reasonable suspicion or probable cause, and that suspicion must be grounded in specific, articulable facts. A general or vague suspicion, such as the mere odor of alcohol or the possibility of a minor traffic violation, does not suffice to justify a seizure or arrest. The Court emphasized that it is not enough for officers to act based on an unparticular hunch or vague belief; the officer must articulate facts that support a reasonable belief that the individual is involved in criminal activity."

**Gerstein v. Pugh, 420 U.S. 103 (1975)** , this Court held that the Fourth Amendment requires a prompt judicial determination of probable cause as a prerequisite to an extended pretrial detention following a warrantless arrest. This case requires us to define what is "prompt" under Gerstein. In i nstances where it takes longer than 48-hours, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance. . . . A jurisdiction that chooses to offer combined proceedings must do so as soon as is reasonably feasible, but in no event later than 48 hours after arrest."

**Haines –vs.- Kerner, 404 U.S. 519** (Reversed & Remanded), allegations such as those asserted by petitioner, however inartfully decreed, are sufficient… which we hold to less stringent standards than formal pleadings drafted by lawyers. and Woods –vs- Carey,  525 F3d 886, 889-890 (Reversed & Remanded), and claims Pro Per, in his own person, a rule in pleading that pleas to the jurisdiction of the Court must be pleaded in propria persona,   see Kay –vs.- Ehrler, 499 U.S. 432. "...The requirement of standing, however, has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737 (1984).

**Hurst v. Finley, 857 F. Supp. 1517 (M.D. Ala. 1994)** , Discussion(I)(b). Probable cause is present when "[a]n apparent state of facts found to exist upon reasonable inquiry, (that is, such inquiry as the given case renders *convenient* and *proper,*) which would induce a reasonably intelligent and prudent man to believe, in a criminal case, that the accused person had committed the crime charged ..."  *Black's Law Dictionary* 1201 (6th ed. 1990). In charging an accused with the serious offense of driving under the influence of alcohol, the court believes that it would be entirely convenient and proper to

administer one or more field sobriety tests. The general field sobriety tests well known to any court and any police officer, such as touching one's finger to his or her nose, walking in a straight line while placing one foot in front of another, reciting the alphabet, or counting forward and backward are simple, unobtrusive, and efficient. It does not appear to the court that administering one or all of the enumerated tests would have taken more than a few minutes at the most. Without doing so, the court finds that a reasonable officer would not have had sufficient information to believe that Hurst had committed the crime of driving under the influence of alcohol.

**Lawson v. Kolender, 658 F.2d 1362, 32 Fed.R.Serv.2d 962 (1981) NO THIS IS NOT A MISTAKE. Edward LAWSON, Plaintiff -Appellee, vs. William KOLENDER, in his capacity as Chief of Police of San Diego, John Duffy, in his capacity as Sheriff of San Diego County, e t al., Defendants -Appellants, and H. A. Porazzo, in his capacity as Deputy Chief Commander of the California Highway Patrol, Defendant -Appellant. Nos. 79 -3629, 79-3633, 79-3641, and 79-3685. (1981).**
California vagrancy statute, which required a person to provide reliable identification when requested by a police officer who had a reasonable suspicion of criminal activity violated the Fourth Amendment proscription against unreasonable searches and seizures since it subverted probable cause requirement for arrest and permitted an intrusion which could not be justified when balanced against government's interest in preventing crime.
U.S.C.A.Const. Amend. 4; West's Ann.Cal.Pen.Code, § 647(e).
**Due process clause requires that a penal statute give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.**
California vagrancy statute which required a person to provide reliable identification when requested by a police officer "if the surrounding circumstances are such as to indicate to a reasonable man that the public safety demands such identification" fail ed to identify any commonly understood act of suspicious circumstances of which ordinary citizens are aware and authorized arrest merely if suspicion of criminality happened to be created in mind of the arresting officer, and thus was unconstitutionally va gue.
**"a person who is stopped on less than probable cause cannot be punished for failing to identify himself."**

**LOPER v. Raimondo**
**LOPER v. RAIMONDO. LOPER BRIGHT ENTERPRISES, et al., Petitioners v. Gina RAIMONDO, Secretary of Commerce, et al. Relentless, Inc., et al., Petitioners v. Department of Commerce, et al. 22 -451 22-1219. (28 June 2024).**
[1] Article III of the Constitution assigns to the Federal Judiciary the responsibility and power to adjudicate "Cases and Controversies," which are

concrete disputes with consequences for the parties involved. U.S. Const. art. 3, § 2, cl. 1.

[3] It is emphatically the province and duty of the Federal Judiciary to say what the law is.

[4] Interpreting federal laws, in the last resort, is a solemn duty of the Federal Judiciary, and when the meaning of a statute is at issue, the judicial role is to interpret the act of Congress, in order to ascertain the rights of the parties.

[7] The interpretation of the meaning of federal statutes, as applied to justiciable controversies, is exclusively a judicial function. U.S. Const. art. 3, § 2, cl. 1.

[10] The Administrative Procedure Act (APA) codifies for agency cases the unremarkable yet elemental proposition that courts decide legal questions by applying their own judgment, without the APA prescribing a deferential standard for courts to employ in answering those legal questions. 5 U.S.C.A. § 706.

[12] The notion that some things "go without saying" applies to legislation just as it does to everyday life.

[16] In the business of statutory interpretation, if a federal agency's interpretation of a federal statute is not the best, it is not permissible.

[19] Lower courts are bound even by crumbling Supreme Court precedents.

[21] Lack of quality of the precedent's reasoning was a consideration favoring the overruling, as exception to doctrine of stare decisis, of Supreme Court's Chevron decision, which sometimes required courts to defer to "permissible" agency interpretations of ambiguous statutes that those agencies administered; Chevron had proved to be fundamentally misguided, it reshaped judicial review of agency action without the Chevron decision or any other Supreme Court decision grappling with the Administrative Procedure Act (APA), which laid out how judicial review worked, its flaws had nonetheless been apparent from the start, and for its entire existence it was a rule in search of a justification. 5 U.S.C.A. § 706.

[23] Courts Supreme Court decisions Supreme Court's Chevron decision, which sometimes required courts to defer to "permissible" agency interpretations of ambiguous statutes that those agencies administered, had not been a stable background rule that fostered meaningful reliance, as a consideration favoring the overruling of Chevron, as exception to stare decisis; given the Supreme Court's constant tinkering with and eventual turn away from Chevron and the lower courts' inconsistent application of it, it was hard to see how anyone Congress included—could reasonably expect a court to rely on Chevron in any particular case, and rather than safeguarding reliance interests, Chevron affirmatively destroyed them by allowing agencies to change course even when Congress had given them no power to do so.

[24] Part of judicial humility by the Supreme Court is admitting to and in certain cases correcting its own mistakes by overruling precedent, especially when those mistakes are serious.

18

[26] Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the Administrative Procedure Act (APA) requires, and courts need not, and under the APA may not, defer to an agency's interpretation of the law simply because a statute is ambiguous; overruling Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694. 5 U.S.C.A. § 706.

*Held*: The Administrative Procedure Act requires courts to exercise their independent judgment in deciding whether an agency has acted within its statutory authority, and courts may not defer to an agency interpretation of the law simply because a statute is ambiguous; *Chevron* is overruled. Pp. 7-35.

As Chief Justice Marshall declared in the foundational decision of *Marbury v. Madison*, "[i]t is emphatically the province and duty of the judicial department to say what the law is." 1 Cranch 137, 177. In the decades following *Marbury*, when the meaning of a statute was at issue, the judicial role was to "interpret the act of Congress, in order to ascertain the rights of the parties." *Decatur v. Paulding*, 14 Pet. 497, 515.

**McNally vs. U.S., 483 U.S. 350 (1987). 371 -372, Quoting U.S. v Holzer, 816 F.2d. 304, 307 (1987)**. Fraud in its elementary common law sense of deceit… includes the deliberate concealment of material information in a setting of fiduciary obligation.   A public official is a fiduciary toward the public,… and if he deliberately conceals material informati on from them he is guilty of fraud.

**\*Missouri v. McNeely, 569 U.S. 141, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (2013).** "In drunk-driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant." 569 U.S. 141 (2013).

**Mooney vs. Holohan, 294 U.S. 103, 112 (U.S. 1935).**   It is a requirement that cannot be deemed to be satisfied by mere notice and hearing if a State has contrived a conviction through the pretense of a  trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured. Such a contrivance by a State to procure the conviction and imprisonment   of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation.

**People v. Bruni, 406 Ill.App.3d 165, 940 N.E.2d 84 (2010).** "[t]he leading fourth amendment scholar has stated that 'the officer [conducting the sobriety checkpoint stop] should have an articulable suspicion that the motorist is intoxicated before detaining the motorist for an extended [DUI] investigation.' 5 W. LaFave, Search and Seizure § 10.8(d), at 378 (4th ed. 2004), quoting Note, 71 Geo. L.J. 1457, 1486 (1983). When such a suspicion exists, the detention is

tantamount to an investigatory detention under Terry v. Ohio, 392 U.S. 1 (1968), which held that a police officer may effect a limited investigatory stop where there exists a reasonable suspicion, based upon specific and articulable facts, that the person detained has committed or is about to commit a crime." Bruni, at 168.

*People v. Weathington*  (1991) 231 Cal.App.3d 69, 84 [282 Cal.Rptr. 170]  . "The manner in which a defendant drives is often evidence of whether he or she is under the influence of alcohol."

*People v. McGrath*  (1928) 94 Cal.App. 520, 524 [271 P. 549] . "The manner in which a motor vehicle is driven is a circumstance which may be considered in determining whether or not the driver was under the influence of intoxicating liquor."

**\*Roadway Express vs. Pipe, 447 U.S. 752 at 757 (1982)**   "Due to sloth, inattention or desire to seize tactical advantage,  *lawyers have long engaged in dilatory practices*   ... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law."

**Ryan v. Commission on Judicial Performance, (1988) 45 Cal. 3d 518, 533**
Before sending a person to jail for contempt or imposing a fine, judges are required to provide due process of law, including strict adherence to the procedural requirements contained in the Code of Civil Procedure. Ignorance of these procedures is not a mitigating but an aggravating factor.

**Saucier v. Katz 533 U.S. 194, 121 S.Ct. 2151**  , wherein it was decided; Qualified immunity is void because a civil officer of the United States conduct violated such a right.

**Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964)**   . 1. "Statements of counsel in brief or argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." 2. "An attorney for the Plaintiff cannot submit evidence into court. He is either an attorney or a witness." 3. "Where there are no depositions, admissions or affidavits the court has no facts to rely on for a summary determination."

**U.S. v. Lang 792 F.2d 1235 (4th Cir. 1986).**   The first issue this case raises, and the most significant, is whether an individual holding corporate documents in a representative capacity may assert a fifth amendment privilege against producing those documents in response to a subpoena. Circuits addressing the question have split over the answer. Some confusion exists in the wake of recent Supreme Court decisions on the relationship of the fifth amendment to business-related documents.

Traditionally, the fifth amendment privilege could be claimed to shield production of private documents belonging to a natural person, Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886), but could not be claimed by an organized entity like a corporation, Hale v. Henkle, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906). Corporate officials seeking to claim an individual fifth amendment privileges were denied protection because of the policy that a custodian should not be able to shield the collective entity (which has no fifth amendment privilege) from governmental scrutiny by asserting a personal right. United States v. White, 322 U.S. 694, 699, 64 S.Ct. 1248, 1251, 88 L.Ed. 1542 (1944); Wilson v. United States, 221 U.S. 361, 378-79, 31 S.Ct. 538, 543, 55 L.Ed. 771 (1911). Under this rule, custodians assume the rights, duties, and privileges of the artificial entity of which they are agents or officers and they are bound by its obligations. The official records and documents that are held by them in a representative rather than personal capacity cannot be the subject of the personal privilege against self-incrimination, even though production of the papers might tend to incriminate them personally. White, 322 U.S. at 699, 64 S.Ct. at 1251.

**United States v. Trump, F.Supp.3d (2023) 2023 WL 8615775**    Only the Westlaw citation is currently available. United States District Court, District of Columbia. UNITED STATES of America, v. Donald J. TRUMP, Defendant. Criminal Action No. 23-257 (TSC) Signed December 13, 2023

[1] The filing of a notice of appeal is an event of jurisdictional significance, because it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

OPINION AND ORDER:

[1]"The filing of a notice of appeal is an event of jurisdictional significance —it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). In Coinbase, Inc. v. Bielski, 599 U.S. 736, 739–44, 143 S.Ct. 1915, 216 L.Ed.2d 671 (2023), the Supreme Court applied the Griggs principle to an interlocutory appeal of the denial of a mo tion to compel arbitration, holding that any further proceedings before the district court must automatically be stayed. The Court reasoned that because "whether the litigation may go forward in the district court is precisely what the court of appeals mus t decide[,] ... it makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one."

Id. at 741, 143 S.Ct. 1915 (quotations omitted). And the Court analogized its holding to similar decisions in the context of appeals involving immunity and double jeopardy. Id. at 742, 143 S.Ct. 1915.

[4] The court emphasizes two limits on that stay. First, as Defendant notes, the stayed deadlines and proceedings are "held in abeyance,"

**U.S. v. Tweel, 550 F.2d 297, 299 -300 (1977)** "Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading... We cannot condone this shocking conduct...If that is the case we hope our message is clear. This  sort of deception will not be tolerated and if this is routine it should be corrected immediately"

**Vaughn v. State, 247 Ga. 136, 137 (274 S.E.2d 479) (1981) .** "`[w]hether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it  — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'"

## JURISDICTIONAL VIOLATIONS :

**Main v. Thiboutot, 448 U.S. 1 (1980).**   "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." The right of action created by statute relating to deprivation under color of law, of a right secured by the constitution and the laws of the United States  and comes claims which are based solely on statutory violations of Federal Law and applied to the claim that claimants had been deprived of their rights, in some capacity, to which they were entitled."

**Melo v. US, 505 F2d 1026.**  "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action."

**U.S. v. Lopez and Hagans v. Levine**    both CASES void because of lack of jurisdiction. In Lopez the circuit court called it right, and in Hagans it had to go to the Supreme Court before it was called right, in both cases, void. If you read the Supreme Court cases you will find that  jurisdiction can be challenged at any time and in the case of Lopez it was a jury trial which was declared void for want of jurisdiction. If it [jurisdiction] doesn't exist, it can not justify conviction or judgment. Without which power (jurisdiction) the state CANNOT be said to be "sovereign." At best, to proceed would be in "excess" of jurisdiction which is as well fatal to the State's/ USA's cause. Broom v. Douglas, 75 Ala 268, 57 So 860 the same being Jurisdictional facts  FATAL to the government's cause (e.g. see In re FNB, 152 F 64).

**US v. Rogers 23 F. 658.** The question of jurisdiction in the court either over the person, the subject matter or the place where the crime was committed can be raised at any stage of the criminal proceeding; it is never presumed, but must always be proved; and it is never waived by the defendant.

# WARRANTS;
# ILLEGAL SEARCH AND SEIZURE, PROBABLE CAUSE:

**Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).**

Warrant for search of automobile was invalid because it was not issued by a "neutral and detached magistrate," where determination of probable cause was made by the chief enforcement agent of the state, the Attorney General, who was actively in charge of criminal investigation and later was to be chief prosecutor at the trial. U.S.C.A.Const. Amends. 4, 14.

Attorney General who was actively in charge of criminal investigation and later was to be chief prosecutor at trial was per se disqualified from determining whether there was probable cause to issue search warrants. U.S.C.A.Const. Amends. 4, 14.

Prosecutors and policemen cannot be asked to maintain requisite neutrality to make determination of whether there is probable cause to issue search warrant in case they are investigating. U.S.C.A.Const. Amends. 4, 14.

Even if any magistrate, confronted with showing of probable cause made by police, would have issued search warrant, that did not render irrelevant the fact that determination of probable cause was made by Attorney General, who was actively in charge of the criminal investigation, and did not render the warrant valid. U.S.C.A.Const. Amends. 4, 14.

**Constitutional provisions for security of person and property should be liberally construed.** *COMMENT: This is for a murder trial, surely the standard is higher than for misdemeanor challenges, therefore this decision is relevant for lesser crimes as well as serious felonies.

It is duty of courts to be watchful for constitutional rights of the citizens and against any stealthy encroachments thereon.

Those seeking exemption from constitutional rule that searches conducted outside judicial process, without prior approval by judge or magistrate, are per se unreasonable under Fourth Amendment must show that exigencies of the situation made that course imperative. U.S.C.A.Const. Amend. 4.

Under certain circumstances, police may seize evidence in plain view without a warrant. (Per Mr. Justice Stewart with three Justices concurring and one Justice concurring in the judgment.) U.S.C.A.Const. Amends. 4, 14.

23

Plain view alone is never enough to justify warrantless seizure of evidence. (Per Mr. Justice Stewart with three Justices concurring and one Justice concurring in the judgment.) U.S.C.A.Const. Amends. 4, 14.

**No amount of probable cause can justify a warrantless search or seizure, in absence of exigent circumstances.**    (Per Mr. Justice Stewart with three Justices concurring and one Justice concurring in the judgment.) U.S.C.A.Const. Amends. 4, 14.

Where police know in advance the location of evidence and intend to seize it, requirement of warrant to seize imposes no inconvenience, or at least none which is constitutionally cognizable. (Per Mr. Justice Stewart with three Justices concurring and one Justice concurring in the judgment.) U.S.C.A.Const. Amends. 4, 14.

When the right of privacy must reasonably yield to the right of search is, as a rule, to be decided by a judicial officer, not by a policeman or Government enforcement agent.

**FRANK [AARON D.] Appellant v. STATE OF MARYLAND. 79 S. Ct. 804 (1959).**
The security of one's privacy against arbitrary intrusion by the police is fundamental to a free society and as such protected by the Fourteenth Amendment.
If a search warrant be constitutionally required, the requirement cannot be flexibly interpreted to dispense with rigorous constitutional restrictions for its issue.

**Illinois v. Wardlow, 528 U.S. 119 (2000).**   "The Fourth Amendment requires that seizures be based on reasonable suspicion, which must be grounded in specific and articulable facts. The Court has made clear that suspicion alone, even if reasonable, is not enough to justify an arrest. In the case of Wardlow, the Court found that the officer had reasonable suspicion based on specific facts, namely the defendant's sudden flight in a high-crime area, but it emphasized that such suspicion cannot be based on vague or generalized beliefs. **Mere suspicion or behavior that is insufficiently tied to criminal activity does not rise to the level of probable cause or reasonable suspicion**    ."

**\*Keehn v. Town of Torrington, 834 P.2d 112, 115 (Wyo. 1992).**
"A third legal reality worth noting is that it is lawful in Wyoming as in other states, to drink and drive safely. Wyo. Stat. §31-5-233 (June, 1989). A peace officer may not arrest an individual for DWUI merely because it is late at night and, during an unrelated traffic stop, the officer detects the odor of alcohol. Rather, the peace officer must have probable cause to believe the individual has actual physical control of a motorized vehicle while legally intoxicated. The mere presence of alcohol or the odor of alcohol is not sufficient, by itself, to justify an

arrest for driving while under the influence of alcohol. Probable cause requires more than suspicion or a vague belief that the driver may be impaired."

**Mincey v. Arizona, 437 U.S. 385 (1978)** . A warrant is a written order signed by a court authorizing a law-enforcement officer to conduct a search, seizure, or arrest. Searches, seizures, and arrests performed without a valid warrant are deemed presumptively invalid, and any evidence seized without a warrant will be suppressed unless a court finds that the search was reasonable under the circumstances.

An application for a warrant must be supported by a sworn, detailed statement made by a law enforcement officer appearing before a neutral judge or magistrate. The Supreme Court has said that probable cause exists when the facts and circumstances within th e police officer's knowledge provide a reasonably trustworthy basis for a man of reasonable caution to believe that a criminal offense has been committed or is about to take place (see *Carroll v. United States*, 267 U.S. 132 (1925). Also see **Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).**

**Monroe v. Papa, DC, Ill. 1963, 221 F Supp 685**. "The fact that the petitioner was released on a promise to appear before a magistrate for an arraignment, that fact is circumstance to be considered in determining whether in first instance there was a probable cause for the arrest."

**Napue v. People of State of Ill., 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). Henry NAPUE, Petitioner, v. PEOPLE OF THE STATE OF ILLINOIS. No. 583.**

[2] Conviction obtained through use of false testimony, known to be such by representatives of the State, is a denial of due process, and there is also a denial of due process, when the State, though not soliciting false evidence, allows it to go uncorrected when it appears. U.S.C.A.Const. Amend. 14.

[6] The United States Supreme Court has the duty to make its own independent examination of the record to determine facts when federal constitutional deprivations are alleged.

[7] In cases in which there is a claim of denial of rights under the Federal Constitution, the United States Supreme Court is not bound by factual conclusions of lower courts, but will re-examine the evidentiary basis on which those conclusions are founded.

OPINION: [3] The principle that a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction, implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to the credibility of the witness. The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.

**Navarette v. California, 572 U.S. 393 (2014).** We have repeatedly emphasized that reasonable suspicion is based on the totality of the circumstances. In this case, the officer's decision to stop Navarette was supported by a tip that was deemed reliable because it was made by a citizen informant, and the officer corroborated the information by observing the vehicle in question. However, the Court made clear that mere hunches or vague suspicions are insufficient to support a stop under the Fourth Amendment. Specific and articulable facts must be present to support reasonable suspicion that criminal activity is afoot.

**Newby v. State, 19 McCanless 609, 215 Tenn. 609, 388 S.W. 2d 136 (1965).**

"The bare fact that there was an odor of intoxicant on his person is not sufficient to support a finding that he was driving under the influence of an intoxicant."

**\*People v. Brendlin, 45 Cal. 4th 262 (2008),** The California Supreme Court held that during a traffic stop, a passenger is considered "seized" under the Fourth Amendment, and therefore has standing to challenge the legality of the stop. The Court stated: "We conclude that during a traffic stop an automobile passenger is detained, or 'seized,' for Fourth Amendment purposes and therefore may challenge the legality of the stop."

**\*People v. Hicks, 39 Cal.3d 858, 860 (1985)** While the odor of alcohol may suggest the possibility of driving under the influence, it is not, by itself, sufficient to establish probable cause for a DUI arrest. The California Supreme Court held that mere evidence of alcohol consumption, without more concrete indicators of impairment such as erratic driving, poor coordination, or other signs of intoxication, does not rise to the level of probable cause. The court emphasized that the mere smell of alcohol or the presence of alcohol in a vehicle, without additional corroborating evidence, is not enough to justify an arrest for DUI.

**People v. Smith, 151 Cal. App. 3d 491 (1984).** The California Court of Appeal held that a trial court lacks jurisdiction to modify a defendant's sentence after execution of the sentence has begun, unless a statute specifically provides otherwise. The Court stated: "The attempted modification of the previously imposed sentence was beyond the trial court's jurisdiction."

**\*Rios v. U.S., 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960)**
If arrest without warrant occurred when officers had no probable cause for an arrest, then nothing that occurred afterwards could make arrest lawful or justify search as its incident.
**Evidence seized in an unreasonable search by state officers is to be excluded from federal criminal trial upon a timely objection** of a defendant who has standing to complain.

A passenger who lets a package drop to floor of taxicab in which he is riding cannot be held to have abandoned it and to have thereby lost right to claim that officers taking it into their possession made unlawful seizure. *This decision is based off of the 'plain view doctrine'. If they can see it, it is evidence. HOWEVER, it was not challenged that the defendant did see the package and leave it alone, because it was not his. He had no duty to report it to the driver. If, therefore, the arrest occurred when the officers took their positions at the doors of the taxicab, then nothing that happened thereafter could make that arrest lawful, or justify a search as its incident. *The police followed the taxicab and when they pulled the taxi driver over, the police already had the intention to arrest the passenger and therefore silver platter doctrine did not apply. See Jones vs. U.S. 357 U.S. 493.

3. One of the justices actually said: 'I find him not guilty as charged. They will get you sometime, Rios; they didn't get you this time but they will sometime.'

**State v. Mastrian, 171 N.W.2d 695 (1969)**; Butler v. State, 212 So.2d 577 (Miss 1968) (emphasis added ). "Any arrest made without a warrant, if challenged by the defendant, is presumptively invalid...the burden is upon the state " to justify it as authorized by statute, and as not violative of constitutional provisions.

**\*State v. McKinney, 2011 -Ohio-2492, ¶ 21 (Ohio App. 2d Dist. 2011)** . "The Court held that the odor of alcohol, combined with a minor traffic violation, does not automatically provide probable cause for a DUI arrest. The officer must have additional facts indicating that the driver is under the influence or impaired. Minor traffic violations, such as failing to use a turn signal or crossing the lane marker, do not, by themselves, support a reasonable suspicion of DUI. The court emphasized that there must be o ther evidence, such as erratic driving or signs of physical impairment, to establish probable cause for an arrest."

**\*State v. Segi, No. 18267, 2000 Ohio App. LEXIS 3880 (Ohio Ct. App. Aug. 18, 2000).** "While the odor of alcohol and a minor traffic violation are relevant factors, they alone are not sufficient to establish probable cause for a DUI arrest. The court ruled that probable cause requires more than just suspicion or inconclusive evidence. The officer must observe signs of actual impairment — such as erratic driving, lack of coordination, or failing field sobriety tests —before making a DUI arrest. The mere presence of alcohol or the odor of alcohol is insufficient to justify the stop or arrest without other reliable indicia of intoxication."… In essence, "Odor of alcohol is insufficient, by itself, to trigger a reasonable suspicion of DUI, and nominal traffic violati ons, being common to virtually every driver, add nothing of significance. The law prohibits drunken driving, not driving after a drink. Smelling too drunk to drive, without other reliable indicia of intoxication, is not enough to constitute probable cause to arrest. While the officer's testimony regarding Segi's admission of alcohol consumption and the presence of a strong odor of alcohol is relevant, it does

not, on its own, provide a sufficient basis for probable cause to arrest. The officer's observations of Segi's driving behavior, i.e., crossing the white line edge marker three times, are typical, minor traffic violations, and standing alone, do not rise to the level of reasonable suspicion of DUI."

**\*State v. Paulick, 277 Minn. 140, 151 N.W.2d 596 (1967).**    No rubber-stamp "signature" "The United States Supreme Court ... stressed the need for 'individualized review' to avoid the issuance of 'rubber stamp' warrants."
Adequacy of procedural safeguards cannot be judged on the basis of whether offense is a misdemeanor or a felony.
Federal and State Constitutions require that in prosecutions for violation of municipal ordinances as well as in prosecutions for felonies complaints be received and warrants be issued by a magistrate rather than by a clerk of court. U.S.C.A.Const. Amend. 4; M.S.A.Const. art. 1, § 10.
Function of hearing complaints and issuing arrest warrants cannot be delegated by judiciary since they require both a knowledge of law and authority to grant or refuse request of law enforcement officers to initiate criminal procedures. U.S.C.A.Const. Amends. 4, 14; M.S.A.Const. art. 1, § 10.
Statute permitting clerks and deputy clerks of Hennepin County Municipal Court to receive complaints and issue warrants in prosecutions under municipal ordinances is unconstitutional. M.S.A. § 488A.10, subds. 3, 7; Const. art. 1, § 10; U.S.C.A.Const. Amends. 4, 14.
The functions of hearing complaints and issuing warrants cannot be delegated by the judiciary, since they require both a knowledge of the law and the authority to grant or refuse the request of law-enforcement officers to initiate criminal procedures.

**\*United States v. Arvizu, 534 U.S. 266 (2002).**    "Reasonable suspicion is a less demanding standard than probable cause, but it still requires that law enforcement officers be able to point to specific and articulable facts that justify the intrusion. In this case, the Court found that the totality of circumstances—observing the defendant's vehicle in a manner consistent with smuggling patterns—supported reasonable suspicion. The Court clarified that suspicion must not be based on a general hunch but on specific facts, reinforcing that an officer's subjective belief or vague impressions, such as detecting alcohol, without further evidence of impairment, are insufficient to justify an arrest or stop."

**U.S. v. Hotal, 143 F.3d 1223 (1998) 9th Cir.**    To comply with Fourth Amendment, anticipatory search warrant must either on its face or on the face of the accompanying affidavit clearly, expressly, and narrowly specify the triggering event. Consent to search that is given after illegal entry is tainted and invalid under the Fourth Amendment.

# Appendix A-5: Exhibit List and Witness List and Definitions

**A-5.1**

## IN THE SUPERIOR COURT OF CALIFORNIA,

## SOUTHWEST JUSTICE CENTER,
### RIVERSIDE COUNTY,



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 1 1 2025

| | |
|---|---|
| STATE OF CALIFORNIA ) <br>     Plaintiff, ) <br> -vs- ) <br> ) <br> MICHAEL ANDREW CAREY, ) <br>     Defendant, ) <br> _____ ) | CASE NO.: _____ <br> SWM2402170 <br><br> DEPT. NO. S201 <br><br> JUDGE: <br> HARRY M. ELIAS et., al., |

### EXHIBIT LIST and WITNESS LIST and DEFINITIONS

    Comes now Michael-Andrew: Carey hereinafter known as Mike or Michael or Mr. Carey, by special appearance, for the purpose of settling all Claims and Charges outstanding, and who honorably files this EXHIBIT AND WITNESS LIST (10 pages) in accordance with 2009 California Penal Code - Section 054-1054.10: Chapter 10. Discovery. Duty to Disclose; General Provisions Governing Discovery, Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions.

**EXHIBIT and WITNESS LIST:**

LIST OF EXHIBITS TO BE ENTERED INTO EVIDENCE AT THE EARLIEST HEARING:

ALL FILED AND RECEIVED PAPERWORK and OTHER EVIDENCE:
1) AFFIDAVIT of Michael-Andrew: Carey FIRST NOTICE with POINTS and AUTHORITIES dated 24 January, 2025 (25 Pages).
2) PROOF OF SERVICE BY MAIL (AFFIDAVIT OF SERVICE) OF DYLAN BEAUREGARD (FL-335) dated 24 January, 2025 (1 Page).
3) USPS PROOF OF DELIVERY- CERTIFIED MAIL (2 Pages).
4) [CC] AFFIDAVIT + 5 Pages updated Cited Points and Authorities]- AFFIDAVIT of Michael-Andrew: Carey SECOND NOTICE with POINTS and AUTHORITIES dated 05 February, 2025 (30 Pages).
5) PROOF OF SERVICE BY MAIL (AFFIDAVIT OF SERVICE) OF BRUNO AMADOR AVILES (FL-335) dated 5 February, 2025 (1 Page).
6) USPS PROOF OF DELIVERY- CERTIFIED MAIL (1 Pages).
7) [CC] AFFIDAVIT of Michael Andrew Carey NOTICE OF DEFAULT with POINTS and AUTHORITIES dated 18 February, 2025 (30 Pages).
8) PROOF OF SERVICE BY MAIL (AFFIDAVIT OF SERVICE) OF BRUNO AMADOR AVILES (FL-335) dated 18 February, 2025 (1 Page).
9) USPS PROOF OF DELIVERY- CERTIFIED MAIL (1 Pages).
10) Any and all paperwork entered into the Court Record pertaining to litigation between THE STATE OF CALIFORNIA and Michael-Andrew: Carey, Administrator and Beneficiary of MICHAEL ANDREW CAREY, rather labeled "filed" or "received".

11) All Evidentiary Digital Exhibits submitted or produced as evidentiary by the prosecution
and not produced but requested by myself. (i.e., VIDEO RECORDINGS OF ALL
HEARINGS AS DEEMED RELEVANT).
   a. DASH CAMERA (CAM) FOOTAGE ETC
   b. (UNPROVIDED) Mobile video audio recording system (MVARS) of each CHP
      Officer incident to the arrest in controversy.

**WITNESS LIST:**
Each person listed on the Plaintiff's (STATE OF CALIFORNIA) witness list, especially all Civil
Officers of the United States a.k.a. Law Enforcement Officers).

**A. The Defendant**:
   1) Michael Andrew Carey et al, a.k.a. Plaintiff, a.k.a. Defendant,
   32447 Whispering Glen Trail
   WILDOMAR, CALIFORNIA 92595
   michaelcarey1007@yahoo.com

**B. The Arresting Officers**:
   1)  U.S. Civil Officer; CALIFORNIA HIGHWAY PATROL OFFICER C. FLORES et al,
   a.k.a. #20989, a.k.a. FLORES
   CALIFORNIA HIGHWAY PATROL OFFICER
   27685 COMMERCE CENTER DR, TEMECULA, CA 92590
   TEMECULA, RIVERSIDE COUNTY, CALIFORNIA 92590
   (951) 506-2000

   2) U.S. Civil Officer; CALIFORNIA HIGHWAY PATROL OFFICER J. ENERSON et al,
   a.k.a. #20637, a.k.a. ENERSON
   CALIFORNIA HIGHWAY PATROL OFFICER
   27685 COMMERCE CENTER DR, TEMECULA, CA 92590
   TEMECULA, RIVERSIDE COUNTY, CALIFORNIA 92590
   (951) 506-2000

   3) U.S. Civil Officer; CALIFORNIA HIGHWAY PATROL OFFICER M. JACKSON et al,
   a.k.a. #16986, a.k.a. JACKSON
   CALIFORNIA HIGHWAY PATROL OFFICER
   27685 COMMERCE CENTER DR, TEMECULA, CA 92590
   TEMECULA, RIVERSIDE COUNTY, CALIFORNIA 92590
   (951) 506-2000

**C. ADDITIONAL WITNESSES FOR THE DEFENSE**:
   1) BRUNO AMADOR AVILES
   32447 Whispering Glen Trail
   WILDOMAR, CA 92595
   (951) 265-1826

   2) EDWARD CONTRERAS
   UNKNOWN ADDRESS
   (951) 236-5096

   3) JOHN/ JANE DOE'S (To Be Determined)

**POINTS AND AUTHORITIES:**

Including but not limited to CITED POINTS AND AUTHORITIES of previous documents entered into the court's records (state court and/ or federal court engaged in this controversy).

**FEDERAL LAWS (UNITED STATES CODES): Inclusive**

[Judges are public servants, whether they are appointed or elected. And judges are charged with serving their fellow citizens during their most vulnerable moments: When someone's liberty, perhaps even his or her life, is at stake in a criminal proceeding.]
28 U.S.C.A. 454 – Practice of Law by a Justices and Judges.
     Any justice or judge appointed under the authority of the United States who engages in the practice of law is guilty of a high misdemeanor.

28 U.S.C.A. 455 – Disqualification of justice, judge, or magistrate judge.
   **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
   **(e)** No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

**CALIFORNIA VEHICLE CODES AND CALCRIM:**

**California Vehicle Code 21658(a). [Count 1]**
Whenever any roadway has been divided into two or more clearly marked lanes for traffic in one direction, the following rules apply:
(a) A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until such movement can be made with reasonable safety.

**California Vehicle Code 23152(b) [Count 2]**
(a) It is unlawful for a person who is under the influence of any alcoholic beverage to drive a vehicle.
(b) It is unlawful for a person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle.
For purposes of this article and Section 34501.16, percent, by weight, of alcohol in a person's blood is based upon grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath.
In any prosecution under this subdivision, it is a rebuttable presumption that the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of driving the vehicle if the person had 0.08 percent or more, by weight, of alcohol in his or her blood at the time of the performance of a chemical test within three hours after the driving.

**CALCRIM No. 2110. Driving Under the Influence (Veh. Code, § 23152(a), (f), (g)) ((EXTENDED) Entire Jury Instructions Document, pages 1354-1358 (5 Pages)).**

To prove that the defendant is guilty of this crime, the People must prove that:

1. The defendant drove a vehicle;

AND

2. When (he/she) drove, the defendant was under the [combined] influence of (an alcoholic beverage/ [or] a drug/ [or] an alcoholic beverage and a drug).

A person is under the influence if, as a result of (drinking [or consuming] an alcoholic beverage/ [and/or] taking a drug), his or her mental or physical abilities are so impaired that he or she is no longer able to drive a vehicle with the caution of a sober person, using ordinary care, under similar circumstances.

The manner in which a person drives is not enough by itself to establish whether the person is or is not under the influence of (an alcoholic beverage/ [or] a drug) [or under the combined influence of an alcoholic beverage and a drug]. However, it is a factor to be considered, in light of all the surrounding circumstances, in deciding whether the person was under the influence.

**FEDERAL, APPELLATE, CIRCUIT, AND SUPREME COURT CASE LAW:**

**American Mutual Liability Ins. Co., vs. Chaput**, 60 A.2d 118, 120; 95 NH 200 (1948).

"The word `automobile' connotes a pleasure vehicle designed for the transportation of persons on highways."

**City of Dayton vs. DeBrosse**, 23 NE.2d 647, 650; 62 Ohio App. 232 (1939).

The term `**motor vehicle**' is different and broader than the word `**automobile**.'"

*Hale vs. Hinkel*, 201 US 43, 74-75 (1906).

[When the State allows the formation of a corporation it may control its creation by establishing guidelines (statutes) for its operation (charters). Corporations who use the roads in the course of business do not use the roads in the ordinary course of life. There is a difference between a corporation and an individual. The United States Supreme Court has stated:] "...We are of the opinion that there is a clear distinction in this particular between an individual and a corporation, and that the latter has no right to refuse to submit its books and papers for examination on the suit of the State. The individual may stand upon his Constitutional Rights as a Citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the State or to his neighbors to divulge his business, or to open his doors to investigation, so far as it may tend to incriminate him. He owes no such duty to the State, since he receives nothing therefrom, beyond the protection of his life, liberty, and property. His Rights are such as the law of the land long antecedent to the organization of the state, and can only be taken from him by due process of law, and in accordance with the Constitution. Among his Rights are the refusal to incriminate himself, and the immunity of himself and his property from arrest or seizure except

4

under warrant of law. He owes nothing to the public so long as he does not trespass upon their rights.

"Upon the other hand, the corporation is a creature of the state. It is presumed to be incorporated for the benefit of the public. It receives certain special privileges and franchises, and holds them subject to the laws of the state and the limitations of its charter. Its rights to act as a corporation are only preserved to it so long as it obeys the laws of its creation. There is a reserved right in the legislature to investigate its contracts and find out whether it has exceeded its powers. It would be a strange anomaly to hold that the State, having chartered a corporation to make use of certain franchises, could not in exercise of its sovereignty inquire how those franchises had been employed, and whether they had been abused, and demand the production of corporate books and papers for that purpose."

**Icon Health and Fitness, Inc. v. Strava, Inc., 849 F.3d 1034 (2017). 122 U.S.P.Q.2d 1238 United States Court of Appeals, Federal Circuit. ICON HEALTH AND FITNESS, INC., Appellant v. STRAVA, INC., UA Connected Fitness, Inc., Appellees.**
[2] "Substantial evidence" is something less than the weight of the evidence but more than a mere scintilla of evidence.
The ultimate determination of obviousness is a question of law, but that determination is based on underlying factual findings. 35 U.S.C.A. § 103(a).
[Officer conclusory statements inconsistent with law are not sufficient evidence].

**<u>International Motor Transit Co. vs. Seattle</u>, 251 P. 120 (Wash. 1926).**
"A motor vehicle or automobile for hire is a motor vehicle, other than an automobile stage, used for the transportation of persons for which remuneration is received."

**Kent v. Dulles, 357 U.S. 116, 125-129 (1958).**
(a) The right to travel is a part of the "liberty" of which a citizen cannot be deprived without due process of law under the Fifth Amendment. Pp. <u>357 U. S. 125</u>-127.
(e) If a citizen's liberty to travel is to be regulated, it must be pursuant to the lawmaking functions of Congress, any delegation of the power must be subject to adequate standards, and such delegated authority will be narrowly construed. P. <u>357 U. S. 129</u>.

**<u>Miller vs. U.S.</u>, 230 F.2d 486, 489 (1956).**
"The claim and exercise of a constitutional Right cannot be converted into a crime."

**People v. Perez, 221 Cal. App. 3d 9 (1990)** In Perez, the officer stopped the defendant for "weaving" within a single lane. The Court held: "The statute does not proscribe weaving within a lane. The language is clear: a violation occurs only when a vehicle is moved from the lane 'until such movement can be made with reasonable safety."
The California Court held that minor weaving within a lane, without crossing lane lines, does not provide reasonable suspicion for violation of VC 21658 or for initiating a DUI stop. It found that the stop was invalid because there was no reasonable suspicion of an actual violation.

TAKE NOTICE: Vehicle Code 21658(a) states, "A vehicle shall be driven as nearly as practicable **entirely within a single lane** and shall not be moved from the lane until such movement can be made with reasonable safety."

**Robertson vs. Department of Public Works, 39 P.2d 596, 180 Wash 133, 147 (1934).**
"Complete freedom of the highways is so old and well established a blessing that we have forgotten the days of the Robber Barons and toll roads, and yet, under an act like this, arbitrarily administered, the highways may be completely monopolized, if, through lack of interest, the people submit, then they may look to see the most sacred of their liberties taken from them one by one, by more or less rapid encroachment."

**Snerer vs. Cullen, 481 F.2d 945 at 946 (9th Cir. 1973).**
"There can be no sanction or penalty imposed upon one because of this exercise of constitutional Rights."

**State v. Tarvin, 972 N.E.2d 1249 (Ohio Ct. App. 2012).**
The Court held that "weaving within one's own lane, without more," is not sufficient to constitute a reasonable suspicion of impaired driving.

**United States v. Colin, 314 F.3d 439 (9th Cir. 2002)**
In Colin, the Ninth Circuit ruled that:
"Two instances of a vehicle drifting briefly onto the shoulder… and then back into the lane, without more, do not establish reasonable suspicion of a traffic violation."
The Court held that minor, momentary drifting within a lane or barely crossing a line, without any other indication of impairment or danger, is not enough to justify a traffic stop.
In U.S. v. Colin (9th Cir. 2002) 314 F.3d 439, the officer stopped a car that had been traveling on the highway at 70 miles an hour after observing it "drift onto the solid white fog line on the far side of the right lane, . . . travel along the fog line for approximately ten seconds . . . then drift to the left side of the right lane, . . . and move into the left lane. It then . . . drifted to the left side of the left lane where its left wheels traveled along the solid yellow line for approximately ten seconds. The car then returned to the center of the left lane, . . . and moved into the right lane." (Colin, supra, 314 F.3d at p. 441.)
The driver signaled before each lane change. (Ibid.)
The Ninth Circuit Court of Appeals held the traffic stop unlawful, because there was neither " 'pronounced weaving,' " nor a "weave for a 'substantial distance' " (id. at p. 446); rather, the vehicle simply "touched the right fog line and the center yellow line each for 10 seconds, after legitimate lane changes." (Ibid.)
Under this set of facts, the appellate court concluded that the evidence was insufficient for the officer to have maintained a reasonable suspicion that the car's driver was under the influence. (Id. at p. 445.)

**PERSONAL LIBERTY, AS RELEVANTLY DEFINED BY LAW:**

**Personal liberty**, or the Right to enjoyment of life and liberty, is one of the fundamental or natural Rights, which has been protected by its inclusion as a guarantee in the various constitutions, which is not derived from, or dependent on, the U.S. Constitution,

which may not be submitted to a vote and may not depend on the outcome of an election. It is one of the most sacred and valuable Rights, as sacred as the Right to private property ... and is regarded as inalienable." **16 C.J.S., Constitutional Law, Sect.202, p.987**

**Personal liberty largely consists of the Right of locomotion** -- to go where and when one pleases -- only so far restrained as the Rights of others may make it necessary for the welfare of all other citizens. The Right of the Citizen to travel upon the public highways and to transport his property thereon, by horse drawn carriage, wagon, or automobile, is not a mere privilege which may be permitted or prohibited at will, but the common Right which he has under his Right to life, liberty, and the pursuit of happiness. Under this Constitutional guarantee one may, therefore, under normal conditions, travel at his inclination along the public highways or in public places, and while conducting himself in an orderly and decent manner, neither interfering with nor disturbing another's Rights, he will be protected, not only in his person, but in his safe conduct." **II Am.Jur. (1st) Constitutional Law, Sect.329, p.1135**

**Personal liberty** -- consists of the power of locomotion, of changing situations, of removing one's person to whatever place one's inclination may direct, **without imprisonment or restraint unless by due process of law**." **Bovier's Law Dictionary, 1914 ed., Black's Law Dictionary, 5th ed. Blackstone's Commentary 134; Hare, Constitution. Pg. 777**

**FEDERAL LAWS (UNITED STATES CODES): Inclusive.
DEFINITIONS:**

1) "Action", in the sense of a judicial proceeding, includes recoupment, counterclaim, set-off, suit in equity, and any other proceeding in which rights are determined.
2) "Aggrieved party" means a party entitled to pursue a remedy.
3) "Agreement", as distinguished from "contract", means the bargain of the parties in fact, as found in their language or inferred from other circumstances, including course of performance, course of dealing, or usage of trade as provided in Section 1-303.
4) Michael Andrew Carey/ Michael-Andrew: Carey means a Natural Person and/ or A California National and/ or A Sovereign and/ or an Individual as defined by TITLE 18 Section 1101 (21), and/ or One of the People born in the territory of California and/ or The clearly established and specifically designated Administrator and Beneficiary of the U.S. Constitution, A.k.a. Michael, a.k.a. Defendant.
5) Audio Recording means any and or all audio recordings which may include but may not include video.
6) Belligerent means in international law as an adjective, it means to engage in a lawful war.  As a noun, it designates either of two nations which are actually in a state of war with each other, as well as their allies actively co-operating, as distinguished from a nation which takes no part in the war and maintains a strict indifference as between the contending parties, called a "neutral".

7) "Bill of lading" means a document evidencing the receipt of goods for shipment issued by a person engaged in the business of transporting or forwarding goods.

8) "Burden of establishing" a fact means the burden of persuading the trier of fact that the existence of the fact is more probable than its nonexistence.

9) "Buyer in ordinary course of business" means a person that buys goods in good faith, without knowledge that the sale violates the rights of another person in the goods, and in the ordinary course from a person, other than a pawnbroker, in the business of selling goods of that kind. A person buys goods in the ordinary course if the sale to the person comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller's own usual or customary practices. A person that sells oil, gas, or other minerals at the wellhead or minehead is a person in the business of selling goods of that kind. A buyer in ordinary course of business may buy for cash, by exchange of other property, or on secured or unsecured credit, and may acquire goods or documents of title under a preexisting contract for sale. Only a buyer that takes possession of the goods or has a right to recover the goods from the seller under Article 2 may be a buyer in ordinary course of business. "Buyer in ordinary course of business" does not include a person that acquires goods in a transfer in bulk or as security for or in total or partial satisfaction of a money debt.

10) Civil Officer (of the United States) means but is not limited to; any and/ or all; Judges And/ or Administrators And/ OR CALIFORNIA HIGHWAY PATROL OFFICER And/ or Law Enforcement And/ or Lawyer And/ or Attorney  And/ or Guardian And/ or Corporation And/ or Agent Officer of the Court and also includes all those employed by the United States and the departments and instrumentalities and sub-divisions thereof at the City and/ or County and/ or State and/ or Federal level.

11) Color means an appearance, semblance, or simulacrum, as distinguished from that which is real.

12) **Color of Law** means The appearance or semblance, without the substance, of legal right.

13) "Conclusory" is an adjective: consisting of or relating to a conclusion or assertion for which no supporting evidence is offered.

14) "Conspiracy" means 'in criminal law' a combination or confederacy between 2 or more persons formed for the purpose of committing, by their joint efforts, some unlawful or criminal act.

15) "Conspicuous", with reference to a term, means so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it. Whether a term is "conspicuous" or not is a decision for the court. Conspicuous terms include the following: (A) a heading in capitals equal to or greater in size than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same or lesser size; and (B) language in the body of a record or display in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from surrounding text of the same size by symbols or other marks that call attention to the language.

16) "Consumer" means an individual who enters into a transaction primarily for personal, family, or household purposes.

17) "Contract", as distinguished from "agreement", means the total legal obligation that results from the parties' agreement as determined by the Uniform Commercial Code as supplemented by any other applicable laws.

18) "Creditor" includes a general creditor, a secured creditor, a lien creditor, and any representative of creditors, including an assignee for the benefit of creditors, a trustee in bankruptcy, a receiver in equity, and an executor or administrator of an insolvent debtor's or assignor's estate.

19) **Damages** means money that a defendant pays a plaintiff in a civil case if the plaintiff has won. Damages may be compensatory (for loss or injury) or punitive (to punish and deter future misconduct). Damages also means A pecuniary compensation or indemnity, which may be recovered in the courts by any person who has endured a loss, detriment, or injury, whether to his person, property or rights, through the unlawful act or omission or negligence of another.

20) De facto means (Latin) meaning "in fact" or "actually." Something that exists in fact but not as a matter of law.

21) Defalcation means misappropriation of money or funds held by an official, trustee, or other fiduciary. The sum misappropriated.

22) "Delivery", with respect to an instrument, document of title, or chattel paper, means voluntary transfer of possession.

23) De jure means (Latin) meaning "in law." Something that exists by operation of law.

24) **Driver** means, "any person who operates any commercial motor vehicle." – 49 CFR 390.5. Or "Someone who is employed in conducting coach, carriage, wagon **or other vehicle**." – Bovier's Law, 1914 [see point ]

25) Due process means; the constitutional guarantee that a litigant (usually the defendant) will receive a fair and impartial trial, being afforded all constitutional guidelines be followed (present evidence, face accusers, call witnesses, be informed of the nature and cause of action, etc.). In civil law, the legal rights of someone who confronts an adverse action threatening liberty or property.

26) Evidence means information presented in testimony or in physical form, that is used to persuade the fact finder (judge or jury) to decide the case in favor of one side or the other.

27) "**Exceptions**". Unless otherwise specifically provided, the rules in this subsection do not apply to- (3) The occasional transportation of personal property by individuals not for compensation and not in the furtherance of a commercial enterprise.;" – 49 C.F.R. 390.3(f)(3) **General applicability**.

28) Exclusionary Rule means doctrine that says evidence obtained in violation of a criminal defendant's constitutional or statutory rights is not admissible at trial.

29) Exculpatory Evidence means evidence indicating that a defendant did not commit the crime.

30) Exonerate means to make whole, to relieve of a responsibility, obligation, or hardship, to clear from accusation or blame and therefore to make the situation as though it never happened. Remove all records of the incident, public and private.

31) "Fault" means a default, breach, or wrongful act or omission.

32) Federal Question Jurisdiction means jurisdiction given to federal courts in cases involving the interpretation and application of the U.S. Constitution, acts of Congress, and treaties.

33) Foundation means Facts or Truths established by TESTIMONY or AFFIDAVIT or EVIDENCE, entered into the Court record and private record and public record with clean hands, good faith, fair business practices and full disclosure, to establish grounds (evidence, proof) for subsequent litigation(s).

34) "Fungible goods" means: (A) goods of which any unit, by nature or usage of trade, is the equivalent of any other like unit; or (B) goods that by agreement are treated as equivalent.

35) "Genuine" means free of forgery or counterfeiting.

36) "Good faith," except as otherwise provided in Article 5, means honesty in fact and the observance of reasonable commercial standards of fair dealing.

37) Hearsay means Statements of counsel or persons, in brief or argument, which are not supported by oath or affidavit. Rumors. Statements, which are not facts before the court. See Trinsey v. Frank J. Pagliaro and Albert Foreman 229 F. Supp. 647 (1964). Evidence presented by a witness who did not see or hear the incident in question but heard about it from someone else. With some exceptions, hearsay generally is not admissible as evidence at trial (see Evidence Code Section 1200 and Federal Rules of Evidence VIII).

38) "Holder" means: (A) the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession; or (B) the person in possession of a document of title if the goods are deliverable either to bearer or to the order of the person in possession.

39) Grand jury means a body of 16-23 citizens who listen to evidence of criminal allegations, which is presented by the prosecutors, and determine whether there is probable cause to believe an individual committed an offense. See also indictment and U.S. attorney.

40) Impeachment means 1. The process of calling a witness's testimony into doubt. For example, if the attorney can show that the witness may have fabricated portions of his testimony, the witness is said to be "impeached;" 2. The constitutional process whereby the House of Representatives may "impeach" (accuse of misconduct) high officers of the federal government, who are then tried by the Senate. 3. Article II Section 4 of the Constitution for the United States of America which claims; The President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors.

41) Injunction means a court order preventing one or more named parties from taking some action. A preliminary injunction often is issued to allow fact-finding, so a judge can determine whether a permanent injunction is justified.

42) Interrogatories means a form of discovery consisting of written questions to be answered in writing and under oath.

43) Judge means an official of the Judicial branch (as provided in Art. III U.S. Const.) with authority to decide lawsuits brought before courts. Used generically, the term judge may also refer to all judicial officers, including Supreme Court justices who do not have secret superior oaths and only have allegiance to their public oath in accordance with Title 5 Section 3331. A person who is authorized by Congress to hear and adjudicate civil, criminal and equitable proceedings. Excludes Administrators.

44) Jurisdiction means 1) The legal authority of a court to hear and decide a certain type of case. It also is used as a synonym for venue, meaning the geographic

area over which the court has territorial jurisdiction to decide cases.  2) The geographic area which employees of government and/ or corporations are authorized to operate in during the course of their duties. 3) Authority.

45) LEO means Law Enforcement Officer and includes all law enforcement officers (Alcohol Tobacco and Firearms, Department of Homeland Security, Federal Bureau of Investigations, Drug Enforcement Agency, California Highway Patrol Officers and even includes the agents of the Central Intelligence Agency), who engage in upholding the supreme laws of the land in accordance with Art II U.S.Const. and Art.VI Clause 2 U.S.Const.

46) Letter of Marque means a license to fit out an armed vessel and use it in the capture of enemy merchant shipping and to commit acts, which would otherwise have constituted piracy.

47) "Malicious Prosecution" means a baseless criminal or civil action that is instituted with malice and without probable cause and that ends in favor of the party against whom it was brought. (Black's Law Dictionary (11th ed.)

48) "Money" means a medium of exchange currently authorized or adopted by a domestic or foreign government. The term includes a monetary unit of account established by an intergovernmental organization or by agreement between two or more countries.

49) **"Motor vehicle"** The term "motor vehicle" means every description of carriage or other contrivance propelled or drawn by mechanical power **and used for commercial purposes** on the highways in the transportation of passengers, passengers and property, or property or cargo." – 18 U.S.C. 31(a)(6)

50) California means the free and sovereign Territory. A state in the region of the Southwestern United States. It's southern border is Mexico and Nevada borders the state on the East and Oregon sits on the Northern border.

51) California Constitution et al means Founding document which delegates authority to all civil officers of the State of California et al.

52) Nil Dicit Tacit Acquiescence means to agree by going silent, literally they agreed by not speaking. Means an acceptance of liability.

53) Oblige means one to whom another is obligated (as by a contract) specifically **:** one who is protected by a surety bond

54) Obligor means one who is bound by a legal obligation.

55) Organization means a person other than an individual.

56) Party In Interest means a party who has standing to be heard by the court in a matter to be decided in the case.  Usually used for bankruptcy cases.  The debtor, U.S. trustee or bankruptcy administrator, case trustee, and creditors are parties in interest for most matters.

57) Peonage means a condition of enforced servitude by which the servitor is restrained of his liberty and compelled to labor in liquidation of some debt or obligations, real or pretended, against his will.

58) Persona Propria Sui Juris means the proper person within the law. The highest status and standing in law other than Providence, "Dominus Litus" (a.k.a. the Master of the Lawsuit).

59) Precedent means a court decision in an earlier case with facts and legal issues similar to a dispute currently before a court. Judges will generally "follow precedent" - meaning that they use the principles established in earlier cases to decide new cases that have similar facts and raise similar legal issues. A judge

will disregard precedent if a party can show that the earlier case was wrongly decided, or that it differed in some significant way from the current case.  See Stare Decisis.

60)"Present value" means the amount as of a date certain of one or more sums payable in the future, discounted to the date certain by use of either an interest rate specified by the parties if that rate is not manifestly unreasonable at the time the transaction is entered into or, if an interest rate is not so specified, a commercially reasonable rate that takes into account the facts and circumstances at the time the transaction is entered into.

61)Providence means God, The Creator, The Most High.

62)Public Thoroughfare means every place a private or public person may walk exclusive of entering buildings and public roadways but which may include driveways which typically allow public access to cross over.

63)Real injury means A real injury is inflicted by any act by which a person's honor or dignity is affected (Page 925 Black's Law 4th Edition).

64)"Record" means information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable for.

65)"Remedy" means any remedial right to which an aggrieved party is entitled with or without resort to a tribunal.

66)"Representative" means a person empowered to act for another, including an agent, an officer of a corporation or association, and a trustee, executor, or administrator of an estate.

67)"Right" includes Natural Rights, Inalienable Rights and Prerogative Rights.

68)Sanction means a penalty or other type of enforcement used to bring about compliance with the law or with rules and regulations.

69)"Security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation. "Security interest" includes any interest of a consignor and a buyer of accounts, chattel paper, a payment intangible, or a promissory note in a transaction that is subject to Article 9. "Security interest" does not include the special property interest of a buyer of goods on identification of those goods to a contract for sale under Section 2-505, the right of a seller or lessor of goods under Article 2 or 2A to retain or acquire possession of the goods is not a "security interest", but a seller or lessor may also acquire a "security interest" by complying with Article 9. The retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer under Section 2-401 is limited in effect to a reservation of a "security interest." Whether a transaction in the form of a lease creates a "security interest" is determined pursuant to Section 1-203.

70)Seize means to take possession of forcibly, to grasp, to snatch or to put in possession. Action done under lawful warrant.

71)"Send" in connection with a writing, record, or notice means: (A) to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and, in the case of an instrument, to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances; or (B) in any other way to cause to be received any record or notice within the time it would have arrived if properly sent.

72)"Signed" includes using any symbol executed or adopted with present intention to adopt or accept a writing.

73)Stare Decisis means the legal principle of determining points in litigation according to precedent.

74)"STATE" means a State of the United States, which includes; the District of Columbia, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States.

75)State means one of the territories of North America. One or more of the "several states." A territorial distinction of the Republic protected and guaranteed under USCA Const. Article 4 Section 4.

76)State Constitution means the Constitution for the State of California.

77)Subrogor means a party who has the right to step into the shoes of another party and pursue remedies or claims.

78)"Substantial evidence" is something less than the weight of the evidence but more than a mere scintilla of evidence. Icon Health and Fitness, Inc. v. Strava, Inc., 849 F.3d 1034 (2017). 122 U.S.P.Q.2d 1238.

79)Suffer means to allow, to admit, or to permit.  Suffer also means be subjected to something bad or unpleasant.

80)"Surety" includes a guarantor or other secondary obligor.

81)Technicality means a point of law or a small detail of a set of rules, which may or may not adversely affect the outcome of prosecution in criminal proceedings.

82)"Term" means a portion of an agreement that relates to a particular matter.

83)"**Transportation**" means, "The removal of goods or persons from one place to another, by a carrier. (See Railroad Co. v. Pratt, 22 Wall. 133, 22 L. Ed. 827; Interstate Commerce Com'n v. Brimson, 154 U.S. 447, 14 Sup. Ct. 1125, 38 L. Ed. 1047; Gloucester Ferry Co. v. Pennsylvania, 114 U.S. 196, 5 Sup. Ct. 826, 29; Ed. 158.)

84)Treason means betrayal after trust.  It also means, The offense of attempting by overt acts to overthrow the government of the state to which the offender owes allegiance, or of betraying the state into the hands of a foreign power.

85)Trustee means the representative of the bankruptcy estate who exercises statutory powers, principally for the benefit of the unsecured creditors, under the general supervision of the court and the direct supervision of the U.S. trustee or bankruptcy administrator. The trustee is a private individual or corporation appointed in all chapter 7, chapter 12, and chapter 13 cases and some chapter 11 cases. The trustee's responsibilities include reviewing the debtor's petition and schedules and bringing actions against creditors or the debtor to recover property of the bankruptcy estate. In chapter 7, the trustee liquidates property of the estate, and makes distributions to creditors. Trustees in chapter 12 and 13 have similar duties to a chapter 7 trustee and the additional responsibilities of overseeing the debtor's plan, receiving payments from debtors, and disbursing plan payments to creditors.

86)UNITED STATES means the federal corporation as defined in 28 USCA 3002 (15), (a) and (b) and (c).

87)UNITED STATES CITIZEN means a civilly dead entity operating as a co-trustee and co-beneficiary of the Public Charitable Trust, the constructive, cestui que trust of the US Inc. under the 14th Amendment, which upholds the debt of the USA and US Inc. (per congressional record, June 13th, 1967, pp. 15641-15646).

88) "Unauthorized signature" means a signature made without actual, implied, or apparent authority. The term includes a forgery.

89) U.S. Constitution et al means Constitution for the United States of America and all variations thereof. A.k.a. Federal Constitution. A.k.a. U.S.Const. a.k.a. Founding document which delegates authority to all civil officers of the United States.

90) U.S.D. means United States Dollars. Also known as Federal Reserve Notes, a species of money.

91) Usurp means to seize and hold any office by force, and without right.

92) **"Vehicle"** means, "The word "vehicle" includes every description of carriage or other artificial contrivance used, or capable of being used, as a means of transportation on land. (Rev. St. U.S. 4 (U.S. Comp. St. 1901, p. 4)).

93) Video recording means any video or audio and video recording.

94) vs. (also: v.) means versus and introduces which 2 (or more) parties are in controversy.

95) "Warehouse receipt" means a receipt issued by a person engaged in the business of storing goods for hire.

96) "Writing" includes printing, typewriting, or any other intentional reduction to tangible form. "Written" has a corresponding meaning.

CALIFORNIA CONSTITUTION, inclusive.
CALIFORNIA RULES OF CIVIL PROCEDURE, inclusive.
H.R. 6030 117th CONGRESS, 1st SESSION
VOID WHERE PROHIBITED BY LAW

Honorably entered into the Court Record by:

_____        April 11, 2025
Michael-Andrew: Carey                              DATE:
32447 Whispering Glen Trail
Wildomar, CA 92595
951-490-3275

14

# Appendix A-6 : Notice To      DE Record My Proceedings



**A-6.1**

# NOTICE RIGHT TO VIDEO RECORD MY PROCEEDINGS

**Date:** 4/23/2025

**Court:** Superior Court of California, County of Riverside- Southwest Justice Center

**Judge:** Harry M. Elias et. al.,                    **Dept.** S201 & S104

**Case No:** SWM2402170

**Case Name:** People v. Carey

I, Michael-Andrew: Carey, respectfully require the court of Judge Harry M. Elias et. al.,

to honor and enforce my "right to video record these proceedings of public interest, on

public property", pursuant to the following three (3) case precedents.

Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980: "The right to attend

criminal trials is implicit in the guarantees of the First Amendment.")

Fordyce v. City of Seattle (9th Circuit Court, 1995: "The First Amendment protects the

right to film matters of public interest"). Smith v. City of Cumming (11th Circuit Court,

2000):

Policies and Procedures set forth by the courthouse supervisor or other agent do not

supersede the aforementioned federal case law. If the public has a right to attend, then

recording for personal retention, accuracy, or protection of rights is a logical extension –

especially when the official record may be incomplete or inaccessible. The preservation

of potential evidence for appeal or other legal actions is constitutionally protected.

Thank you to the Court *

RECEIVED

APR 2 4 2025

DISTRICT ATTORNEY
MURRIETA OFFICE

Refer to _____

A7- Motion to Show Cause and ormal Demand for Redress — Asserting Malicious Prosecution Carried ut Without Lawful urisdiction, With Proper Arraignment Notice Under 18 U.S.C. § 242



**A-7.1**

Michael-Andrew: Carey
32447 Whispering Glen Trail
Wildomar, CA 92595
951-490-3275
Defendant In Propria Persona Sui Juris

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 15 2025

RECEIVED
MAY 15 2025

DISTRICT ATTORNEY
MURRIETA OFFICE

IN THE SUPERIOR COURT OF CALIFORNIA,
SOUTHWEST JUSTICE CENTER,
RIVERSIDE COUNTY,

|  |  |
|---|---|
| THE STATE OF CALIFORNIA,<br>    Plaintiff(s),<br><br>-vs-<br><br>MICHAEL CAREY,<br>    Defendant(s). | CASE NO. SWM2402170 r to _____<br><br>DEPT. NO. S201<br><br>JUDGE: STEPHEN GALLON<br><br>HEARING DATE:  5/30/2025<br><br>HEARING TIME:  8:30am |

# NOTICE OF MOTION FOR ORDER TO SHOW CAUSE
# NOTICE OF HEARING

    Comes now, Michael-Andrew: Carey, by special appearance, as opposed to general appearance, as I do not consent to these proceedings, acting under color of law, until lawful jurisdiction is proven tangibly on the record. I give notice of Motion for Order to Show Cause on this day, _30_ of May 2025.

    Defendant, appearing in propria persona sui juris, respectfully moves this Court to issue an Order to Show Cause requiring the prosecution and the Court to demonstrate on the record the lawful basis for asserting personal and subject and subject-matter jurisdiction in this case. This motion is made pursuant to the Sixth Amendment of the United States Constitution, which guarantees the right to be informed of the nature and cause of the accusation, and to a fair and public trial by an impartial tribunal.

[Page 1 of 11]

Defendant specifically challenges the Court's authority to proceed where jurisdiction has been timely and properly contested, and where no verified complaint, oath of office, or other legally sufficient documentation has been provided to establish lawful authority or due process compliance. The failure to resolve jurisdictional objections on the record before continuing prosecution constitutes a denial of due process and renders all subsequent proceedings null and void.

Accordingly, Defendant requests the Court suspend all proceedings until jurisdiction is affirmatively proven, or dismiss the matter with prejudice and without recourse for lack of lawful authority.

The prosecution has TEN (10) days to respond to this Motion. Failure to do so is further evidence of malicious prosecution through continued intentional dilatory delay and acting under the color of law without consent of all parties involved and lawful jurisdiction (authority) verified on the record as demanded pursuant to the Fifth and Sixth and Fourteenth Amendments of the U.S. Constitution under due process of law. As well as Article 1, Section 7 (due process) and Article 1, Section 15 (right to be informed of the nature and cause of the proceedings) of the California Constitution.

Michael-Andrew: Carey
32447 Whispering Glen Trail
Wildomar, CA 92595
951-490-3275
Defendant In Propria Persona Sui Juris

IN THE SUPERIOR COURT OF CALIFORNIA,
SOUTHWEST JUSTICE CENTER,
RIVERSIDE COUNTY,

| | |
|---|---|
| THE STATE OF CALIFORNIA,<br>    Plaintiff(s), | CASE NO. SWM2402170 |
| | DEPT. NO. S201 |
| -vs- | JUDGE: STEPHEN GALLON |
| MICHAEL CAREY,<br>    Defendant(s). | HEARING DATE:   [5 30 25] |
| | HEARING TIME:   [8:30 am] |

# MOTION FOR ORDER TO SHOW CAUSE

Comes now, Michael-Andrew: Carey, by special appearance, who prays this Honorable Court grant the requested relief. Defendant has tried on multiple occasions to reach an amicable solution and has been unsuccessful in his attempts. The prosecution's failure to rebut the attached Affidavit sent to them on three separate occasions indicate a stipulation to the facts by silent acquiescence. As the facts are stipulated to and there are no factual arguments between the parties, I declare the following:

Michael-Andrew: Carey is one of the people and waives the benefit of arbitration and mediation and the like and does hereby invoke and ordain and establish the common law. As was decided in *LOPER v. RAIMONDO et al cited at 22-451 22-1219. (28 June 2024)* If this court is not a court of common law then I am in the wrong jurisdiction, as I have no oath of office and I do not accept administrative proceedings. I demand this and all documents presented and filed for the remainder of these proceedings (Court Case

[Page **3** of **11**]

Number: SWM2402170) with the Court be placed on the Public Record and the Private Record and Court Record. Defendant continues to hold court in Persona Propria Sui Juris.

The facts alleged or shown by the Defendant herein clearly demonstrate that the office of the prosecutor is in violation of a clearly established California Constitutionally and U.S. Constitutionally protected rights and these rights were and are "clearly established" at the time of the prosecutors alleged misconduct. The prosecutor did not prove personal jurisdiction nor subject jurisdiction nor subject matter jurisdiction. In order to proceed you must PROVE the aforementioned jurisdiction(s) or you must dismiss the case with prejudice and without recourse  as cited in Appendix 1 Cited Points and Authorities; Basso supra and Main v. Thibitout supra and Melo Supra. Mere declarations of authority are inadequate per federal courts.

Defendant reserves his right to file subsequent dispositive motions as further egregious violations come to be known and other information comes out. Defendant is not an attorney and not represented by an attorney, so he may be heard by the court in this c ase, in testimony and may be known through his written word when such is affirmed and attested under penalty of perjury. See Appendix 2 Termination of Power of Attorney and mailings.

Federal (and therefore state) judicial agencies (administrative courts) have no power to act unless authorized by congress. Because the congress has only legislative powers, it cannot delegate powers it does not have and therefore cannot delegate judicial power. Therefore, in accordance with the U.S. Constitution Article (Art). III (3, THREE) vesting of the judicial power is exclusive and mandatory, wherein it decrees in Section 1;

"The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish. The judges, both of the supreme and inferior courts, shall hold their offices **during good behavior**  , and shall, at stated times, receive for their services, a compensation, which shall not be diminished during their continuance in office." All attorneys and prosecutors are "Officers of the Court" and that denotes dual jurisdiction because the Court is under the California and the United States flags in accordance with U.S.C.A. 4.

By stating that the judicial powers shall be vested, Article III made clear that the location of that judicial power was mandatory. This definition (shall meaning mandatory) was decided as meaning mandatory in *Forrest v. Spizzirri, 62 F.4th 1201, 23 Cal. Daily Op. Serv. 2445, 2023 Daily Journal D.A.R. 2203 (2023).* United States Court of Appeals, Ninth Circuit.

Article III authorizes congress to locate judicial power only in inferior courts, not administrative agencies and most importantly, congress did not place the power to the judge or magistrate.

In the Illinois Supreme Court decision *People v. Zajic, 88 Ill.App.3d 412, 410 N.E.2d 626, 43 Ill.Dec. 626 (1980)* it was decided that [1] "Courts In general; nature and source of judicial authority. Jurisdiction is vested in courts, not in judges." I respectfully demand a court of common law and a judicial civil officer overseeing these proceedings.

On the 24th day of January 2025, I had a neutral third party, Dylan Beauregard, mail The District Attorney's Office/ prosecutor Tim Cross et., al., at 30755-D Auld Road, 3d Floor, Murrieta, CA 92563. It was received on the 27th day of January 2025. See Appendix 3.

On the 5th day of February 2025, I had a neutral third party, Bruno Amador Aviles, mail The District Attorney's Office/ prosecutor Tim Cross et., al., at 30755-D Auld Road, 3d Floor, Murrieta, CA 92563. It was received on the 7th day of February 2025. See Appendix 3.

On the 18th day of February 2025, I had a neutral third party, Bruno Amador Aviles, mail The District Attorney's Office/ prosecutor Tim Cross et., al., at 30755-D Auld Road, 3d Floor, Murrieta, CA 92563. It was received on the 20th day of February 2025. See Appendix 3

As you can see in Point #27 of Defendant's original Affidavit, (TESTIMONY OF MICHAEL ANDREW CAREY)(Appendix 0), CAREY respectfully demanded the prosecution provide "the nature and cause as well as the jurisdiction of this court and these proceedings in writing." I have been ignored and/ or denied these to date which is a denial of due process and substantial justification to dismiss all charges against me and my person and which is in direct violation of the U.S. Constitution Sixth Amendment and California Constitution ARTICLE 1 SECTION 24 Rights guaranteed by this Constitution are not dependent on those guaranteed by the United States Constitution.

The following may be found in Points 25 wherein Defendant respectfully demanded the prosecutor allow me to inspect and verify the "certificate of trust" which allows the judge to act as administrator or beneficiary, and which obligates me as "trustee" in said "trust", said document was not provided to me for verification of jurisdictional and authority purposes for my ability to effectively defend myself, nor to continue this matter.

The following may be found in Points 31 wherein Defendant respectfully demanded the prosecutor allow me to inspect and verify the Congressional Decree or Charter or LLC or LLP or other authentic documents, which prove the STATE OF CALIFORNIA is an agency of government.

I continued in Point 33 to respectfully demand the prosecutor "allow me to inspect and verify a signed contract or other commercial agreement, which obligates me to personal and subject and subject matter jurisdiction of the STATE OF CALIFORNIA or other such jurisdictions, signed by both parties, in accordance with the Supreme Court decision Clearfield Trust Co. v. United States 318 U.S. 363-371 (1943)."

I continued in Point 34 to respectfully demand the prosecution "allow me to inspect and verify the AFFIDAVIT[s]* in support of WARRANT and a BONAFIDE WARRANT for my arrest." I have been ignored and/ or denied these requested documents to date, which is a denial of due process and substantial justification to dismiss all charges against me and my person with prejudice and without recourse.

I went on to warn the prosecutor in Point 36 of my Affidavit; If you still intend to continue to prosecute me, knowing you ( she) does not have jurisdiction, I reserve my right to use all legal methods to impeach and sanction and prosecute you (her) to the full extent of the law.

I have been ignored and/ or denied these to date which is a denial of due process of law (U.S. Const. Fifth Amendment violation) and a denial of equal protection of the law (U.S. Const. Fourteenth Amendment violation) and a substantial justification to dismiss all charges against me and my person and which is cause for a mistrial.

After all of this; and no Notice of the nature and cause of the proceedings and no proof of personal jurisdiction and no proof of subject jurisdiction and no proof of subject matter jurisdiction I demand an investigation into the prosecutor for malicious prosecution.

Unless the prosecutor can prove Defendant has been informed of the Nature and Cause of these proceedings in writing as requested and those are of the Common Law and not Statutory and therefore contractual disputes and controversies, she shall be seen as acting under color of law and therefore depriving Defendant of rights under color of law and it is my wish she be impeached and sanctioned and prosecuted to the full extent of the law in accordance with the U.S. Const. Article II Section 4.

# SUMMARY

The prosecutor has not proven she is a Civil Officer of the United States by showing me the Congressional Charter, which proves her Office was authorized authority by Congress. The judge(s) appears to allow the action to continue without such proof which seemed very prejudicial and extrajudicial. I deny and rebuke any presumptions of authority, and as my right demanded

such be authenticated and proven on the record as requested. Such was not done in a timely manner, violating my rights under due process.

The judge and the prosecutor did not allow me to inspect and verify the contract or other commercial agreement between myself and the State of California. Judge Stephen Gallon allowed the Court to proceed without such proof, which seemed very prejudicial and extrajudicial. The only reason I can think they do not allow me to inspect and verify those documents (Contract) is more than likely they are lacking the proper authorization and authentication to be valid or simply nonexistent.

The judge(s) and the prosecutor did not allow me to inspect and verify the Bonafide Warrant and the Affidavit in Support of Warrant (BW&ASW) and the prosecutor continues maliciously to coerce me to keep showing up for Court hearings when she has not proven personal jurisdiction and not proven subject jurisdiction and not proven subject matter jurisdiction and Judge Stephen Gallon allowed it, despite the paperwork being on the record, which seemed very prejudicial and extrajudicial. The Judge even claimed "the warrant is valid" despite it lacking proper process according to the law, see Appendix 1: Cited Points and Authorities. The only reason I can think they do not allow me to inspect and verify those documents (BW&AW) is more than likely they are lacking the proper authorization and authentication to be valid or simply nonexistent.

The State has failed to prove personal jurisdiction and may have claimed subject jurisdiction, but has also failed to prove it and has failed to prove subject matter jurisdiction and despite paperwork being filed, demanding such proof, the Judge Stephen Gallon allowed the Court to proceed without such proof, which seemed very prejudicial and extrajudicial.

Defendant has provided the Court with substantial records and evidence, proving Malicious Prosecution as was decided in **Dimitri CHARALAMBOPOULOS, Plaintiff/Counter-Defendant, vs. Camille GRAMMAR, Defendant/Counter-Plaintiff. No. 14-cv-02424-D. July 15, 2016.**
(1) There has been a commencement of a (Statutory) 'criminal' prosecution against CAREY;
(2) The prosecution not only initiated or accepted from a superior officer the procurement of the prosecution, with false officer testimony being declared in my Affidavit and now verified by the arresting officer, "Flores";
(3) There has been no proof of jurisdiction and violations of due process of law, which mandates the termination of the prosecution in CAREY's favor;
(4) The plaintiff did not provide evidence substantial enough to prove guilt;
(5) There are no verified credible witness, other than the law enforcement officer (LEO), who is paid by the same state as the prosecutor and judge. The same LEO self-testified (under oath on the witness stand) to lying on his arrest report about whether CAREY denied the FST, which cannot be misconstrued as an "oversight or reporting error", when in fact CAREY willingly submitted to the

request to conduct the FST to prove his sobriety, but needed clear and concise instructions. After one question only, the LEO decided one(1) clarifying question was enough to amount to CAREY being considered uncooperative and "argumentative", enough to constitute termination of the FST and immediate arrest, without more, to substantiate "probable cause". The judge Stephen Gallon concurred, finding an individual who is allegedly "argumentative" combined with an uncredible officer's testimony of subjective signs of impairment to be enough for probable cause for arrest. Please show cause in writing the lawful support for this concurrence for my records, failure to do so will be construed a violation of my due process. The LEO's procedural and administrative misconduct, combined with lying about having a "Sergeant" appear, when CAREY requested a supervising officer, constitutes enough officer misconduct to dismiss the LEO as a credible witness and proves the lack of probable cause to initiate or procure the prosecution;

(6) The prosecution, through inaction to fulfill the lawful and timely requests stated herein, is and was malice in filing the charges. This action constitutes the second wrongful DUI charge filed by this prosecution against CAREY. The first attempt resulted in an "eventual" reduced charge and subsequently a "NOT GUILTY" verdict at trial. Defendant has asked reasonable accommodations to proceed effectively in his defense, prove personal jurisdiction and subject jurisdiction and subject matter jurisdiction, which the prosecutor has failed to do; and

(7) Defendant may not effectively build a defense, when the arresting LEO is allowed to lie under oath to validate his arrest and probable cause for the warrant with impunity and without losing credibility as a testifying witness. If the LEO is allowed to lie to validate his arrest, what else did he lie about? How does the court and the prosecution know he did not lie about the subjective observations of alleged "odor of alcohol, glossy eyes, flushed face" to which he revealed as the reason to substantiate his probable cause? Such actions by the testifying LEO are cause for mistrial as there is no secondary supporting affidavit from a separate LEO. The Dash cam evidence shows my face clear of any indication of a flushed face or glossy eyes which contradict the LEO's testimony. Show cause why such subjective signs lawfully constitute probable cause as this may be an appealable determination.

(8) Damages to CAREY include unlawful deprivation of rights under color of law. Alleged conspiracy to deprive rights under color of law. Loss of time and tranquility due to malicious prosecution and bad faith prosecutorial conduct such as failing to prove personal jurisdiction, subject jurisdiction, and subject-matter jurisdiction in writing and on the record in accordance with the Sixth Amendment of the United States Constitution and due process, failing to produce complete evidentiary i.e. (MVARS), dash cam footage from the point of initiating contact with the Defendants automobile and other not produced discovery- as requested and mandated under **Brady v. Maryland, 373 U.S. 83**

**(1963)**, See Appendix 1, to build a defense; extreme delay in filing and serving their opposition- and failing to serve Defendant appropriately as service of the opposition came the day of the hearing, AFTER the hearing, on April 25, 2025. Defendant has suffered unfair and prejudicial treatment from the prosecution and the judge(s), there have been three (3) separate adjudicators to date, resulting in malicious prosecution from all prejudicial violations stated herein.

(9) I requests ALL paperwork, filings, motions, cited points and authorities, Exhibit Lists and DEFINITIONS, oral arguments, and the like regarding this matter be considered in response to this motion.

(10) You have ten(10) days to respond to this motion. Failure to respond timely to this motion will constitute tacit determination of bad faith tactical dilatory delays and additional evidence of malicious prosecution and abuse of process and I reserve the right to file subsequent motions and/or a writ of prohibition as a result of the trial courts abuse of criminal process, lack of judicial authority properly established in accordance with the law, acting outside of legal authority to procure a prosecution based off of an uncredible officer's testimony, and acting without lawful jurisdiction under common law to address these concerning due process violations in federal court as no other adequate remedy may be available to hold the trial court to act in honor.

# REQUESTED RELIEF

With these facts which are provable and undeniable, Michael-Andrew: Carey prays the Honorable Court grant Defendant's MOTION TO SHOW CAUSE in accordance with Federal Rules of Civil Procedure 12 Rule 12 - Attorney to Show Authority because the prosecutor has failed to prove jurisdiction and has failed to state a claim upon which relief can be granted and in allegedly maliciously prosecuting Defendant and that she be impeached and sanctioned and prosecuted to the full extent of the law.

The prosecution's case and complaint does not provide enough factual detail or legal basis for the court to provide a remedy and therefore I respectfully demand this Honorable Court,

1. Dismiss this case and all pending charges with prejudice and without recourse for all of the aforementioned reasons.
2. Discharge any and all bonds (bid bond, payment bond, performance bond, etc.) and remove and seal the arrest and this case in the Court record and private record and public record as if it never happened.
3. Grant any other relief the Court deems just and proper.

## Affiants Affirmation and Verification

I declare, affirm and attest under pains and penalty of perjury, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my knowledge.

Submitted By: **Michael-Andrew: Carey**, Authorized Representative, with Reservation of All Rights UCC 1-308, In Good Faith UCC 1-304

For: MICHAEL ANDREW CAREY, claimed vessel

Signed: _Michael-Andrew: Carey_

Dated: 4/15/2025

## Appendix 1A: Cited Points and Authorities

### (Please see Appendix 1 for complete list)

**Dimitri CHARALAMBOPOULOS, Plaintiff/Counter-Defendant, vs. Camille GRAMMAR, Defendant/Counter-Plaintiff. No. 14-cv-02424-D. July 15, 2016.**
With respect to the tort of malicious prosecution, the elements of such a claim are:

(1) commencement of a criminal prosecution against the plaintiff;

(2) the defendant's initiation or procurement of the prosecution;

(3) termination of the prosecution in the plaintiff's favor;

(4) the plaintiff's innocence;

(5) lack of probable cause to initiate or procure the prosecution;

(6) malice in filing the charge; and

(7) damage to the plaintiff.

**People v. Zajic, 88 Ill.App.3d 412, 410 N.E.2d 626, 43 Ill.Dec. 626 (1980). Appellate Court of Illinois, Second District. PEOPLE of the State of Illinois, Defendant -Appellant, v. Donald ZAJIC, Plaintiff -Appellee.**

[1] Courts In general; nature and source of judicial authority. Jurisdiction is vested in courts, not in judges.

[2] Intent of court rule permitting chief judge of circuit to assign associate judge to hear and determine any matters except trial of criminal cases for offense punishable by imprisonment for more than one year is to entitle person in jeopardy of felony incarceration to trial by circuit judge. Supreme Court Rules, Rule 295, S.H.A. ch. 110A, § 295.

[4] Associate judge's dismissal of complaint for theft was "trial" for purposes of court rule proscribing associate judge assigned by chief judge of circuit from hearing "trial" in major criminal cases, under standard that key to whether acts of judicial officer in question constitute "trial" is whether such acts brought about end to matter. Supreme Court Rules, Rule 295, S.H.A. ch. 110A, § 295. See also, Spencer Creek Water Co. v. Vallejo.

**Napue v. People of State of Ill., 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). Henry NAPUE, Petitioner, v. PEOPLE OF THE STATE OF ILLINOIS. No. 583.**

[2] Conviction obtained through use of false testimony, known to be such by representatives of the State, is a denial of due process, and there is also a denial of due process, when the State, though not soliciting false evidence, allows it to go uncorrected when it appears. U.S.C.A.Const. Amend. 14.

[6] The United States Supreme Court has the duty to make its own independent examination of the record to determine facts when federal constitutional deprivations are alleged.

[7] In cases in which there is a claim of denial of rights under the Federal Constitution, the United States Supreme Court is not bound by factual conclusions of lower courts, but will re -examine the evidentiary basis on which those conclusions are founded .

OPINION: [3] The principle that a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction, implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to the credibility of the witness. The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.

Appendix A-8 : Request for Continuance Due to Medically erified Surgical mpairment — Preventing Meaningful Participation and Effective Exercise of Due Process Rights,

**A-8.1**

**REQ**

Michael-Andrew: Carey
32447 WHISPERING GLEN TRAIL,
CITY OF WILDOMAR, CA, 92595
(951) 490-3275
PLAINTIFF IN PROPRIA PERSONA SUI JURIS

**FILED**
Superior Court of California
County of Riverside
**5/5/2025**
T. Hale
Electronically Filed

SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF RIVERSIDE, SOUTHWEST JUSTICE CENTER

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff(s),<br>-vs-<br>MICHAEL ANDREW CAREY,<br>Defendant(s). | CASE NO. SWM2402170<br><br>HEARING CONTINUANCE REQUESTED FOR: 5/30/2025<br><br>Time: 8:30<br><br>DEPT: S201 |

**REQUEST FOR CONTINUANCE DUE TO EMERGENCY MEDICAL PROCEDURE**

TO THE HONORABLE COURT, AND TO ALL PARTIES OF RECORD:

Comes now **Michael-Andrew: Carey**, authorized representative for Defendant in the above-entitled matter, special appearing in propria persona sui juris do affirm and attest under pains and penalty of perjury, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my knowledge, and respectfully submits this **Petition/Motion for Continuance** based upon the following grounds and authority:

**I. INTRODUCTION AND EMERGENCY BASIS FOR CONTINUANCE**

Defendant respectfully requests that the Court continue the currently scheduled hearing, set for 5/30/2025, for a period of no less than NINETY (90) days, due to emergent medical necessity. I had previously suffered an acute anterior cruciate ligament (ACL) and medial collateral ligament (MCL) injury, for which surgical intervention was scheduled and COMPLETED on 4/28/2025 at Jerry L. Pettis Memorial VA Medical Center, 11201 Benton Street, Loma Linda, 92357 per the urgent recommendation of physician SYED, HASAN, MD - and his surgical team.

Due to the nature of the injury and the prescribed recovery period, I will be **physically incapacitated and unable to attend or participate effectively** in proceedings until properly recovered. Recovery is estimated to be 3-9 months, though normal functions typically take approximately 3 months depending on recovery variables such as infection etc.

## II. LEGAL BASIS FOR CONTINUANCE

Pursuant to **California Rule of Court 3.1332(c)(6)** and **California Penal Code § 1050(e) et seq.**, good cause exists for granting a continuance where a party is unable to appear due to verified health conditions or emergencies that impair their ability to participate in the proceedings.
**"The court may grant a continuance only on an affirmative showing of good cause requiring the continuance."** — *Cal. Rule of Court 3.1332(a).*
Medical emergencies, particularly those involving necessary surgical procedures, constitute good cause for continuance under subsection Cal Penal Code **(1050)(e)**, which expressly includes a party's or witness's illness, unavailability, or other circumstances that prevent attendance. Such as reconstructive knee surgery.

## III. DUE PROCESS AND PARTICIPATION RIGHTS

Fundamental principles of **procedural due process** guarantee each litigant a reasonable opportunity to be heard and to meaningfully participate in their legal proceedings. Denial of such relief in light of medical incapacity may result in a **denial of due process under the California Constitution (Art. I, § 7) and the United States Constitution (Fourteenth Amendment).**

## V. REQUESTED RELIEF

WHEREFORE, Defendant respectfully prays for the following relief:

1. That the Court continue the scheduled hearing of **5/30/2025** to a date at least NINETY (90) days later, or as the Court's calendar may reasonably allow for physical recovery and physical therapy to allow a healthy recovery.
2. That the Court grant any other relief it deems just and proper in the interest of due process and procedural fairness.
3. Submit the Courts response within TWO(2) days via email to the above listed, or through certified mail to the above listed address. Thank you.

Respectfully submitted,

Dated: 5/5/2025
**Respectfully Submitted by: Michael-Andrew: Carey**

**BY /S/:** *Michael-Andrew: Carey*
**For: MICHAEL ANDREW CAREY**
**In Propria Persona Sui Juris**

Appendix A-9 :  ormal   bjection to   oid  udicial   rder and Constitutionally Defective   indings of   act — Entered  n Absentia and Unsupported by the   fficial Court Record

**A-9.1**



SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 17 2025

Michael-Andrew: Carey
32447 Whispering Glen Trail,
Wildomar, CA 92595
DEFENDANT, IN PROPRIA PERSONA SUI JURIS

SOUTHWEST JUSTICE CENTER
RIVERSIDE COUNTY, CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff(s), | **OBJECTIONS** under **Penal Code § 1538.5(a)(1)(A)– (B)** and **Cal. Penal Code § 1016–1018** and **Cal. Constitution, Article I, §§ 7, 15, 24** and **Cal. Government Code § 68070** |
| -vs-<br><br>MICHAEL ANDREW CAREY et., al.,<br><br>Defendant(s). | CASE NO. SWM2402170<br><br>DEPT. NO. S201<br><br>HEARING DATE: 07\|14\|25<br><br>HEARING TIME: 8:30 |

**COMPREHENSIVE OBJECTION TO VOID ORDER, DEFECTIVE FINDINGS OF FACT, UNLAWFUL ARRAIGNMENT, INSUFFICIENT CLAIMS FOR RELIEF, AND EVIDENTIARY VIOLATIONS UNDER *BRADY v. MARYLAND*,**

I, Michael- Andrew: Carey et al, one of the people, comes today appearing by special appearance as opposed to general appearance, being of majority age, competent to testify, do affirm and attest under pains and penalty of perjury, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my knowledge.

This document and all of the pleadings and paperwork filed for Case Number: SWM2402170 should be entered into the Court record and the private record and the public record and then entered into evidence at the earliest possible time. I hereby invoke and ordain and establish the Common Law under the U.S. Constitution and the Laws of the United States (USCA).

## SECTION I: OBJECTION TO CONTINUED DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

The alleged ORDER of Judge Stephen Gallon et al (GALLON) and Judge M. Monterosso et al (MONTEROSSO) are not voidable but simply void due to the facts presented in previous pleading which were filed with the court and ignored but nonetheless mandatory under California and Federal laws and the U.S. Constitution and the California Constitution.

See *Forrester v. White*, 484 U.S. 219 (1988); *Mireles v. Waco*, 502 U.S. 9 (1991). Signing an order that was not the result of a lawful adjudication by a properly convened court, but instead issuing vague minute entries or conclusory phrases such as "motion denied," without findings of fact, conclusions of law, or an authenticated court order bearing the court's seal and clerk's signature as required by **28 U.S.C. § 1691**, constitutes an **ultra vires act**—a **judicial trespass** without legal authority.

Such acts are not protected by judicial immunity, as they are executed **in the absence of jurisdiction** and fall outside the scope of a judge's judicial capacity. See *Forrester*, supra (judges not immune for nonjudicial acts); *Mireles*, supra (no immunity where acts are taken in clear absence of jurisdiction). Accordingly, the purported "orders" are nullities and without force or legal effect:

All have been 'Noticed' on the court record that Defendant challenges jurisdiction and demanded to know the nature and cause of the proceedings in writing and the judge(s) had and have a duty and an obligation to ensure fairness and they have continued to allow prosecution to vex and harass Defendant without authority which leads one to believe they may be in conspiracy to deprive Defendant of rights under color of law. If this continues, Defendant will change venue to the United States District Court for the Central District of California.

The fact the court switches judges every hearing exacerbates the problem. Knowing it has become routine for judges to be less than forthright and having read U.S. v. Ritter, 540 F.2d 459 (1976), which identifies there is a problem of friendliness and camaraderie amongst attorneys and judges who do have business together daily, if not weekly, Defendant mentions in TESTIMONY OF MICHAEL ANDREW CAREY Point 13: "You and each of you are hereby bound to inform all of your colleagues, superiors and subordinates involved in this matter and which may have future interactions with my person or me (individually or commercially)." This would include that the prosecutor had a duty and an obligation to inform each judge of the challenges presented therein. Additionally, by becoming responsible for reading it, ignorance is no excuse. Now, there is absolutely no excuse. Any further actions will be seen as deliberate indifference and as conspiracy to join in the malicious prosecution and deprivation of rights under color of law;

A.   Nowhere has the prosecution proven the nature and cause of the proceedings which is mandated under U.S. and CA Constitutions, this is a clearly established and fundamental right, which the judge has had brought to his attention and continued without demanding the prosecutor clarify said issue, which demonstrates conspiracy to deprive Defendant of rights under color of law,

This leads me to believe that they (prosecution and judges) are and were acting under a secret jurisdiction, known only to licensed attorneys and members of the law society (law enforcement and clerks and judges and lawyers and the like),

B.    The hearing was not proper and not legal and not lawful in denial of U.S. and CA Constitutions. Defendant has a right to redress government for tresspasses and by the court operating in an unknown jurisdiction it deprives Defendant of a meaningful opportunity to be

heard. How can Defendant prepare his defense when the prosecution has not disclosed the nature
and cause of the proceedings in writing as requested,

You can ascertain via the judges 'signatures' on the alleged 'order'(s) (i.e. vague
minutes) that they are administrative and not judicial orders.

C.   The alleged 'order' was probably issued in chambers (In vacay, a.k.a. Corum Non Judice).
Nowhere on the Court record can Defendant find an order signed by a Court, which is mandated
under Supreme Court decisions such as Carper v. Fitzgerald 121 U.S. 87 which decided; A
ministerial officer cannot, by the mere form of writing his name beneath a direction or command,
give it the character and effect of a judicial act, and The People v. Zajic, 88 Ill.App.3d 412, 410
N.E.2d 626, 43 Ill.Dec. 626 (1980) which decided; [1] Jurisdiction is vested in courts, not in
judges (Art. III U.S. Const.).

D.   Administrative coercion is not a protected judicial act. The judges (GALLON and
MONTEROSSO and others) have known as a matter of court record, that Defendant challenged
personal jurisdiction and subject jurisdiction and subject matter jurisdiction on multiple
occasions (he mailed TESTIMONY OF MICHAEL ANDREW CAREY to prosecutor, which
was proven on the record of the Motion to Dismiss and the Motion to Show Cause) and
prosecutor(s) refuse to answer and judges refuse to acknowledge and thus enjoin in a conspiracy
to deprive defendant of rights under color of law. Any claim of proper arraignment and notice is
moot, as the record reflects formal arraignment was waived [without Defendant's knowledge] by
former public defender Jason Johnson. Defendant may reclaim this unknowingly waived right by
termination of power of attorney and declaration by formal notice as demanded in Point 27 of
Defendant's Testimony of Michael Andrew Carey (a.k.a. Appendix 0: Testimony et., al.,
Affidavit et., al.).

E.   Nowhere on the record does the judge have access to a bonafide warrant for Defendant's
arrest and seizure and blood draw and seizure. Nowhere on the record does the judge have access
to an affidavit in support of warrant, supported by probable cause. This may lead one to believe
the judge is acting with prejudice and certainly without authority of law if he cannot produce
such documents that meet the standards mandated by federal precedents in **Coolidge v. New
Hampshire**, *supra*; **County of Riverside v. McLaughin,** *supra;* **Gerstein v. Pugh,** *supra***;
Mincey v. Arizona,** *supra***;** and **State v. Paulick,** *supra; and* **U.S. v. Hotal,** *supra. (See
Appendix 0: Testimony of Michael Andrew Carey… Point 34)*

**SECTION II Failure to State a Claim – Rule 12(b)(6)**
Plaintiff sufficiently states a claim by alleging that the prosecutor Estella Marie Massey et al,
a.k.a. MASSEY:

A.   Acted without personal jurisdiction and subject jurisdiction and subject matter jurisdiction
over the Defendant;

B.   Allowed Defendant to be arrested and seized without a bonafide warrant or affidavit in
support of warrants and when this fact was brought to her attention, MASSEY continued with
deliberate indifference to maliciously prosecute the Defendant with malice and forethought;

C.  and violated rights under the First and Fourth and Fifth and Sixth and Fourteenth Amendments (U.S. Const. and the corresponding CA. Const. Articles and Sections).

MASSEY improperly conflates factual assertions with legal conclusions, including unsupported claims that:

The officer met the standard of probable cause. She(MASSEY) advanced a conclusory assertion, implicitly adopted by the Court, that the officer's subjective characterization of the Defendant as 'argumentative'—absent any articulable or objective indicia of impairment or unlawful conduct—was sufficient to establish probable cause, which it is not. A reasonable person could reasonably suspect that a crime was in commission or was about to be committed. Neither of those standards were met and the judge showed bias and prejudice when GALLON ruled against this standard and against the Defendant.

These are disputed facts that cannot be judicially noticed or assumed without tangible evidence from evidentiary proceedings which meet the above standard. Moreover, MASSEY's reliance on materials outside the pleadings violates Federal Rule of Civil Procedure 12(d), which prohibits introduction of such materials without converting the motion into one for summary judgment. See *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). This hearing was for a Defendant's Motion to Dismiss and Motion to Suppress Evidence which was denied by GALLON extrajudicially.

Defendant does not seek appellate review of a state judgment in this objection, as no lawful judgement currently exists on the record, which is a violation of due process – Defendant does reserve that right with this document upon failure to produce written rulings of 'Memorandum of Law, Findings of Facts' within FIVE(5) days. Instead, Defendant challenges unlawful actions taken under color of law and outside judicial authority, including signing orders which denied due process of law as mentioned and may lead one to believe that the decisions are prejudiced in violation of Canon of Law 2.2.

GALLON has shown he intends to deny hearings without instruction which is required under California Code, Code of Civil Procedures (CCP) 12 and thus aiding in the facilitating of the unlawful arrest and seizure without a bonafide warrant and without an affidavit in support of warrant, after the fact. These are not "injuries caused by the state court judgment," as required under *Exxon Mobil*, 544 U.S. at 291 which is why the judge refuses to reduce such order to paper, under seal of the Ex-Officio Clerk of the Court and in accordance with Carper v. Fitzgerald, 121 U.S. 87, 7 S.Ct. 825, 30 L.Ed. 882 (1887). A ministerial officer cannot, by the mere form of writing his name beneath a direction or command, give it the character and effect of a judicial act. The order must comply with that and People v. Zajic, 88 Ill.App.3d 412, 410 N.E.2d 626, 43 Ill.Dec. 626 (1980), wherein headnote [1] it was decided; Courts In general; nature and source of judicial authority. Jurisdiction is vested in courts, not in judges.

**SECTION III:**

1.    **This Objection** to GALLON's motion denial of Defendant's motion to suppress evidence and motion to dismiss on April 25, 2025 and objection to MONTEROSSO's

motion denial of Defendant's motion to show cause is filed within the court-granted 45-day continuance window, necessitated by medical incapacitation preventing meaningful participation of defense following an untimely injury, and the surgical procedure was operated on April 28, 2025- directly after the suppress hearing. This filing is timely pursuant to the good cause finding established by the 45-day continuance granted on May 30, 2025 to July 14, 2025  by MONTEROSSO. California Penal Code § 1050(g), which permits continuances for good cause. A clear record is part of my due process right to meaningful review.

2.        **This objection** is to be entered on the court record and the private record and the public record, and then into evidence to preserve the record for possible appellate and federal review pursuant to the Due Process Clause and the Fifth and Fourteenth Amendment since GALLON and MONTEROSSO and others are acting without proof of personal jurisdiction and subject jurisdiction and subject matter jurisdiction (hereinafter known as jurisdiction), Defendant reserves all rights under **Writ of Prohibition** and other necessary remedial actions.

3.        **The first time Defendant felt judicial bias and prejudice in violation of Canon of Law 2.2** was when all 4 separate judges including but not limited to GALLON and MONTEROSSO, allowed proceedings to continue without proving or having the prosecution prove, that jurisdiction and venue were lawfully established under the common law, in writing and Defendant was proven notice of these facts, as required under U.S. Constitution Sixth Amendment and California Constitution ARTICLE 1 SECTION 24, and per my lawful demand under point 27 of my Testimony et al Affidavit et al a.k.a. Appendix 0 as demanded by federal precedent as cited in Appendix 1: Cited Points and Authorities; Basso supra and Main v. Thibitout supra and Melo supra.

4.        **The second time Defendant felt judicial bias and prejudice in violation of Canon of Law 2.2** was when Judge Stephen Gallon denied my motion to suppress evidence and motion to dismiss on the basis that I was "argumentative" as his ambiguous 'finding of fact' or memorandum of law for finding probable cause for arrest.

5.        The **third time Defendant felt judicial bias and prejudice in violation of Canon of Law 2.2** was when you denied my motion to show cause addressing the due process violations mentioned in point 27, and point 25, and point 31, and point 33, and point 34, and point 36 on the claim, Defendant Objects to MONTEROSSO's following judicial determination, *"Matter submitted. If there's absolutely no merit whatsoever to the motion that was filed at all, than as present in this courtroom. He was given notice by virtue of a complaint, which he was arraigned on. That is notice. eh- uh- It was signed by the District Attorney's office then- then he more than sufficient for notice and jurisdiction in this court. uh - in this country. Not just this State. So the motion to dismiss is denied. So after the jury trial…"* - (MONTEROSSO, May 30th 2025, Southwest Justice Center, Courtroom S201) which seems like practicing law from the bench by preemptive judicial determination of merit and seems inappropriately dismissive and extrajudicial and prejudicial and inaccurate as a matter of fact by court record. (See, (5 - E. & F) hereafter).

A.        Defendant OBJECTS on the grounds that MONTEROSSO's denial of the Motion to Show Cause is biasedly founded on statements or claims of Defendants motion holding "no

merit" and implies joinder by arraigned consent and appearance contrary to the record, whereas
the Motion to Show Cause contains no vague or conclusory allegations, but particularized
charges against named actors (MASSEY) with dates, capacities, and factual support. See *Haines
v. Kerner*, 404 U.S. 519 (1972) (pro se pleadings to be liberally construed).

B.      A motion to dismiss must be evaluated solely on the face of the complaint and those
materials properly incorporated therein. See *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir.
2005). When Defendant filed the Motion to Dismiss, he included his TESTIMONY OF
MICHAEL ANDREW CAREY (Affidavit) and proof of 3 mailings (to the prosecutor) which
were supported by a Certificate of Mailing and a United States Postal Service (USPS) Tracking
number which prove delivery.

C.      Within the document; the proper challenges to jurisdiction (personal and subject and
subject matter) and the nature and cause of the proceedings (administrative as opposed to
common law and judicial) and a demand to see a bonafide warrant and an affidavit in support of
warrant, signed by a neutral and detached judge in accordance with Mincey v. Arizona (cited
therein) and which clearly, narrowly and expressly names the triggering event (probable cause or
reasonable and articulable suspicion) in accordance with U.S. v. Hotal (cited therein) and which
was signed in wet ink in accordance with State v. Paulick (cited therein). NONE has been proven
and the judge did not dismiss this case but chooses to show bias and prejudice in violation of
Canon 2.2.

D.      Judicial notice at the motion to dismiss stage is strictly limited to documents that are: (a)
central to Plaintiff's claims; (b) explicitly referenced in the complaint; and (c) of undisputed
authenticity. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278–79 (11th Cir. 1999); *Lozman v.
City of Riviera Beach*, 713 F.3d 1066, 1075 (11th Cir. 2013). The judge did not have deference
to decide differently.

E.      Defendant OBJECTS to the Courts claim of Jurisdiction being proven by "issuance of a
complaint" on the grounds that the record reflects clearly that arraignment was waived by former
public defender JASON L. JOHNSON, hereinafter referred as (JOHNSON), Deputy Public
Defender II. The waiver and alleged acceptance of statutory jurisdiction is well documented in
the minutes record. Defendant was never informed of such actions by his public defender
resulting in the eventual termination of power of attorney and Defendant proceeding in propria
persona sui juris.

F.      "To presume that a sovereign forever waives the right to exercise one of its' powers
unless it expressly reserves its right to exercise that power in a commercial agreement turns the
concept of sovereignty on its head." Merrion Et al., DBA Merrion & Bayless Et al., vs. Jicarilla
Apache Tribe Et al., 455 US 130 (1982)). Defendant cannot be held accountable for the negligent
actions of former counsel. When it was clear that JOHNSON, had a superior duty to the court
and not to my defense and did not have my best benefit in mind, I terminated the duty. "It has
been pointed out that 'courts indulge every reasonable presumption against waiver' of
fundamental constitutional rights and that we 'do not presume acquiescence in the loss of
fundamental rights.'" — *Johnson v. Zerbst*, 304 U.S. at 464

**SECTION IV. FACTS OF THE CASE:**

**Objection to Judicial Finding of Probable Cause Based on Improper Legal Standard**

1.      Defendant OBJECTS to the Court's ruling finding probable cause based on Defendant's alleged "argumentative" behavior, which constitutes a misapplication of the law and an extrajudicial inference unsupported by admissible evidence or controlling precedent. At no point during the hearing was it established that Defendant's conduct objectively impeded the officer's investigation or that such conduct constituted an articulable sign of intoxication without need of objective corroborative evidence.

2.      The officer's testimony, which relied on conclusory impressions such as "flushed face," "glossy eyes," "odor of alcohol," and "argumentative behavior," fails to meet the constitutional threshold for probable cause under the Fourth Amendment. Such claims could not be Proven to the judge. Critically, FLORES testified at the hearing on 25 April, 2025 that he (FLORES) could not prove those claims to the judge and that he observed no standard indicators of impairment during detainment other than those conclusory claims. There was no admittance of consumption and no failed field sobriety test or observable motor function impairments. Rather, FLORES prematurely terminated the field sobriety test after Defendant asked a single clarifying question in response to two simultaneous commands—conduct by Defendant that, by FLORES's own admission, was consistent with departmental training requiring clarification, not arrest.

3.  Prosecution failed to establish if such conduct impeded FLORES's investigation to the extent to warrant probable cause for arrest and seizure. Contrarily, FLORES' actions of termination of the FST and immediate arrest indicates a failure to establish probable cause within the appropriate time frame of detainment and implies a rush to judgement unsubstantiated by tangible and verifiable evidence.

4.      The Court's finding rests on subjective characterizations and conclusory statements rather than specific, articulable facts which constitutes sufficient evidence to uphold all legal defenses used by Defendant, placed in written pleadings, from federal cases *United States v. Colin*, 314 F. Supp. 2d 1119 (C.D. Cal. 2004), *State v. Segi*, 2000 Ohio App. LEXIS 3880, and *United States v. Arvizu*, 534 U.S. 266 (2002), and all cases cited therein (Motion(s)… and on the record). Where is it illegal to ask questions? FLORES testified that he gave 2 different orders simultaneously and when asked which one Defendant should address first, the officer escalated the incident and went immediately to arrest and seize Defendant without a warrant and without affidavit in support of the warrant. These actions are outside of his authority and did not and do not constitute probable cause and for GALLON to agree and decide that an individual being "argumentative" authorizes arrest and seizure holds no legal merit whatsoever and again goes to show GALLON acted prejudicially in violation of Canon 2.2.

A.     The Colin court made clear its standing opinion, "California Vehicle Code § 21658(a) provides that '[a] vehicle shall be driven as nearly as practical ***entirely within a single lane*** and shall not be moved from the lane until such movement can be made with reasonable safety.' … The statute does not require perfect driving, nor does it prohibit minor deviations within a lane.

Therefore, drifting slightly within one's lane does not constitute a violation of the statute." —
*United States v. Colin*, 314 F. Supp. 2d 1119, 1124–25 (C.D. Cal. 2004).

B.      "[I]f failure to follow a perfect vector down the highway or keeping one's eyes on the
road were sufficient reasons to suspect a person of driving while impaired, a substantial portion
of the public would be subject each day to an invasion of their privacy." — *United States v.
Colin*, 314 F. Supp. 2d 1119, 1124 (C.D. Cal. 2004) (quoting *United States v. Lyons*, 7 F.3d 973,
976 (10th Cir. 1993), overruled on other grounds by *United States v. Botero-Ospina*, 71 F.3d
783, 786–87 (10th Cir. 1995)).

C.      The court continued, *United States v. Colin*, 314 F. Supp. 2d 1119 (C.D. Cal. 2004), the
court explicitly adopted the reasoning from *People v. Perez*, 221 Cal. App. 3d 9 (1990), which
held that "pronounced weaving within a lane provides an officer with reasonable cause to stop a
vehicle on suspicion of driving under the influence where such weaving continues for a
substantial distance." (*Colin*, 314 F. Supp. 2d at 1124). The *Colin* court emphasized that minor or
momentary within-lane drifting, absent additional indicia of impairment, is constitutionally
insufficient to justify a traffic stop.

D.      (See point 20: TESTIMONY OF MICHAEL ANDREW CAREY) Here, I testified that
Officer Flores stated during detainment that he followed Defendant from Old Town Temecula to
the location of the stop—approximately nine miles—yet the prosecution presented no evidence
of erratic or unlawful driving over that distance. The only drifting depicted in the evidentiary
video spans less than one mile, involves no clear and conclusive fog line violation, and appears
slow and non-erratic, consistent with ordinary inattentiveness rather than impairment.

E.      Under *Colin*, such brief and isolated drifting—without additional corroborative signs of
intoxication—does not satisfy the Fourth Amendment standard for reasonable suspicion. The
totality of the officer's observations over a nearly 10-mile duration further weighs against any
justification for the stop. Accordingly, the stop was unlawful, and all evidence derived therefrom
must be suppressed.

F.      "Probable cause exists when, under the totality of the circumstances known to the
arresting officers, a prudent person would believe a suspect had committed a crime. Importantly,
mere suspicion or uncorroborated sensory cues—such as red eyes or an odor—without objective
evidence of criminal activity, do not meet this standard." — Vega v. Tekoh, 2 F.4th 963, 974
(9th Cir. 2021), *rev'd on other grounds*, 597 U.S. 16 (2022).

G.      "The Fourth Amendment requires that 'the facts available to the officer would warrant a
man of reasonable caution in the belief' that an offense has been committed. Mere hunches or
generalized suspicions are insufficient to justify an arrest or search." — United States v. Lopez-
Soto, 205 F.3d 1101, 1105 (9th Cir. 2000).

        5.      To the extent that the Court evaluated the "argumentative" nature of Defendant's
                conduct as evidence of probable cause, it exceeded the proper role of a judicial officer on
                a motion to dismiss. As held in *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal.4th
                26, 38 (1998), "[a] demurrer [or dispositive ruling] tests the legal sufficiency of the

complaint, not the truth of its allegations or the plaintiff's ability to prove them."
Likewise, a court's determination on a suppression or dismissal motion must rest solely
on whether the legal standard for probable cause is satisfied by the objective record—not
on subjective or unlitigated character assessments.

6.        Defendant therefore **Objects** to the Court's probable cause determination as
legally insufficient, prejudicial, and in direct conflict with binding federal and state
precedents included in paperwork and testimony and officer testimony. FLORES, for any
cause, cannot terminate a field sobriety test after a single clarifying question to
simultaneous commands, and find probable cause to arrest without tangible corroborating
evidence. Such an act is arbitrary and not the will of Congress, Federal Courts, nor State
Courts. Any presumption otherwise spits in the face of law and due process.

## SECTION V: OBJECTION TO EXTRAJUDICIAL ACTS

**Judicial Overreach Contrary to Constitutional Limits and Loper v. Raimondo**

1.        Furthermore, Defendant objects to the Court's ruling on the additional ground that
it constitutes judicial overreach in violation of constitutional limits established in *LOPER
v. RAIMONDO, 22-451 22-1219. (28 June 2024)*. In *Loper*, the Supreme Court expressly
reaffirmed the core duty of the judiciary to exercise independent legal judgment and not
to defer to agency—or by analogy, law enforcement—interpretations of law that lack
legal sufficiency. Here, the Court adopted the officer's conclusory assertions—such as
"flushed face," "glossy eyes," and perceived "argumentative" behavior—as determinative
of probable cause, despite those claims falling short of any constitutionally grounded
standard under the Fourth Amendment. FLORES did not prove any of his allegations on
the Court record.

2.        As held in *Loper*, "[c]ourts must exercise their independent judgment in deciding
whether an agency has acted within its statutory authority... and may not defer to an
agency's interpretation of the law simply because a statute is ambiguous." 5 U.S.C. §
706.
The same principle applies here: a judge may not substitute subjective deference to a
police officer's unsupported conclusory testimony, which are not facts before the Court.
For a judge to accept such conclusions as facts, would be beyond his judicial scope of
jurisdiction and in violation of clearly established constitutional law and contrary to the
Court decisions presented herein. In doing so, this Court has arguably violated its Article
III obligation to serve as a neutral arbiter of law, not a rubber stamp for executive actors.
As *Marbury v. Madison* (1803) famously declared, "[i]t is emphatically the province and
duty of the judicial department to say what the law is."

3.        Should the Court continue to disregard binding federal precedent and
constitutional standards, it risks violating Defendant's clearly established rights under the
Fourth, Fifth, and Fourteenth Amendments, exposing the proceedings to review not only
for reversible error but potentially for judicial misconduct under federal civil rights law.
(*See* 18 U.S.C. § 242, *United States v. Price*, 383 U.S. 787 (1966) and 42 U.S.C. § 1983,
*Monroe v. Pape*, 365 U.S. 167 (1961)).

**SECTION VI: OBJECTION TO UNDISCLOSED FINDINGS OF FACT IN LAW**

**OBJECTION and Demand for Statement of Decision and Written Ruling Following Denial of Motion to Suppress Pursuant to Penal Code § 1538.5(i) and Penal Code § 1385.1**

**Cal Penal Code § 1538.5(i) states as follows:**

"If the motion is denied, the court shall state the reasons for the denial on the record and shall cause the statement of the reasons to be included in the record. The defendant may seek further review of the validity of a search or seizure on appeal from a conviction." -

The statute requires the judge to state reasons for denial of a suppression motion on the record. While it does not use the word "written," the language *"included in the record"* has been interpreted by appellate courts to mean that the ruling must be sufficiently documented to allow meaningful appellate review—often via a transcript or formal order.

("Because you were argumentative" – GALLON) – constitutes ambiguous language and does not qualify as clear enough to permit appellate review. Nor does the 'Minutes' Record provide concise ruling which meets the appellate standard. This in spite of the verbal notice given to GALLON by Defendant of his intent to appeal the decision immediately following the 'finding of fact' determination at the evidentiary on 25 April 2025.

Penal Code § 1385.1 *(as relevant to clarity of judicial discretion)*: Any order denying a motion to suppress is part of the record and must be preserved for effective appeal.

**SECTION VII: CONCLUSION**

Nowhere in the Court record;

1. Did the prosecution provide substitution of attorney on behalf of the STATE OF CALIFORNIA,
2. Did the prosecution provide intervention on behalf of the STATE OF CALIFORNIA,
3. Did the prosecution prove the nature and cause of the proceedings,
   a) Which is required under the U.S. Const. Sixth Amendment and the corroborating CA. Const.
4. Did the prosecution prove personal jurisdiction,
5. Did the prosecution prove subject jurisdiction,
6. Did the prosecution prove subject matter jurisdiction,
7. No BONAFIDE warrant and no affidavit in support of warrant have been entered into evidence. This is a violation of due process and depriving me of equal protection under the law.
   a) This leads one to believe no such documentation exists.
8. There is not a single judicial order on the court record.
   a) A ministerial officer cannot, by the mere form of writing his name beneath a direction or command, give it the character and effect of a judicial act. Carper v. Fitzgerald, 121 U.S. 87, 7 S.Ct. 825, 30 L.Ed. 882 (1887).

b) [1] Courts In general; nature and source of judicial authority. Jurisdiction is vested in courts, not in judges. People v. Zajic, 88 Ill.App.3d 412, 410 N.E.2d 626, 43 Ill.Dec. 626 (1980).

## SECTION VIII: REQUESTED RELIEF

The prosecution's case and complaint do not provide enough factual detail or legal basis for the court to continue this matter any longer and therefore this action must be dismissed with prejudice and without recourse. I reserve my rights to move venue to federal court and therefore I respectfully demand this Honorable Court,

1.      Convert the judicial findings of facts for dismissal of the Motion to Suppress and Motion to Dismiss in written order form with particularized, specific, and articulable facts identifying legal basis for denial.

a.      The Court shall take Judicial Notice of all factual pleadings stated herein as consideration in response to the requested written judgement. I request the production of this written judgement within (5) FIVE court days from time of filing and proof of service due to Calendar.

2.      Convert the judicial findings of facts for dismissal of the Motion to Show Cause in written order form with particularized, specific, and articulable facts identifying legal basis for denial.

a.      The Court shall take Judicial Notice of all factual pleadings stated herein as consideration in response to the requested written judgement. I request the production of this written judgement within (5) FIVE court days from time of filing and proof of service.

3.      Confirm Judicial Findings of Fact in written order of a court (i.e. Under Seal of the Court, signature of the Clerk of the Court thereof), within FIVE(5) court days, or receive a Motion to Compel and/ or a Writ of Prohibition under the All-Writs Act and *Chambers v. NASCO*.

4.      Dismiss this case and all pending charges with prejudice and without recourse for all of the aforementioned reasons, including lack of a BONAFIDE warrant.

5.      Discharge any and all bonds (bid bond, payment bond, performance bond, etc.) and remove and expunge/seal the arrest and this case in the Court record and private record and public record as if it never happened so that I do not suffer further injury in the future.

6.      Grant any other relief the Court deems just and proper. All rights for redress are reserved. VOID WHERE PROHIBITED BY LAW

### Affiants Affirmation and Verification

I declare, affirm and attest under pains and penalty of perjury, that the truths and facts herein are of firsthand personal knowledge and that they are true, correct, complete, and not misleading to the best of my knowledge.

Submitted By: Michael-Andrew: Carey, Authorized Representative, with Reservation of All Rights UCC 1-308, In Good Faith UCC 1-304
        For: MICHAEL ANDREW CAREY, claimed vessel

Signed: _Michael-Andrew: Carey_    Dated: _17 June 2025_

Page 11 of 11

Appendix  B (inclusive) - [Provided    alidation of Arrest (legally deficient)]: Constitutionally Defective Warrant, Arrest Report,  — Demonstrating a Complete Lack of Probable Cause and    iolations of the   ourth,   ifth, and   ourteenth Amendments, Rendering the Arrest Unlawful Under Established   ederal Precedent,

**B-1:** *Constitutionally Defective Search Warrant, Affidavit, and Return — Legally Insufficient on Its Face for Failing to Establish Probable Cause Based on Clearly Articulated, Objective, and Narrowly Defined Triggering Events Required Under the Fourth Amendment (See: U.S. v. Hotal, supra)*

STATE OF CALIFORNIA - COUNTY OF RIVERSIDE

### SEARCH WARRANT RETURN



Warrant Number: SW0313 2024 B

OFFICER **Christian Flores** (#020989) with **CHP / TEMECULA**, being sworn, says that he/she conducted a search warrant pursuant to the search warrant described below:

Issuing Magistrate: **Honorable Judge S. DIAZ**

Magistrate's Court: **Superior Court of California, County of Riverside**

Date of issuance: **02/23/2024**

Date of service: **02/23/2024**

and searched the following location(s), vehicle(s), and person(s):

**The person of Michael Andrew Carey.**

and seized the item(s) described herein:

**Blood draw from the body of Michael Andrew Carey.**

I further swear this is a true and detailed account of all property taken by me pursuant to the search warrant, and pursuant to Penal Code Sections 1528 and 1536 this property will be retained in my custody subject to the order of this court or of any other court in which the offense in respect to which the seized property is triable.

*C. Flores*
C. Flores (Mar 2, 2024 23:37 PST)

_____
(Signature of affiant)

Sworn to and Sub_____ day of **March 2024** at **11:36 PM**

*Melissa C. Hale*
Melissa C. Hale (Mar 4 2024 _____)

_____
(Signature of Judge) / Se_____ Penal Code section 1526(c)(1)

SW2403022336RTN                    Superior Court of California, County of Riverside                    Page 1 of 1

**B-1.2**



SW03 13202408

## STATE OF CALIFORNIA - COUNTY OF RIVERSIDE

# SEARCH WARRANT AND AFFIDAVIT

Blood Draw Warrant "McNeely Warrant"

[Penal Code §1524]

**OFFICER Christian Flores #020989 CHP / TEMECULA** swears under oath that the facts expressed by him/her in this Search Warrant and Affidavit, in the attached and incorporated statement of probable cause are true and that based thereon, he/she has probable cause to believe and does believe that the property and/or person described below is lawfully seizable pursuant to Penal Code Section 1524, as indicated below, and is now located at the locations set forth below. Wherefore, affiant requests that his/her Search Warrant be issued.

I declare under penalty of perjury that the foregoing is true and correct.

Date/Time  02/23/2024 03:27 AM              Place (City/County and State)  WILDOMAR, CA

*C. Flores*
C. Flores (Feb 23, 2024 03:30 PST)                            NIGHT SERVICE REQUESTED: ◉ Yes  ○ No

(Signature of Affiant)

# SEARCH WARRANT

THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF, POLICE OFFICER, OR PEACE OFFICER IN THE COUNTY OF RIVERSIDE: Proof having been made, before me, by OFFICER **Christian Flores #020989** that there is probable cause to believe that at the property and/or person described herein may be found at the locations set forth herein and is lawfully seizable pursuant to Penal Code Section 1524 as indicated below by checkmark(s) in that:

- ☐ It was stolen or embezzled
- ☐ It was used as the means of committing a felony
- ☐ It was possessed by a person with the intent to use it as means of committing a public offense or is possessed by another whom he or she may have delivered it for the purpose of concealing it or preventing its discovery
- ☐ It tends to show that a felony has been committed or that a particular person has committed a felony
- ☐ There is a warrant for the person's arrest
- ☐ A recording device installed by the manufacturer of a motor vehicle tends to show a felony or misdemeanor involving a motor vehicle, resulting in death or serious bodily injury, as specified in Penal Code Section 1524(a)(19)(A)
- ☑ It tends to show that a person has committed a violation of VC Section(s) 23140, 23152, or 23153 and that the person has refused a law enforcement officer's request to submit to, or has failed to complete, a chemical test as required by VC Section 23612

**You are therefore COMMANDED to SEARCH:**
Proof having been made before me this day by the incorporated affidavit that there is probable cause to believe that a sample of the blood of **MICHAEL ANDREW CAREY**, named and described in the affidavit, will furnish evidence of the commission of a public offense, you are therefore commanded at any time of day or night to make search of **MICHAEL ANDREW CAREY** by extracting, in a medically-approved manner, a blood sample to be submitted by you for laboratory analysis and to be retained by you, subject to order of the court.

**For the FOLLOWING PROPERTY or PERSON(s):**

*See ATTACHMENT A*

This Search Warrant and incorporated Affidavit was sworn to as true and subscribed before me this **23** of **February, 2024, 03:27 AM.** Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

OATH OF THE AFFIANT ADMINISTERED TELEPHONICALLY: ☐
NIGHT SERVICE AUTHORIZED: ☑

Samuel Diaz
Samuel Diaz, Feb 23, 2024 03:27

(Signature of Magistrate, Signed pursuant to Penal Code Section 1526(c)(1)

Judge of the COURT OF RIVERSIDE, California, County of Riverside

# ATTACHMENT A

**SEARCH WARRANT FOR THE FOLLOWING PROPERTY/PERSON**

A blood sample collected in a medically-approved manner from **MICHAEL ANDREW CAREY,** to be submitted for laboratory analysis for the detection of drugs and/or alcohol that will tend to show impairment.

**REQUEST FOR NIGHTIME WAIVER**

Based on training and experience, your Affiant knows that a person can become impaired through the ingestion of alcohol and/or drugs. Your affiant also knows drugs and/or alcohol dissipate from a person's blood at varying rates until completely dissipated from the bloodstream, thus destroying the evidence. The timely collection of a blood sample is necessary to determine an accurate quantitative level of alcohol and/or drugs in a person's blood. These levels will assist the court, law enforcement, and other experts with a determination or opinion as to the level of the person's intoxication.

Your Affiant requests that outside technical experts, including phlebotomists, forensic technicians and evidence technicians be permitted to analyze the collected blood sample and prepare a report with the quantitative levels of any such intoxicants.

Based on the foregoing information provided in this declaration, your affiant requests a search warrant for a blood sample of **MICHAEL ANDREW CAREY.**

**B-1.5**

## AFFIDAVIT

### AFFIANT'S DECLARATION

SW0313202449
F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 13 2024

AFFIANT'S NAME: **Christian Flores #020989**

OCCUPATION: **OFFICER**

ASSIGNMENT: **OFFICER**

DEPARTMENT EMPLOYED BY: **CHP / TEMECULA**

Your Affiant is employed as a sworn peace officer with the **CHP / TEMECULA** and has been so employed since **02/23/2024**.

Your Affiant attended and graduated from **CALIFORNIA HIGHWAY PATROL** and currently hold/s

☑ **Basic** ☐ **Intermediate** ☐ **Advanced**

Certificate/s with California Peace Officer Standards and Training (P.O.S.T.). Your Affiant has received training in the area of DUI (Driving Under the Influence) enforcement from the police academy and the field training program of the **CALIFORNIA HIGHWAY PATROL**. In addition, they have attended the following DUI enforcement class/es: **ARIDE**

Your Affiant has personally investigated and assisted in the investigation of approximately **300** suspected DUI drivers.

### INVESTIGATION:

On **02/23/2024**, at about **02:44 AM** hours, in **WILDOMAR** of Riverside County, I contacted the suspect following a:

☐ **Traffic Collision** ☑ **Vehicle Code Violation(s)** ☐ **Other**

Vehicle Code Violations (if any):
**21658(A) CVC**

Other reason for investigation:
**VEHICLE SWERVING IN LANE**

The suspect was identified as the driver of the vehicle by: ☑ **Observation** ☐ **Suspect's Statement** ☐ **Witness Statement(s)**

### OBJECTIVE SIGNS OF IMPAIRMENT:

While speaking to the suspect, I observed the following objective signs of impairment:

| Odor of Intoxicant Present?: | Odor of Intoxicant: | Odor of Intoxicant Present (Vehicle)?: | Odor of Intoxicant (Vehicle): |
|---|---|---|---|
| ◉ Yes  ○ No | ☑ Alcoholic Beverage | ◉ Yes | ☑ Alcoholic Beverage |
| | ☐ Marijuana | ○ No | ☐ Marijuana |
| | ☐ Strong | | ☐ Strong |
| | ☐ Moderate | | ☐ Moderate |
| | ☐ Mild | | ☐ Mild |

| Eyes: | Face: | Speech: | Demeanor: | Coordination: |
|---|---|---|---|---|
| ☐ Normal | ☐ Normal | ☐ Normal | ☐ Cooperative | ☑ Normal |
| ☑ Bloodshot | ☑ Flush | ☐ Slow | ☑ Uncooperative | ☐ Unsteady |
| ☑ Watery | ☐ Sweaty | ☑ Rapid | ☑ Argumentative | ☐ Used Support |
| ☑ Glassy | ☐ Slack | ☐ Mumbled/Slurred | ☑ Insulting | ☐ Staggered |
| ☐ Unfocused | ☐ Rigid | ☑ Loud | ☐ Crying | ☐ Deliberate |
| | | ☐ Soft | ☐ Jovial | ☐ Unable to Stand |
| | | ☑ Repetitive | ☐ Nervous | |
| | | ☑ Insulting | ☐ Dazed | |

# Field Sobriety Tests

## STANDARDIZED FIELD SOBRIETY TESTS:

Able to administer all field sobriety tests?                                          Additional Information:

○ Yes            **Subject refused to cooperate at the time of contact and was placed under arrest for suspicion of DUI.**
◉ No

The suspect performed as follows on the Field Sobriety Tests:

## Horizontal Gaze Nystagmus (HGN):

| Able to Conduct HGN?: | Lack of Smooth Pursuit?: | Was there a distinct and sustained nystagmus at maximum deviation?: | Onset of Nystagmus: |
|---|---|---|---|
| ○ Yes | ○ Yes | ○ Yes | ☐ None |
| ◉ No | ○ No | ○ No | ☐ Resting(0) |
| | | | ☐ Immediate(0-30) |
| | | | ☐ Rapid(35) |
| | | | ☐ Near Extreme(40) |
| | | | ☐ Extreme(45) |

Additional Information for Horizontal Nystagmus Test:

## Walk and Turn:

| Able to Conduct Walk and Turn?: | Able to Maintain Balance?: | Started Too Soon?: |
|---|---|---|
| ○ Yes | ○ Yes | ○ Yes |
| ◉ No | ○ No | ○ No |

Additional Information for Walk and Turn Test:

## One Leg Stand:

| Able to Conduct One Leg Stand?: | Swaying While Balancing?: | Used Arms to Balance?: |
|---|---|---|
| ○ Yes | ☐ No swaying | ○ Yes |
| ◉ No | ☐ Side to Side | ○ No |
| | ☐ Back and Forth | |

Additional Information for One Leg Stand Test:

## Preliminary Alcohol Screening (PAS):

| Able to Conduct PAS?: | If No PAS/Other (Explain): | |
|---|---|---|
| ☐ Yes | | Test 1% BAC: |
| ☑ No | | **Test 2% BAC:** |
| ☐ Refused | | |

☐ Based on my training and experience, these FST results are consistent with the suspect being under the influence of either alcohol or a drug.

Drug Recognition Evaluation (DRE):

Able to Conduct DRE?:
☐ Yes
☑ No
☐ No drug suspected

Romberg (30 sec)
estimated in:

Observations During Romberg:
☐ Eyelid Tremors
☐ Swaying
☐ Feet Apart
☐ Opens Eyes

Pulse (Beats Per Min):                    Blood Pressure:

Pupil Reaction/Diameter Conducted?:
○ Yes
◉ No

Pupil Reaction To Light?:
☐ Normal
☐ Slow
☐ None

Pupil near darkness:          Pupil Indirect Light:          Pupil Direct Light:

Additional Information for Drug Recognition Evaluation Test :

REFUSAL - Did the suspect refuse to submit to, or fail to complete a chemical test as required by VC Section 23612?

◉ Yes
○ No

## Additional Information/Narrative:

The subject was placed under arrest for suspicion of DUI. When asked, the subject stated he would not submit to any chemical tests.

Based on the information provided in this declaration, your Affiant believes that **MICHAEL ANDREW CAREY** was driving a vehicle while impaired by alcohol and/or drugs, and this impairment caused him/her to be unable safely to drive a motor vehicle in violation of VC Section(s) 23140, 23152, or 23153.

Based on training and experience, your Affiant knows that a person can become impaired through the ingestion of alcohol and/or drugs. Collection and analysis of a blood sample tends to show quantitative levels of intoxicants. These levels will assist the court, law enforcement, and other experts with a determination or opinion as to the level of the person's intoxication.

Your Affiant requests that outside technical experts, including phlebotomists, forensic technicians and evidence technicians be permitted to analyze the collected blood sample and prepare a report with the quantitative levels of any such intoxicants.

Appendix B-2: Arrest Report Containing Perjured    fficer Statement and  mproper Elevation of Subjective Observations to objective indicators — Falsely Alleging Refusal of Field Sobriety Test in Violation of Due Process and Fourth Amendment Standards

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

**DRIVING UNDER THE INFLUENCE
ARREST – INVESTIGATION REPORT**

CHP 202 (Rev. 10-21) OPI 066

☒ Misdemeanor    ☐ Domestic Violence (Refer to HPM 100.69)    PAGE 1 OF 6

☐ Felony

| COURT | SOUTHWEST | FILE NUMBER 202400120 | EVIDENCE/PROPERTY ☒ YES ☐ NO |
|---|---|---|---|
| AREA 685 | BEAT 030 | CRASH REPORT NUMBER N/A | E- 20240038 |

| DATE/TIME OF ARREST/REPORT 02/23/2024  0242 | DATE/TIME OF INCIDENT | ☒ SAME | LOCATION OF ARREST/INCIDENT CLINTON KEITH E/O I-15 | WMVARS/MVARS WMVARS | ☒ YES ☐ NO |
|---|---|---|---|---|---|

| CAD NUMBER 240223BC00046 | ☐ NONE | CITATION NUMBER LW76904 | OFFENSE(S) CHARGED OR INVESTIGATED 23152(a) VC / 23152(b) VC / 23578 VC | JUS 8715 REQUIRED ☒ YES ☐ NO  NUMBER: |
|---|---|---|---|---|

**SUBJECT NO 1 OF 1**

| NAME (last, first, middle) CAREY, MICHAEL, ANDREW | RESIDENCE ADDRESS 32447 WHISERING GLEN TRL, WILDOMAR, CA, 92595 |
|---|---|

| AKA N/A | HOME PHONE REFUSED | MAILING ADDRESS | ☒ SAME |
|---|---|---|---|

| RACE White | ETHNICITY Not Hispanic or Latino | SEX Male | | | BIRTHDATE 12/19/1992 | DISPATCH NOTIFIED ☒ YES ☐ NO |
|---|---|---|---|---|---|---|

| DRIVER LICENSE NUMBER F2627739 | STATE CA | DDL STATUS Valid | HAIR BRN | EYES BLU | HEIGHT 6-02 | WEIGHT 210 | PLACE OF BIRTH (city, state, country) REFUSED | TIME: 0513 |
|---|---|---|---|---|---|---|---|---|

| EMPLOYER REFUSED | BUSINESS PHONE | BUSINESS ADDRESS REFUSED | MISC. (SSN, INS #, ETC.) | ID: A10915 |
|---|---|---|---|---|

| BOOKING, CII, FBI, ETC., NUMBER(S) 202407748 | WHERE BOOKED/CONFINED SOUTHWEST DETENTION CENTER | DATE/TIME 02/23/2024  0501 | FINGERPRINTED ☒ YES ☐ NO |
|---|---|---|---|

| NOTIFICATION (Who, How, When), EXPLAIN IN NARRATIVE  ☐ JUVENILE  ☐ FOREIGN NATIONAL  ☐ IMMUNITY CLAIM | NOTIFIED BY |
|---|---|

**VEHICLE**

| LICENSE 8ZJR496 | STATE CA | REG. YEAR 2024 | VIN/EN NUMBER 4 J G F B 4 K E 1 L A 1 8 8 4 3 1 | VEHICLE WAS ☐ PARKED ☐ RECOVERED ☒ STORED ☐ IMPOUNDED ☐ RELEASED | STORAGE AUTHORITY 22651(h) CVC |
|---|---|---|---|---|---|

| VEH YEAR 2020 | MAKE MERCEDES | MODEL GLE 350 | COLOR WHI | BODY TYPE 4 Door | LOCATION OF VEHICLE/RELEASED TO/ADDRESS/TELEPHONE NUMBER WIND AND SEA TOW (951)657-0400 |
|---|---|---|---|---|---|

| NAME OF REGISTERED OWNER | ☒ SAME AS SUBJECT | ADDRESS | ☒ SAME AS SUBJECT |
|---|---|---|---|

| NAME OF LEGAL OWNER JP MORGAN CHASE BANK | ☐ SAME AS R/O | ADDRESS PO BOX 901033, FORT WORTH TX, 76101 | LOCATION OF KEYS W / VEHICLE |
|---|---|---|---|

**WITNESS/PASSENGER/VICTIM**

| BIRTHDATE UNKN | SEX M | NAME CONTRERAS | ☐ WITNESS ☒ PASSENGER ☐ VICTIM | ADDRESS/AGENCY UNKNOWN | PHONE RES (951) 236-5096 BUS: |
|---|---|---|---|---|---|
| 04/04/1994 | M | BRUNO AMADOR | ☐ WITNESS ☒ PASSENGER ☐ VICTIM | 820 PROVANCE ST, HEMET, CA, 92545 | RES (951) 265-1826 BUS: |
| | | | ☐ WITNESS ☐ PASSENGER ☐ VICTIM | | RES: BUS: |
| | | | ☐ WITNESS ☐ PASSENGER ☐ VICTIM | | RES: BUS: |

**ADMONITION OF RIGHTS**

1. YOU HAVE THE RIGHT TO REMAIN SILENT.

2. ANYTHING YOU SAY CAN AND WILL BE USED AGAINST YOU IN A COURT OF LAW.

3. YOU HAVE THE RIGHT TO TALK WITH AN ATTORNEY AND TO HAVE AN ATTORNEY PRESENT BEFORE AND DURING QUESTIONING.

4. IF YOU CANNOT AFFORD AN ATTORNEY, ONE WILL BE APPOINTED FREE OF CHARGE TO REPRESENT YOU BEFORE AND DURING QUESTIONING, IF YOU DESIRE.

THE ABOVE STATEMENT WAS READ TO THE ARRESTEE BY:

☒ NOT ADVISED    ☐ ARRESTING OFFICER    ☐ OR:    ID    TIME:

| DO YOU UNDERSTAND EACH OF THESE RIGHTS I HAVE EXPLAINED TO YOU? ☐ YES ☐ NO | HAVING THESE RIGHTS IN MIND, DO YOU WISH TO TALK TO US NOW? ☐ YES ☐ NO | WAIVER STATEMENT |
|---|---|---|

**MISDEMEANOR INCARCERATION** (To be completed upon physical arrest for any misdemeanor, pursuant to Section 853.6 of the Penal Code.)
As determined by the arresting officer, the person arrested:

1. ☒ was so intoxicated as to be a danger to themself or others.

2. ☐ required medical examination or medical care or was otherwise unable to care for their own safety.

3. ☒ was arrested under one or more of the circumstances listed in Sections 40302 and 40303 of the California Vehicle Code (Note 5 and 8 applicable).

4. ☐ had one or more outstanding arrest warrants issued.

5. ☐ could not provide satisfactory evidence of personal identification.

6. ☒ if released immediately, would jeopardize the prosecution of the offense or offenses then arrested or the prosecution of any other offense.

7. ☒ would be reasonably likely to continue the offense or offenses, or the safety of persons or property would be imminently endangered if immediately released.

8. ☐ demanded to be taken before a magistrate or refused to sign the citation.

9. ☐ would not appear at the time and place specified in the notice.

10. ☐ Other:

| ARRESTING/INVESTIGATING OFFICER (Print name/rank) C. FLORES / OFFICER | ID NUMBER 20989 | REVIEWED BY (Print name/rank) A. BARAJAS / SERGEANT | ID NUMBER 19126 | DATE 3/8/24 |
|---|---|---|---|---|

Destroy Previous Editions    An Internationally Accredited Agency    Chp202_0222.pdf

| LAST NAME, FIRST NAME, AND MIDDLE INITIAL | CITATION/CASE NUMBER | PAGE 2 OF 6 |
|---|---|---|
| **CAREY, MICHAEL, ANDREW** | **LW76904** | |

\* Did not ask

## INVESTIGATION INTERVIEW

| DO YOU KNOW OF ANYTHING MECHANICALLY WRONG WITH YOUR VEHICLE ? DESCRIBE. ☐ YES ☐ NO | ARE YOU SICK OR INJURED? DESCRIBE. ☐ YES ☐ NO |
|---|---|

| ARE YOU DIABETIC OR EPILEPTIC? ☐ YES ☐ NO | DO YOU TAKE INSULIN? *(Pills/Injection)* ☐ YES ☐ NO | DO YOU HAVE ANY PHYSICAL IMPAIRMENTS? DESCRIBE. *(Feet, Legs, Ankles, or Hips)* ☐ YES ☐ NO |
|---|---|---|

| WHEN DID YOU LAST SLEEP? | HOW LONG? | WHEN DID YOU LAST EAT? | DESCRIBE |
|---|---|---|---|

| WERE YOU DRIVING THE VEHICLE? ☐ YES ☐ NO ☐ N/A | IF NO, WHO? | WHERE DID YOU START DRIVING? | WHERE WERE YOU GOING? |
|---|---|---|---|

| WHERE WERE YOU STOPPED? | WHAT HAVE YOU BEEN DRINKING? | HOW MUCH? | TIME STARTED? | TIME STOPPED? |
|---|---|---|---|---|

| LOCATION WHERE YOU WERE DRINKING? | NAME/ADDRESS | DO YOU FEEL THE EFFECTS OF THE DRINKS? DESCRIBE. ☐ YES ☐ NO |
|---|---|---|

| DID YOU BUMP YOUR HEAD? ☐ YES ☐ NO ☐ N/A | HAVE YOU BEEN DRINKING SINCE THE ACCIDENT? ☐ YES ☐ NO ☐ N/A | IF YES, WHAT? | HOW MUCH? |
|---|---|---|---|

| ARE YOU UNDER CARE OF A DOCTOR OR DENTIST? ☐ YES ☐ NO | IF YES, NAME/ADDRESS | RECENT SURGERY PERFORMED? ☐ YES ☐ NO |
|---|---|---|

| HAVE YOU TAKEN ANY MEDICINE OR DRUGS? ☐ YES ☐ NO | IF YES, WHAT? | HOW MUCH? | TIME OF LAST DOSAGE? | *(Explain in Narrative)* |
|---|---|---|---|---|

DO YOU FEEL THE EFFECTS OF THE MEDICINE/DRUGS? DESCRIBE.    ☐ YES    ☐ NO

## OBJECTIVE SIGNS/APPEARANCE/FIELD SOBRIETY TEST LOCATION

| BREATH ODOR OF ALCOHOLIC BEVERAGE PRESENT: Faint ☒ YES ☐ NO | GLASSES/LENSES ☐ YES ☒ NO | EYES (appearance) BLOODSHOT | DEMEANOR UNCOOPERATIVE | SPEECH RAPID |
|---|---|---|---|---|

CLOTHING WORN: CONDITION AND DESCRIPTION
WORN, JACKET, SHIRT, PANTS, SHOES

DESCRIBE TEST LOCATION, SURFACE, WEATHER, AND LIGHTING
GENERALLY FLAT, PARKING LOT, COOL, OVERHEAD LIGHTING

## PRELIMINARY ALCOHOL SCREEN INFORMATION

**P.A.S. Admonition: I am requesting that you take a preliminary alcohol screening test to further assist me in determining whether you are under the influence of alcohol. You may refuse to take this test; however, this is not an implied consent test and, if arrested, you will be required to give a sample of your blood, breath, or urine for the purpose of determining the actual alcoholic and drug content of your blood.**

THE SUBJECT WAS ADVISED OF THE ABOVE STATEMENT BY:

☒ NOT ADVISED    ☐ ARRESTING OFFICER    ☐ OR _____    ID: ____    TIME: ____

| PAS SERIAL NUMBER | TEMPERATURE | ZEROED ☐ YES ☐ NO | RESULTS NO. 1 ☐ Refused | TIME 1 | RESULTS NO. 2 | TIME 2 | RESULTS NO. 3 *(if needed)* | TIME 3 |
|---|---|---|---|---|---|---|---|---|

| LOCATION OF TEST | ☐ At scene | BREATH SAMPLE ☐ Automatic ☐ Manual | OFFICER ADMINISTERING PAS TEST ☐ ARRESTING OFFICER ☐ OR | ID NUMBER | AREA |
|---|---|---|---|---|---|

## CHEMICAL TEST INFORMATION

| ☒ Implied Consent Admonishment, Section 23612 CVC ☒ Refused Test(s) (Complete DS 367) | DRUG ADMONISHMENT ☒ N/A ☐ Yes ☐ Refused (Complete DS 367) | ATTACHMENTS ☐ CHP 202 DRE ☐ OTHER |
|---|---|---|

| TYPE OF TEST | TIME | ID OF SAMPLE(S) | RESULTS, IF AVAILABLE | DISPOSITION OF SAMPLE(S) |
|---|---|---|---|---|
| 1 ☐ Breath | | | | |
| 2 ☒ Blood | 0414 | 737053 | PENDING | CHP, TEMECULA BLOOD LOCKER |
| 3 ☐ Urine | | | | |

| TEST GIVEN | LOCATION WHERE TEST WAS CONDUCTED | NAME AND TITLE OF PERSON GIVING TEST OR TAKING SAMPLE |
|---|---|---|
| 1 | | ☐ ARRESTING OFFICER ☐ OR |
| 2 | CHP, TEMECULA AREA OFFICE | ☐ ARRESTING OFFICER ☒ OR PHLEBOTOMIST, P. DHILLON, #1152 |
| 3 | | ☐ ARRESTING OFFICER ☐ OR |

## CHEMICAL TEST ADVISEMENT

A. The breath testing equipment does NOT retain any breath sample for later analysis by you or anyone else.
B. If you want a sample retained, you may provide a blood or urine sample that will be retained at no cost to you. If you do so, the blood or urine sample may be tested for alcoholic or drug content by either party in a criminal prosecution.
C. Do you wish to provide an additional sample?    ☐ YES    ☐ NO    ☒ N/A

## WATSON ADVISEMENT

You are hereby advised that being under the influence of alcohol or drugs, or both, impairs your ability to safely operate a motor vehicle. Therefore, it is extremely dangerous to human life to drive while under the influence of alcohol or drugs, or both. If you continue to drive while under the influence of alcohol or drugs, or both, and, as a result of that driving, someone is killed, you can be charged with murder.

DO YOU UNDERSTAND ☒ YES ☐ NO _____    READ VERBATIM: ☒ YES ☐ NO    ☐ DID NOT ADVISE  (Explain in narrative)

☒ ARRESTING OFFICER ☐ OR _____    ID: ____    ☐ N/A

Destroy Previous Editions                    *An Internationally Accredited Agency*                    Chp202_0222.pdf

**B-2.3**



STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
TEMECULA AREA OFFICE

<u>**ARREST/ INVESTIGATIVE REPORT**</u>                    **Case: LW76904**

1
2                              <u>**FIELD SOBRIETY TESTS**</u>
3
4    Based on Mr. Carey's unwillingness to cooperate, no Field Sobriety Tests (FST's) were conducted.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

| PREPARED BY | I.D. | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| Officer C. Flores | 20989 | 03/02/2024 | | |

B-2.4

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
TEMECULA AREA OFFICE

**ARREST/ INVESTIGATIVE REPORT**                                    Case: LW76904

## FIRST OBSERVATIONS:

On February 23, 2024, at approximately 0227 hours, I was on patrol with my partner (passenger), Officer J. Enerson (#20637), in a fully marked black and white CHP patrol vehicle and we were dressed in full tan CHP uniform. I was driving on I-15 northbound just north of Murrieta Hot Springs Rd. in the #2 lane when my attention was drawn to a white vehicle driving directly ahead of the patrol vehicle. The subject vehicle was weaving to the left driving on the broken white lane line. As the subject vehicle continued, it weaved to the left then jerked to the right as the driver corrected the vehicle's path of travel. As we passed the California Oaks Rd. undercrossing, the vehicle swerved to the left into the #1 lane by at least its tire width two separate times, a violation of 21658(a) CVC – unable to maintain its lane. As the vehicle continued, it began weaving side to side within the lane. I positioned the patrol vehicle near the rear of the subject vehicle, and I initiated an enforcement stop by activating the patrol vehicle's forward facing overhead emergency lights. The driver did not immediately respond to the emergency lights, but eventually reacted and changed lanes to the right into the #3 lane. The subject vehicle greatly reduced its speed and attempted to enter the right shoulder just south of Clinton Keith Rd. Utilizing the patrol vehicle's public address system, Officer Enerson instructed the driver to exit the freeway. The subject vehicle exited the freeway, turned right and Officer Enerson instructed the driver to stop along the curb. However, the driver continued forward, entered the driveway and parked at the McDonald's parking lot.

## OBSERVATIONS AFTER THE STOP:

I contacted the driver through the open driver side window and Officer Enerson approached on the passenger side. I greeted the driver with "Good morning," and he replied, "It's not morning, it's evening." I advised the driver of the reason for the stop, weaving, swerving, and driving on the lane line. The driver replied he was not weaving. I advised the driver I had been driving behind him and he replied, "That's okay." As I spoke to with the driver, I smelled the strong odor of an alcoholic beverage emitting from the within the vehicle and I observed the driver's eyes were bloodshot. I asked the driver for his driver license, and he refused to provide it while asking the reason for the stop. As the driver became argumentative, I instructed him to exit the vehicle so I could speak with him further near the patrol vehicle. The driver initially refused to exit the vehicle and requested to know what crime he had committed. The driver eventually exited the vehicle and walked back to the patrol vehicle. I again asked the driver for his driver license, and he refused to provide it. While speaking with the driver now out of the vehicle, I continued to smell the odor of an alcoholic beverage and I could clearly see his eyes were extremely red and glassy. While speaking with the driver, he continued to be argumentative, and his demeanor became aggressive. Based on the driver delaying the investigation, his unwillingness to cooperate and his aggressive behavior, I placed the driver in handcuffs with assistance from Officer Enerson; no force was used, only control holds to facilitate the handcuffing. With the driver in handcuffs, I continued to attempt a DUI investigation, but the driver continued to be argumentative and uncooperative.

Officer M. Jackson, #16986, arrived on scene and attempted to reason with the driver, but he was unsuccessful as the driver continued to be argumentative.

| PREPARED BY | I.D. | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| Officer C. Flores | 20989 | 03/02/2024 | | |

**B-2.5**



STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
TEMECULA AREA OFFICE

**ARREST/ INVESTIGATIVE REPORT**                                   **Case: LW76904**

## OBSERVATIONS AFTER THE STOP (Continued):

At this time, I formed the opinion the driver had been driving under the influence of an alcoholic beverage and was unable to operate a motor vehicle safely based upon the following:

- The subject vehicle was weaving side to side, and crossed out of the lane multiple times
- The driver exhibited objective signs of alcohol intoxication
  - Bloodshot eyes, flushed face, inability to follow instructions and inability to comprehend the reason for the stop
  - The odor of an alcoholic beverage emitting from his breath and person

## ARREST AND BOOKING:

I placed the driver under arrest at 0242 hours for violation of Section 23152(a) VC – Misdemeanor DUI. Incident to arrest, I conducted a full standing search of the driver and located his driver license attached to his cell phone. At this time, the driver was identified by his California driver license as Michael Andrew Carey. I placed Mr. Carey in the right rear seat of the patrol vehicle, and I advised Mr. Carey of Implied Consent per 23612 VC. Mr. Carey replied he would do a breath test, but a lawyer advised him to do a blood test. I asked Mr. Carey if he was willing to do the blood test and he said "No, I'm not willing to the blood test." Mr. Carey also stated if he had given me his driver license, I would have saw he has a pending DUI. Based on Mr. Carey's refusal to submit to a chemical test, I transported Mr. Carey to the CHP, Temecula Area Office. At approximately 0310 hours, I read Mr. Carey the back of a DS367. I asked Mr. Carey if he would submit to a breath test and he said, "No, I'm not taking any test for you." I asked Mr. Carey if he would submit to a blood test and he said, "I'm not taking a blood test, no." Mr. Carey also stated he was the designated driver and he only had two drinks throughout the night. Mr. Carey said he had been in Temecula, and he claimed I had followed him. During his time at the CHP, Temecula Area Office, Mr. Carey continued to be argumentative, loud, repetitive, and insulting towards officers.

Based on Mr. Carey's refusal to submit to a chemical test, I requested a McNeely warrant which was approved and signed by Southwest Superior Court of California, Judge Samuel Diaz. Upon arrival of Phlebotomist, P. Dhillon, #1152 and his readiness to withdraw Mr. Carey's blood, Mr. Carey was walked to the Safety Restraint Chair. Mr. Carey was secured to the Safety Restraint Chair with the use of the Safety Restraint Chair restraints, and no force was used during the application. I observed Phlebotomist, P. Dhillon clean Mr. Carey's right hand with Benzalkonium chloride and successfully obtain a blood sample from Mr. Carey's right hand at approximately 0414 hours.

After completing the blood draw, Mr. Carey was transported to the Southwest Detention Center where he was booked as charged at approximately 0501 hours.

| PREPARED BY | I.D. | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| Officer C. Flores | 20989 | 03/02/2024 | | |

**B-2.6**

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
TEMECULA AREA OFFICE

**ARREST/ INVESTIGATIVE REPORT**                                   Case: LW76904

**EVIDENCE:**

One compact disc containing footage of the non-consensual blood draw was booked into the CHP, Temecula Area evidence locker with a number of E-20240038.

**RECOMMENDATIONS:**

I recommend a copy of this report be forwarded to the Los Angeles County District Attorney's Office for review and Michael Andrew Carey be charged with the following:

- 23152(a) VC – Misdemeanor DUI
- 23152(b) VC - .08% BAC or greater
- 23578 VC – Chemical Test Refusal

| PREPARED BY | I.D. | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| Officer C. Flores | 20989 | 03/02/2024 | | |

Appendix C: Certified Court
Minutes and Judicial Orders
of Record — Entered in Case
No. SWM2402170 as
Evidence of Procedural
Irregularities and
Jurisdictional Defects

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | Superior Court of California, County of Riverside, Southwest Justice Center | Department S104 |
|---|---|---|
| 06/04/2024 | Arraignment | 7:30 AM |
| SWM2402170 | | |
| People vs MICHAEL ANDREW CAREY | | |

Honorable Judge Albert J. Wojcik, Presiding
Courtroom Assistant: N. Magana
People represented by Deputy District Attorney: Jessica Walls.
Public Defender Appointed.
Defendant represented by DPD Jason Johnson.
Defendant Present.
At 10:59 the following proceedings were held:
Pursuant to 989 PC defendant does not declare true name.
Defendant's counsel waives formal arraignment.
Counsel for defendant waives formal reading of complaint and stipulates defendant has been advised of his/her legal & constitutional rights.
Defendant Advised of Constitutional Rights.
Defendant advised of right to a speedy and public trial by judge or jury.
Defendant advised of right to confront and cross examine witnesses; right to present evidence on own behalf.
Defendant advised of privilege against self-incrimination.
Defendant advised of charges and consequences of his/her plea and statutory sentencing.
Pleads Not Guilty to all charges.
Trial Readiness Conference set for 07/03/2024 at 8:30 in Department S104.
Defendant waives time for trial to 07/03/2024 plus 45 days.
Protective Order: Law Enforcement Body Worn Camera Evidence is granted.
Defendant ordered to return on any and all future hearing dates.
- - Custody Status/Information - -
Released on O.R.
Pre-trial Services notified that defendant was released or continued on O.R. [Riverside, Banning, and Southwest jurisdictions only]

Legacy Minute Order.
This minute order was generated from
data in a legacy case management system.          Page 1 of 1                    06/04/2024

**C-1.2**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | Superior Court of California, County of Riverside, Southwest Justice Center | Department S104 |
|---|---|---|
| 11/18/2024 | Ex Parte Hearing Re: Special Appearance/Jurisdictional Challenge | 8:30 AM |

SWM2402170
People vs MICHAEL ANDREW CAREY

---

Minutes updated on 12/03/24.
Honorable Judge William S. Lebov, Presiding
Courtroom Assistant: A. Moreno
Defendant is not present.
The Court has read and considered the Ex-Parte Correspondence submitted by Defendant re: various motions
The Court hereby denies said request.
- - Custody Status/Information - -
Custody status is not applicable - Ex Parte Hearing.

Legacy Minute Order.
This minute order was generated from
data in a legacy case management system.

Page 1 of 1

11/18/2024

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

|  | Superior Court of California, County of Riverside, Southwest Justice Center | Department S104 |
|---|---|---|
| 11/18/2024 | Ex Parte Hearing Re: Notice of Settlement of Entire Case | 8:31 AM |

SWM2402170
People vs MICHAEL ANDREW CAREY

Minutes updated on 12/03/24.
Honorable Judge William S. Lebov, Presiding
Courtroom Assistant: A. Moreno
Defendant is not present.
The Court has read and considered the Ex-Parte Correspondence submitted by Defendant re: Notice of Settlement of Entire Case
The court takes no action.
***Document placed on tickler file in S104***
- - Custody Status/Information - -
Custody status is not applicable - Ex Parte Hearing.

Legacy Minute Order.
This minute order was generated from          Page 1 of 1                    11/18/2024
data in a legacy case management system.

**C-1.4**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220     ☐ **RIVERSIDE** 4100 Main St., Riverside, CA 92501
☐ **BLYTHE** 265 N. Broadway, CA 92225     ☐ **MURRIETA** 30755-D Auld Rd.,, Suite 1226, Murrieta, CA 92563
☐ **INDIO** 46-200 Oasis St., Indio, CA 92201

BAC

CR065

| PEOPLE OF THE STATE OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| | **FILED** |
| | SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE |
| **VS.** | DEC 03 2024 |
| | A. Moreno |
| DEFENDANT:   MICHAEL ANDREW CAREY | CASE NUMBER: SWM2402170 |

DEC 06 2024

### JUDICIAL REVIEW AND ORDER

To:   ☐ Duty Judge:     ☒ Judge:     _S104_

From: Clerk's Office     Clerk:     _V. Justice_

Submitted Date: _11/18/24_

**Your Honor:** The following is being submitted for your review and order:

☐ 1381 Demand for Trial     ☐ Petition for Dismissal Purs. Penal Code 1203.4

☐ Writ of Habeas Corpus     ☐ Letter from Department of Corrections

☐ Letter from defendant     ☐ Probable Cause on Notice of Appeal

☐ 1203.9 P.C. Transfers     ☒ Other: _Notice of Settlement of Entire case_
                               _hrg 11/19/24  S104_

☐ Please sign next to the "Sign Here" tab.

---

**Judicial Orders**

☒ No action is to be taken. _at this time_

☐ Provide copy of correspondence to both attorneys. No further action to be taken except on party's initiative.

☐ Vacate the forfeiture and exonerate the bond. Court costs of $ _____ ordered.

☐ Order:

Date: _11/18_                              _Willard L_
                                              Judge of the Superior Court

**Page 1 of 1**

C-1.5

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, CA 92225
☐ **INDIO** 46-200 Oasis St., Indio, CA 92201

☑ **RIVERSIDE** 4100 Main St., Riverside, CA 92501
☑ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563

CR065

| PEOPLE OF THE STATE OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| vs. | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br>DEC 03 2024<br>A. Moreno |
| **DEFENDANT:**   MICHAEL ANDREW CAREY | **CASE NUMBER:**<br>SWM2402170 |

BAC
DEC 06 2024

**JUDICIAL REVIEW AND ORDER**

To:  ☐ Duty Judge:     ☑ Judge:  _Slou_

From: Clerk's Office     Clerk:  _N. Cruz_

Submitted Date:  _11/18/24_

**Your Honor:** The following is being submitted for your review and order:

☐ 1381 Demand for Trial
☐ Writ of Habeas Corpus
☐ Letter from defendant
☐ 1203.9 P.C. Transfers
☐ Please sign next to the "Sign Here" tab.

☐ Petition for Dismissal Purs. Penal Code 1203.4
☐ Letter from Department of Corrections
☐ Probable Cause on Notice of Appeal
☑ Other: _Special Appearance Notice, Jurisdictional Challenge, Judicial notice indicating frivolous and erroneous prosecution and counter allegations._

| **Judicial Orders** |
|---|
| ☐ No action is to be taken. |
| ☐ Provide copy of correspondence to both attorneys. No further action to be taken except on party's initiative. |
| ☐ Vacate the forfeiture and exonerate the bond. Court costs of $ _____ ordered. |
| ☑ Order: _all motions denied._ |

Date:  _11/18/24_

_William S. Leba_
Judge of the Superior Court

**Page 1 of 1**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | Superior Court of California, County of Riverside, Southwest Justice Center | Department S104 |
|---|---|---|
| 11/19/2024 | Calendar Add-On: MODIFY COUNSEL | 7:30 AM |
| SWM2402170 | | |
| People vs MICHAEL ANDREW CAREY | | |

Honorable Judge William S. Lebov, Presiding
Courtroom Assistant: K. Duran
People represented by Deputy District Attorney: Emily Stowe.
Defendant Present.
Defendant represented by DPD Jason Johnson by Sabrina Ames.
At 9:24 the following proceedings were held:
Public Defender declares conflict.
Public Defender is Relieved.
On Court's own motion:
Court finds good cause exists to set matter on calendar 11/20/24.
Hearing Set Re: F/P modify counsel on 11/20/2024 at 7:30 in Dept. S104.
Defendant ordered to return on any and all future hearing dates.
- - Custody Status/Information - -
Own Recognizance (O.R.) release continued.
Pre-trial Services notified that defendant was released or continued on O.R. [Riverside, Banning, and
Southwest jurisdictions only]
MINUTE ORDER OF COURT PROCEEDING

Legacy Minute Order.
This minute order was generated from       Page 1 of 1              11/19/2024
data in a legacy case management system.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | Superior Court of California, County of Riverside, Southwest Justice Center | Department S104 |
|---|---|---|
| 11/20/2024 | Hearing set re: F/P modify counsel | 7:30 AM |
| SWM2402170 | | |
| People vs MICHAEL ANDREW CAREY | | |

Honorable Judge William S. Lebov, Presiding
Courtroom Assistant: K. Duran
People represented by Deputy District Attorney: Hannah McCauley.
Defendant Present.
Faretta Waiver Taken.
Motion to proceed in Pro Per is granted.
Defendant specifically waives right to counsel. The court finds defendant has knowingly and intelligently
waived his/her right to counsel.
Defendant represented by: In Pro Per.
At 9:38 the following proceedings were held:
Hearing on 03/19/2025 at 8:30 for TRC in Dept. S104 is Confirmed.
Oral motion by Defendant Re discovery is called for hearing
Motion/Petition granted.
People to provide Discovery to Defendant.
Defendant ordered to return on any and all future hearing dates.
- - Custody Status/Information - -
Own Recognizance (O.R.) release continued.
Pre-trial Services notified that defendant was released or continued on O.R. [Riverside, Banning, and
Southwest jurisdictions only]
MINUTE ORDER OF COURT PROCEEDING

Legacy Minute Order.
This minute order was generated from          Page 1 of 1          11/20/2024
data in a legacy case management system.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
Trial Readiness Conference

03/19/2025
8:30 AM
Department S104

**SWM2402170**
**People vs MICHAEL ANDREW CAREY**

Honorable Jeffrey M. Zimel, Judge
V. Arnold, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**
People represented by Deputy District Attorney, Allison Elaine Pace.
Defendant is present.

At 11:55 AM the following proceedings were heard:
Motion to proceed in Pro Per is granted.
Defendant specifically waives right to counsel.
The court finds defendant has knowingly and intelligently waived his/her right to counsel.
Defendant represented by: In Pro Per.
Hearing re: Motion to Suppress Evidence pursuant to PC 1538.5 set on 04/25/25 at 08:30 AM in Department S201 is confirmed.
Time estimate for motion(s): 45 minutes
Written response by the People to be filed by 04/20/25.
Defendant does not waive time for trial, nor do they want a Jury trial set.
Matter placed on second call.
Matter recalled at 13:57:
All court staff previously present are again present.
People represented by DDA Cody Stevens
Defendant present
Oral motion by Defendant regarding read testimony on the record is called for hearing.
Motion denied.
Defendant to provide testimony at the 04/25/25 hearing.
Oral motion by Defendant regarding be provided with the rules of court is called for hearing.
Motion denied.
Defendant advised rules of court can be accessed online.
Defendant now request to waive time for trial.
Trial Readiness Conference set for 04/25/25 at 08:30 AM in Department S201

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Southwest Justice Center
Trial Readiness Conference

03/19/2025
8:30 AM
Department S104

**SWM2402170**
**People vs MICHAEL ANDREW CAREY**

Honorable Jeffrey M. Zimel, Judge
V. Arnold, Courtroom Assistant
Court Reporter: None

Defendant waives time for trial to 04/25/25 plus 45 days.
Defendant ordered to return on any and all future hearing dates.
- - Custody Status/Information - -
Defendant remains released on their own recognizance (O.R.).

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
Hearing re: Motion to Suppress Evidence pursuant to PC 1538.5

04/25/2025
8:45 AM
Department S304

**SWM2402170**
**People vs MICHAEL ANDREW CAREY**

Honorable Stephen Gallon, Judge
C. Shaffer, Courtroom Assistant
Amanda Fagan CSR #8764, Court Reporter

**APPEARANCES:**
People represented by Deputy District Attorney, Estella Marie Massey.
Defendant is present in Pro Per.

At 09:22 AM the following proceedings were heard:
People's witness Officer Christian Flores, is sworn and testifies.
People's exhibit 1 (disc) identified.
People's exhibit 1A (transcript) identified.
The witness identifies the defendant.
Witness, Officer Christian Flores is excused from further testimony.
People's exhibits 1 and 1A admitted into evidence.
People rest(s).
Defense rest(s).
Argument presented by DDA Massey.
Argument presented by Michael Carey.
The court's findings as stated on the record.
Motion denied.
- - Custody Status/Information - -
Defendant remains released on their own recognizance (O.R.).

Page 1 of 1 Pages

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
## Southwest Justice Center
## Trial Readiness Conference

04/25/2025
8:45 AM
Department S304

**SWM2402170**
**People vs MICHAEL ANDREW CAREY**

Honorable Stephen Gallon, Judge
C. Shaffer, Courtroom Assistant
Amanda Fagan CSR #8764, Court Reporter

**APPEARANCES:**
Deputy District Attorney Estella Marie Massey present in court.
Defendant is present in Pro Per.

At 11:38 AM the following proceedings were heard:
Jury Trial set for 05/30/2025 at 08:30 AM in Department S201.
Defendant ordered to return on any and all future hearing dates.
Last day for trial to commence is 06/09/2025.
- - Custody Status/Information - -
Defendant remains released on their own recognizance (O.R.).

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

### Southwest Justice Center
### Hearing on Motion re: Notice of Motion for Order to Show Cause Notice of Hearing

05/30/2025
8:30 AM
Department S201

**SWM2402170**
**People vs MICHAEL ANDREW CAREY**

Honorable John M. Monterosso, Judge
J. Rachman, Courtroom Assistant
Julee Fogleman CSR# 13118, Court Reporter

**APPEARANCES:**
Deputy District Attorney Estella Marie Massey present in court.
Defendant is present in Pro Per.

At 08:42 AM the following proceedings were heard:
HANNAH MCCAULEY, Allison Elaine Pace relieved.
Motion by Defendant regarding order to show cause is called for hearing.
Court has read and considered moving papers.
Argument presented by Defendant.
Argument presented by the People.
Motion denied.
- - Custody Status/Information - -
Defendant remains released on their own recognizance (O.R.).

**C-1.13**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
Jury Trial

05/30/2025
8:30 AM
Department S201

**SWM2402170**
**People vs MICHAEL ANDREW CAREY**

Honorable John M. Monterosso, Judge
J. Rachman, Courtroom Assistant
Julee Fogleman CSR# 13118, Court Reporter

**APPEARANCES:**
Deputy District Attorney Estella Marie Massey present in court.
Defendant is present in Pro Per.

At 08:42 AM the following proceedings were heard:
Jury Trial set for 07/14/25 at 08:30 AM in Department S201.
Time estimate for jury trial: 4 day(s)
Last day for trial to commence is 07/24/25.
Defendant ordered to return on any and all future hearing dates.
- - Custody Status/Information - -
Defendant remains released on their own recognizance (O.R.).

Page 1 of 1 Pages

**C-1.14**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Southwest Justice Center
Hearing on Motion for Continuance pursuant to PC 1050

05/30/2025
8:30 AM
Department S201

**SWM2402170**
**People vs MICHAEL ANDREW CAREY**

Honorable John M. Monterosso, Judge
J. Rachman, Courtroom Assistant
Julee Fogleman CSR# 13118, Court Reporter

**APPEARANCES:**
Deputy District Attorney Estella Marie Massey present in court.
Defendant is present in Pro Per.

At 08:42 AM the following proceedings were heard:
Motion by Defendant regarding continuance is called for hearing.
Court has read and considered moving papers.
Motion granted.
- - Custody Status/Information - -
Defendant remains released on their own recognizance (O.R.).

Appendix D: Electronically Video Evidence — ***Submitted Separately*** — Documenting Constitutional Violations, Judicial Irregularities, and Statutory Noncompliance

D-1: Dash Cam Footage — Demonstrating Pretextual Stop, Brady Violations, and Unlawful Seizure in Violation of Fourth and Fourteenth Amendment Protections

D-2: Motion to Show Cause Hearing Recording — Evidence of Rush to Judgment and Denial of Petitioner's Right to Be Heard in a Meaningful Manner

D-3: Video Evidence – Clerk's Statement (Part 1) — Violation of Cal. Penal Code § 1538.5(i) Regarding Suppression Hearing Findings

D-4: Video Evidence – Clerk's Statement (Part 2) — Continuation of § 1538.5(i) Violation and Administrative Irregularities

D-5: Video Evidence – Clerk's Post-Objection Statement — Ongoing Noncompliance With Judicial Record-Keeping and Suppression Order Protocols

# CERTIFICATE OF SERVICE

I, Michael-Andrew: Carey, the undersigned Petitioner, hereby certify under penalty of perjury under the laws of the United States of America and the State of California that on this __3__ day of ___July___, 2025, I served a true and correct copy of the following documents:

- **Petition for Writ of Prohibition**

- **All Supporting Exhibits and Appendices A through D, inclusive**

upon the office of the prosecuting attorney, by direct electronic service via official government email, pursuant to applicable rules of service and electronic filing protocols.

Service was made to the following recipient:

**Estella Marie Massey, Esq.**

Deputy District Attorney

Office of the Riverside County District Attorney

Email: **estellamassey@rivcoda.org**

Said documents were transmitted in their entirety as filed, including all supporting materials, attachments, and appendix index, and were sent in good faith and with the intent to fulfill lawful notice requirements.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __3__ day of ___July___, 2025.
At: Wildomar, California

Respectfully submitted,

/s/ _Michael-Andrew: Carey_          *All Rights Reserved UCC 1-308 Without Recourse Without Prejudice*

Authorized Representative,
Michael-Andrew: Carey

32447 Whispering Glen Trail
Wildomar, California [92595]
Email: michaelcarey915@yahoo.com
Email: michaelcarey1007@gmail.com