**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MICHAEL ANDREW CAREY,

Plaintiff,

v.

SUPERIOR COURT ON CALIFORNIA, COUNTY OF RIVERSIDE ET AL,

Defendants.

Case No. 5:25-cv-01682-SPG-MAR

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, (ECF No. 1 ("Complaint")), the record on file, the Report and Recommendation of the United States Magistrate Judge, (ECF No. 18 ("Report")), and the objections filed, (ECF No. 19 ("Objections")). For the foregoing reasons, the Court accepts the findings and recommendation of the Magistrate Judge.

In the Report, the Magistrate Judge recommended dismissing the action for failure to prosecute following review of the factors set forth in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). (*See* Report.) Specifically, Plaintiff did not respond to the Court's Order to Show Cause for Lack of Prosecution issued on September 15, 2025, and had failed to communicate with the Court for "nearly a year." (*Id.* at 3.) Plaintiff also had not filed a request for the clerk to issue summons. (*Id.*)

Plaintiff filed Objections to the Report on September 23, 2026. (Objections.) Plaintiff represents that he "did not actually receive and review" the Court's September 15, 2025, Order to Show Cause. (*Id.* at 3.) Plaintiff also argues that the Report "mischaracterizes the operative pleading and scope of this proceeding," that he may suffer prejudice if the case were dismissed because his claim may be time-barred, and that he has been litigating his claims in California state court. (*Id.* at 3–9.) Plaintiff's objections are not persuasive.

First, even though he is self-represented, Plaintiff still maintains his burden to prosecute his case, and he has "a duty to keep track of the progress of their lawsuit." *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141–42 (9th Cir. 1989). Plaintiff filed his Complaint on July 3, 2025, (ECF No. 1.) On September 15, 2025, the Court noted that "Plaintiff has yet to request the Clerk issue summons," and ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute. (ECF No. 16.) However, Plaintiff did not appear in the case until filing of the Objections over a year later, on September 23, 2026. (*See* Objections.) In addition, the record reflects that Plaintiff has not requested the Clerk issue summons, and no Defendant has appeared in the case. That Plaintiff may suffer prejudice because his claims for relief may be time-barred is a consequence of his own making. Notably, Plaintiff does not state in the Objections which claim, if any, would be time-barred.

Second, the fact that Plaintiff is litigating his claims in state court does not relieve Plaintiff of his duty to litigate his federal claims. Where there is concurrent jurisdiction, a plaintiff is entitled pursue claims simultaneously in both state and federal courts. *See Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970). Plaintiff chose to litigate in both this Court and in California state court and therefore must duly prosecute his case in both forums. As evidenced by the record, Plaintiff has not satisfied his burden to prosecute his federal case. Accordingly, the Court accepts the findings and recommendation of the Magistrate Judge.

IT IS THEREFORE ORDERED that judgment be entered DISMISSING this action without prejudice.

**IT IS SO ORDERED.**

DATED: October 8, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE